UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al.<br>Plaintiff<br><br>v.<br><br>MIKOHN GAMING CORP.,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-0106/ML<br><br>**AMENDED ANSWER** |

Defendant Mikohn Gaming Corporation responds to the allegations of plaintiffs' complaint as follows:

**FIRST DEFENSE**

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 22-27, 30 and 32-33.

2. Admits paragraphs 3, 7-9, 28 and 36.

3. The allegations of paragraph 4 state conclusions of law for which no response is required; to the extent the Court may otherwise construe that paragraph, it is denied.

4. Answering the allegations of paragraph 5, alleges that the parties entered into license agreements beginning in the summer of 1998; except as so alleged, denies the remaining allegations of that paragraph.

5. Answering the allegations of paragraphs 6 and 10-21, alleges that the terms and conditions of the various license agreements and amendments entered into by the parties speak for themselves and require no further comment or characterization from defendant; except as so alleged, denies the remaining allegations of those paragraphs.

6

6. Answering the allegations of paragraphs 29 and 31, alleges that the terms of the amendments speak for themselves and require no further comment or characterization from defendant; except as so alleged, denies the remaining allegations of those paragraphs.

7. Denies paragraphs 34-35, 41-42, 44-46 and 48-52.

8. Answering the allegations of paragraph 37, alleges that Hasbro conducted an audit of defendant's royalty payments and plaintiffs believe, erroneously, that they have not received all royalty payments due under the "Battleship" and "Yahtzee" agreements; except as so alleged denies the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 38, alleges that Hasbro conducted an audit of defendant's royalty payments under the "Monopoly" license agreement, the terms and conditions of which speak for themselves, and concluded that defendant utilized an incorrect royalty rate; except as so alleged, denies the remaining allegations of that paragraph.

10. Repeats and realleges its responses to paragraphs 1-38 in response to paragraphs 39, 43 and 47.

11. Answering the allegations of paragraph 40, alleges that defendant at times applied an incorrect royalty rate under the "Monopoly" license agreement; except as so alleged, denies the remaining allegations of that paragraph.

**SECOND DEFENSE**

12. Plaintiffs have failed to state a claim upon which relief may be granted.

**THIRD DEFENSE**

13. The interpretation of the agreements at issue advocated by plaintiffs contravenes Nevada law and is therefore unenforceable.

**FOURTH DEFENSE**

14. Plaintiffs' claims fail for lack of consideration.

**FIFTH DEFENSE**

15. Defendant has satisfied all terms and obligations of the agreements at issue.

**SIXTH DEFENSE**

16. Plaintiffs' claims are barred by the statute of frauds.

**SEVENTH DEFENSE**

17. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

**EIGHTH DEFENSE**

18. Plaintiffs' claims are barred by the doctrine of laches.

**NINTH DEFENSE**

19. Plaintiffs' claims are barred by the doctrine of unclean hands.

**TENTH DEFENSE**

20. Nevada law bars or limits plaintiffs' claims for punitive or exemplary damages.

**ELEVENTH DEFENSE**

21. The statute of limitations bars plaintiffs' claims.

**TWELFTH DEFENSE**

22. Plaintiffs have failed to satisfy conditions precedent to defendant's obligations under the license agreements.

**THIRTEENTH DEFENSE**

23. Plaintiffs' claims for damages are barred, in whole or in part, by the terms and conditions of the license agreements.

WHEREFORE, defendant Mikohn Gaming Corporation demands judgment dismissing the complaint with prejudice and for an award of fees, costs and such further relief as the Court may deem appropriate.

Brooks R. Magratten, Esq. #3585
Gordon P. Cleary, Esq., #1948
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: April 28, 2005

**CERTIFICATE OF SERVICE**

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Amended Answer by mailing first class mail, postage prepaid, on the 28th day of April, 2005.

Melanie Losetto