UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/ML |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S EMERGENCY MOTION FOR A PROTECTIVE ORDER**

Defendant Mikohn Gaming Corp. ("Mikohn") moves pursuant to Fed. R. Civ. P. 26(c) for a protective order postponing depositions of four non-party witnesses, Lawrence Rhue, Dennis Van Hook, John Garner and Tom Haas, noticed by plaintiffs Hasbro, Inc. and Hasbro International, Inc. ("Hasbro"), until 30 days following Mikohn's receipt of Hasbro's complete discovery responses.

Mikohn certifies that it has conferred with Hasbro in an effort to resolve the dispute without court action. Mikohn submits herewith a supporting memorandum of law.

Because Hasbro insists on conducting these depositions on June 16th and 17th, defendant must request an expedited ruling on this motion.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: June 6, 2005

**CERTIFICATE OF SERVICE**

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Motion by hand delivery on the 6th day of June, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al.,<br>Plaintiffs<br><br>v.<br><br>MIKOHN GAMING CORP.,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-0106/ML |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**EMERGENCY MOTION FOR A PROTECTIVE ORDER**

Defendant Mikohn Gaming Corp. ("Mikohn") moves pursuant to Fed. R. Civ. P. 26(c) for a protective order postponing depositions of four non-party witnesses, Lawrence Rhue, Dennis Van Hook, John Garner and Tom Haas (collectively "witnesses"), noticed by plaintiffs Hasbro, Inc. and Hasbro International, Inc. ("Hasbro"), until 30 days following Mikohn's receipt of Hasbro's complete discovery responses.

## I
## FACTS & TRAVEL

This case arises out of licensing agreements between Hasbro and Mikohn. Under the agreements, Mikohn developed various casino games based on established board games such as "Battleship," "Monopoly" and "Yahtzee." In return for the use of these names, Mikohn agreed to pay royalties to Hasbro.

By letter dated February 21, 2005, Hasbro wrote Mikohn challenging how royalties had been calculated over the past several years. Hasbro now seeks an additional $6 million in royalties. Hasbro filed its complaint on March 7, 2005, asserting claims for breach of contract, unjust enrichment, fraud and misrepresentation. Mikohn answered in April, 2005. Both parties have propounded document requests and interrogatories. By stipulation, the

deadlines for both parties' responses have been extended into July. The pretrial conference is scheduled for June 28, 2005.

On May 26, 2005 Mikohn received Hasbro's notices of three depositions to occur 21 days hence in Las Vegas:

- Lawrence Rhue – 6/16/05 at 9:00 a.m.
- Dennis Van Hook – 6/16/05 at 12:00 p.m.
- John M. Garner – 6/16/05 at 3:00 p.m.

On June 2, 2005 Mikohn received Hasbro's notice of a fourth deposition to occur 15 days hence, also in Las Vegas:

- Tom Haas – 6/17/05 at 9:00 a.m.

Rhue, Garner, Van Hook and Haas are former Mikohn employees. Because each witness resides in the Las Vegas area, it is likely that the deposition testimony will be introduced as evidence at trial.

On May 31, 2005 Mikohn's counsel asked if Hasbro would postpone the depositions until August or September, so the parties could first review each other's discovery responses. See Exhibit A. Hasbro would not. See Exhibit B. Hasbro offered no explanation for its rush to take depositions even before the pretrial conference. Mikohn must now resort to seeking a protective order.

## II
## HASBRO'S PREMATURE DEPOSITIONS WILL IMPOSE AN UNDUE BURDEN AND EXPENSE ON THE WITNESSES AND MIKOHN

Rule 26(c) authorizes the Court to "make any [protective] order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." The power to enter such protective orders works in conjunction with the

Court's broad authority to govern the sequence of discovery methods "for the convenience of parties and in the interests of justice ...." Fed. R. Civ. P. 26(d); Roberts v. Americable Intern. Inc., 883 F. Supp. 499, 505 (E. D. Cal. 1995) (recognizing that the court has authority "to control the sequence of discovery to promote fair and just litigation practices"). A brief postponement of these depositions until all parties are fully prepared is the more convenient and cost effective approach.

Mikohn is not seeking an unreasonable delay. It is attempting to proceed in a manner that is most efficient for the parties and the witnesses. In interrogatories and document requests Mikohn requested information of Hasbro about negotiations of the licensing agreements, audits of Mikohn's royalty payments and other relevant topics. This information will bear on the depositions Hasbro noticed.

It makes little sense to depose the witnesses before the parties have exchanged discovery responses. This is a $6 million contract dispute. Within the past month Mikohn's Rhode Island counsel has received approximately 25,000 pages of documents. More are yet to come. Mikohn's counsel requires a reasonable time to digest this information and review documents yet to be produced by Hasbro before questioning key witnesses.

Unless the depositions are postponed, the parties and witnesses will be significantly inconvenienced. Until Mikohn receives Hasbro's discovery responses, it cannot be fully prepared to question these witnesses. Mikohn may be forced to conduct its own depositions of the same witnesses at some later point.

Successive depositions of the same witnesses are senseless and impose needless burdens on Mikohn. All parties' counsel are based in Rhode Island. It makes the most sense to

schedule the depositions in Las Vegas once, at a mutually convenient time, when all parties will be fully prepared to question each witness.

More importantly, by delaying the depositions until all parties are prepared, the Court will minimize the burden on the witnesses. "The lawyer taking the deposition should recognize that a deponent's time is valuable and try to minimize the inconvenience to the deponent." Higginbotham v. KCS Intern., Inc., 202 F.R.D. 444, 454 (D. Md. 2001). Mikohn agrees. These witnesses should only be asked to testify once, when all parties are ready.

Unless Hasbro's depositions are postponed, Mikohn runs the risk of being precluded from deposing the witnesses a second time, when Mikohn is ready to question them. Although there is no per se prohibition on multiple depositions of the same person, "'repeat depositions are disfavored.'" Lobb v. United Air Lines, Inc., 2 F.3d 1157, 1993 WL 259470, *1 (9th Cir. 1993) (quoting Graebner v. James River Corp., 130 F.R.D. 440, 441 (N. D. Cal. 1989)). Any one witness can avail himself of the protections of Fed. R. Civ. P. 45 in the Nevada federal district court to block later depositions.

Hasbro will not be prejudiced if the Court issues the requested protective order. A deadline for the close of discovery has not even been established. Mikohn is not attempting to prevent Hasbro from deposing these witnesses. It asks only for a modest delay. There is no reason to believe these same witnesses will not be available for depositions two months from now, after Hasbro responds to Mikohn's interrogatories and document requests.

Hasbro's behavior is baffling and breaches the standards of fairness in this district. It ran to court just two weeks after mailing a demand letter to Mikohn. It propounded discovery requests just three days after Mikohn answered the complaint. It now attempts to depose key witnesses even before the Rule 16 conference. Hasbro's conduct bears the hallmarks

of a large corporate entity, with vastly superior financial resources, trying to bully its less capitalized opponent and railroad its case through the court. Enough!

Moreover, this case is purely a financial dispute. Neither side seeks injunctive relief. Even if Hasbro were to prevail on its claims, and assuming postponing the witnesses' depositions somehow delayed its recovery, Hasbro's prejudgment interest accrues. Why the rush?

Finally, if the Court grants this motion, it is entirely possible the depositions can be avoided all together. Hasbro and Mikohn continue to do business. The parties have expressed a willingness to discuss settlement and are trying to agree on a mediation possibly in July or August. If successful, no one then needs to travel across the country and subpoena witnesses. Mikohn suggests that the parties' resources should be devoted first to mediation efforts, and later to discovery.

## CONCLUSION

For the foregoing reasons, Mikohn respectfully requests that this Court issue a protective order postponing the depositions until 30 days following Hasbro's complete response to Mikohn's discovery requests.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: June 6, 2005

**CERTIFICATE OF SERVICE**

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum by hand delivery on the 6th day of June, 2005.

[signature]