UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC. and
HASBRO INTERNATIONAL, INC.,
Plaintiffs,

v.

MIKOHN GAMING CORPORATION,
Defendant.

Civil Action No.: 05-106 ML

# PLAINTIFF'S OBJECTION TO DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Plaintiff, Hasbro, Inc. hereby objects to Defendant's Emergency Motion for a Protective Order. Defendant is seeking this Court's intercession to prevent depositions of four witnesses (Lawrence Ruhe, Dennis van Hook, John Garner and Tom Haas) which are scheduled to take place at three hour intervals in Las Vegas on June 16-17, 2005.

Mikohn has intentionally underpaid a licensing obligation it owes to Hasbro by more than $6,000,000. Hasbro brought this to Mikohn's attention after it conducted an audit in the fall of 2004. Before it ever filed suit, Hasbro requested that Mikohn resolve this issue. However, Mikohn chose to ignore Hasbro's request.

## ARGUMENT

### A. Hasbro has the Right and Obligation to Conduct Discovery and Investigation to Prove its Claim, Including the Depositions of Non-party Witnesses.

As Plaintiff, Hasbro has an obligation to prove each element of its case. While so engaged, time moves forward continuously. Although Mikohn need not prove anything to be successful, as Plaintiff, Hasbro does not have that same luxury. In order to prove its case,

Hasbro expects that the testimony of the four referenced non-party witnesses will be important. Hasbro simply seeks to get statements under oath of each of these non-party witnesses. Mikohn has a right to cross-examine if it so chooses. In the alternative, Mikohn may wish to cross-examine these witnesses at some later date, after it reviews its own documents, or after it reviews discovery responses propounded by Hasbro. Hasbro takes no position in that regard. However, Hasbro certainly should not be precluded from obtaining testimony from non-party witnesses, simply because the Defendant does not like the timing of the depositions.

**B. The Present Schedule is Convenient for Each Referenced Witness.**

Each of the referenced deponents has indicated that the dates (June 16-17, 2005) and times on which their respective depositions have been noticed works best within their respective business schedules. Each witness has also indicated that summer vacation plans and business travel plans will make taking their depositions at later dates more difficult to schedule. Hasbro has been able to secure two successive dates to take four depositions, without any downtime. This type of efficient scheduling may not be easily duplicated. There is no compelling reason to negate this schedule

**C. Mikohn's Position and its Motion are Inequitable.**

Interestingly, in seeking its Protective Order, Mikohn appears to rely in large part on an argument sounding in equity. However, "Equity is as equity does." In this case, Mikohn, the party which has knowingly and intentionally underpaid Hasbro in excess of $6,000,000, seeks a protective order from this Court because it thinks it is inequitable for Hasbro to decide when it wants to take the depositions of non-party witnesses – all of whom who have confirmed their availability at the scheduled time.

Mikohn proceeds with unclean hands in its present Motion, as well as in this dispute. Hasbro is fully aware that it has the burden to prove Mikohn's tortious conduct. Thus, Hasbro should be allowed to proceed to develop that proof. Mikohn cannot be allowed to dictate when Hasbro can conduct its own discovery and undertake its own investigation. Frankly, to borrow a term used by Mikohn in its motion, Hasbro would be "baffled" by Defendant's Motion for Protective Order, except that Hasbro believes that it can be explained in the next section.

**D. Financial Exigencies Require that Hasbro Move as quickly as Practical.**

Mikohn was careful to avoid the back story with respect to its Motion. The back story which compels Hasbro to move quickly in this matter is Mikohn's precarious financial circumstances. As Rhode Island counsel for Mikohn may be aware, Mikohn is presently under an ongoing investigation being conducted by the Michigan Gaming Control Board. Moreover, there are at least three other state gaming commissions or control boards which are considering the commencement of similar investigations, all concerning Mikohn's potential gaming and reporting irregularities. Furthermore, Mikohn may be selling off its signage business and has acknowledged its significant financial obligations. As a result of this, as well as other business factors, Mikohn's financial prospects are in jeopardy. Therefore, in response to Mikohn's rhetorical question "Why the rush?" – the answer is simple: Accruing prejudgment interest on any judgment is of no avail to Hasbro if Mikohn does not survive.

Hasbro is not obligated to acquiesce to Mikohn's "wait and see" defense, when Hasbro is presently aware that posture may result in there being nothing to collect. Conversely, Mikohn is fully aware that time is its best ally in this matter. If, however, Mikohn wants to put up a bond in the Court registry in excess of $8,000,000 to cover the principal and interest allegedly owed to Hasbro then Hasbro may be convinced to wait and take the non-party depositions when it is

convenient for Mikohn's schedule. If not, then Hasbro must be allowed to proceed at a speed which provides it the best opportunity to protect its own interest.

## CONCLUSION

Hasbro, Inc. will be significantly prejudiced if these depositions are not taken as they have been noticed. Moreover, there is no legitimate and pressing reason to put these depositions off. For the aforementioned reasons and reasons which may be further articulated at the hearing on Plaintiff's Emergency Motion, these depositions should go forward as scheduled and Mikohn's motion for Protective Order should be denied.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Linda A. Mayer (#6482)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 6 day of June 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordoan P. Cleary, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*335130_1.doc*