UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and<br>HASBRO INTERNATIONAL, INC.,<br>Plaintiffs, | : | |
| v. | : | Civil Action No.: 05-106 ML |
| MIKOHN GAMING CORPORATION,<br>Defendant. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Plaintiff, Hasbro, Inc. responds to Defendant's Reply Memorandum in Support of its Motion for a Protective Order. In seeking to dictate the time which Hasbro can take depositions of potentially key witnesses in this case, Mikohn has consistently and blithely ignored one fundamental truth: Hasbro is seeking to depose four witnesses who are former employees of Mikohn.

Mikohn has no legitimate reason to require extensive preparation time to examine its former employees. If any party requires time to review documents to prepare to take these depositions it would be Hasbro. However, Hasbro has made a determination to forgo document production and review to take these depositions as scheduled.

Although still not a legitimate ground to preclude a party from pursuing deposition testimony as it sees fit, at least Mikohn's position would be predicated on some strand of logic if Hasbro was seeking to memorialize the testimony of its own former employees. In such a circumstance, Mikohn might claim with a straight face that it must first review Hasbro's documents in order to effectively cross-examine former Hasbro employees. Mikohn would

further assert that it was prejudiced because as former employees, Hasbro, as opposed to Mikohn, had all the requisite information about these witnesses to create an effective record.

Nevertheless, the solution to this circumstance still would be to allow Mikohn to request that the depositions be left open until it had undertaken the review it sought. It would not be to preclude Hasbro from undertaking depositions of witnesses in the time and order it chooses to establish its case in chief. And yet, this isn't even the circumstance in the case at hand. In the case at bar, Mikohn is the party possessing the background information.

Hasbro has the right to take the depositions of these witnesses as scheduled. None of the witnesses have sought any type of protective order. As an officer of the court, the undersigned has received confirmation from each of these witnesses that the scheduled time is appropriate and that each witness is prepared to testify. Mikohn has other methods of redress which it might seek if it wants additional testimony from these witnesses. However, it cannot be allowed to dictate the manner and/or timing in which Hasbro chooses to prosecute it claim. Moreover, Mikohn has provided no precedent in support of its position.

The depositions should go forward as scheduled for all the reasons enumerated on this Response and in Hasbro's initial Objection.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Linda A. Mayer (#6482)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 9 day of June 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordoan P. Cleary, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Todd D. White

335492_1.doc