UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/ML |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S SUPPLEMENTAL INTERROGATORIES TO**
**PLAINTIFFS HASBRO, INC. AND HASBRO INTERNATIONAL, INC.**

PLEASE TAKE NOTICE that, pursuant to F.R.C.P. 33, plaintiffs Hasbro, Inc. and Hasbro International, Inc. are required to answer these interrogatories, under oath, within thirty (30) days of the date of service.

Definitions

1. The term "person" shall mean any natural person, corporation, firm, partnership, unincorporated association, joint venture, proprietorship, governmental body (including any administrative agency and including state, federal or local governments), or other organization or legal entity.

2. The term "document" shall mean any tangible thing by which data or information is recorded or stored, graphically or electronically, in whatever form, including, without limitation, correspondence, books, pamphlets, periodicals, letters, memoranda, including any memoranda or report of a meeting or telephone call or other conversation, invoice, account, credit memo, financial statement, general ledger, subsidiary and supporting ledger, journal, diary, telegram, report, recording, contract, agreement, study, draft, handwritten or other note, working paper, sketch, picture, plan, chart, drawing, paper, graph, index, tape, data sheet or data processing disk, computer memory, computer readout, microfilm, microfiche, data processing

card, or any other written, recorded, transcribed, punch-taped, filmed, computerized or graphic matter, however produced or reproduced, and regardless of origin or location, in the possession, custody or control of the responding party or its agents, accountants or attorneys. The term "document" shall also mean each copy of a document, by whatever means made, if the copy bears any notation or marking not found on the original.

3. The term "plaintiffs" shall mean either or both of Hasbro, Inc. or Hasbro International, Inc., and their officers, employees and agents.

Instructions

1. Any word written in the singular shall be construed as plural, or vice versa, where necessary to facilitate a full answer to an interrogatory.

2. Where a person is required to be identified, state his or her name, current or last known address, current or last known employer, and his or her job position or title held with plaintiffs.

3. Where a document is required to be identified, state the name or type of document, the type or nature of information recorded on the document, identify the person(s) who prepared it, state the date of its preparation and its present location.

4. In each case where the answer to an interrogatory calls for the description of a conversation, state with respect to each such conversation:

a) the date and approximate time of day of the conversation;

b) the place of the conversation;

c) the participants in the conversation, including those who listened, but said nothing; and

d) the substance of the conversation, to include what was said by each participant in the order in which said

INTERROGATORY NO. 26:

Identify all persons who reviewed Mikohn documents reporting or accounting for royalties paid by Mikohn to plaintiffs under the License Agreements.

INTERROGATORY NO. 27:

Identify all persons who established or performed all methods and procedures used by plaintiffs for reviewing, verifying and/or auditing royalty payments by Mikohn to plaintiffs under the License Agreements.

INTERROGATORY NO. 28:

Identify all persons who established or performed operational or accounting procedures and controls instituted or used by plaintiffs to evaluate, determine and/or verify that plaintiffs received from Mikohn the royalty payments prescribed in the License Agreements.

INTERROGATORY NO. 29:

Identify all persons who participated in any 2001 and 2004 review or audit of Mikohn's records of royalty payments under the License Agreements by Mikohn, stating the date or dates on which each person engaged in such activities and the location of each such review or audit, and identify all documents prepared by each such person during each review or audit.

INTERROGATORY NO. 30:

Identify all documents and state the information plaintiffs' auditors received and/or reviewed during any 2001 or 2004 audit or review at Mikohn concerning royalties under the License Agreements.

INTERROGATORY NO. 31:

Identify all persons who recorded in any of plaintiffs' documents plaintiffs' interpretation of the royalty calculation provision or provisions of the License Agreements.

INTERROGATORY NO. 32:

Please provide the present or last known residential addresses of the following individuals:

William Erwin
Steve Finelli
John Gildea
Sonny Gordon
Pamela Hagy
Bruce Kelly
Kristy Labreche
Kristy Madonna
Diana Marquez
Lloyd Mintz
Jane Ritson-Parsons
Cynthia Reed
Patricia Schmidt
John Shaw
Theo Tupaz

INTERROGATORY NO. 33:

Identify the individual or individuals associated with plaintiffs who first learned that Mikohn was paying royalties to plaintiffs under the License Agreements based on the gross revenue aggregated or averaged from all machines at all locations, state how and when that information was obtained, and identify all persons who were made aware of this information.

INTERROGATORY NO. 34:

Identify all current or former Mikohn employees who communicated or conversed with plaintiffs regarding the calculation or method of calculation of royalties under the License Agreements, and state the date and substance of each communication or conversation.

INTERROGATORY NO. 35:

State all reasons why plaintiffs conducted an audit or review of Mikohn's records in 2001, and why plaintiffs conducted an audit or review of Mikohn's records in 2004. If any part of the reason is information received from or attributed to any present or former Mikohn

officer or employee, identify each such person and state the information received from or attributed to each such person.

INTERROGATORY NO. 36

Identify all documents or data plaintiffs maintain Mikohn has to determine royalties per game per day under the License Agreements (without aggregating or averaging) for the period 2000 to the present.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: July , 2005

CERTIFICATE OF SERVICE

To:

Todd White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendant's Supplemental Interrogatories to Plaintiffs Hasbro, Inc. and Hasbro International, Inc. by mailing first class mail, postage prepaid, on the day of July, 2005.

______________________________