UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC. and<br>HASBRO INTERNATIONAL, INC.,<br>Plaintiffs,<br><br>v.<br><br>MIKOHN GAMING CORPORATION,<br>Defendant. | Civil Action No. : 05-106 ML |

**PLAINTIFFS' MOTION TO STRIKE THE "CONFIDENTIAL" DESIGNATION OF CERTAIN INFORMATION**

Now come Plaintiffs, Hasbro, Inc. and Hasbro International, Inc., and pursuant to provision 12 of the "Stipulation and Protective Order Concerning Confidentiality of Discovery Materials" ("Confidentiality Order")(attached hereto as Exhibit A), hereby moves to strike Defendant's designation of the entire deposition transcript of Dennis van Hook as "confidential." Provision 12 of the Confidentiality Order sets forth the requirement of either party to apply to the Court in order to challenge the "confidential' designation made by the adverse party or third-party. Plaintiffs are seeking an Order from this Court striking Defendant's designation of the almost the whole transcript as "confidential", as well as all exhibits attached thereto. Plaintiffs also request that Defendant be limited to designate as "confidential" only those portions of the transcript and exhibits which fit within the designation definition.

On June 24, 2005, Brooks Magratten, counsel for Defendant, Mikohn Gaming Corp., wrote to Plaintiffs' counsel and the court reporter indicating that Mikohn had designated Dennis van Hook's deposition transcript and all exhibits thereto as "confidential." (See the letter attached as Exhibit B.) As required, Plaintiffs' counsel communicated with Mr. Magratten about Plaintiffs' concerns that much of the transcript should not be deemed confidential.

However, counsel were unable to satisfactorily resolve this issue. Therefore, pursuant to provision 12, the burden is now placed on Plaintiffs to challenge Defendant's designation.

The Confidentiality Order was entered into in an effort to ensure limited disclosure of information which would be considered "trade secrets, confidential research and/or confidential commercial information." (See Exhibit A, p. 1 fourth line from bottom.) The deponent in question, Dennis van Hook, was the former controller for Defendant, Mikohn. In general, he testified about the terms and methodology of calculating royalty payments owed Hasbro under certain licensing agreements. He also testified about what he believed to be inappropriate accounting practices undertaken by Mikohn personnel which affected disclosures made by this publicly traded company. However, Plaintiffs' counsel is unaware of any "trade secret" "confidential research" or "confidential commercial information" about which Mr. van Hook testified.

Assuming, for argument, that Mr. van Hook did testify about legitimate proprietary information, then Defendant would be limited to designating said specific testimony as "confidential." In no case would the fact that there was some proprietary testimony result in almost the whole transcript being cloaked with the "confidential" designation. Pursuant to section 7 of the Confidentiality Order, the use of confidential material shall not be used for any purpose other than this litigation. The net effect of allowing Mikohn to cover all testimony of a non-party witness with the blanket of "confidentiality" is to ensure control of all potentially adverse information about Mikohn's accounting and public disclosure practices. This is not consonant with the express purposes of entering into this Confidentiality Order.

The Confidentiality Order is not some broad form prophylactic insulating Mikohn from the dissemination of unflattering assessments of its internal accounting processes. The Confidentiality Order did not address the non-disclosure of accounting deficiencies or financial

reporting misrepresentations. However, by requesting that Mr. van Hook's deposition be designated as uniformly "confidential" that appears to be Mikohn's ulterior motivation. Because Mr. Van Hook did not divulge any "trade secrets", "confidential research", or "confidential commercial information", his deposition transcript should not be so designated. However, if Defendant can point out how any of the testimony fits into the former three categories, then that information, and only that information, may be appropriately designated.

WHEREFORE, Plaintiffs respectfully request that Defendant's blanket designation of almost the entire Dennis van Hook transcript and all exhibits as "confidential" be stricken and that Plaintiffs be ordered to make a showing of the confidential nature of any specific information in the deposition or an exhibit which should be covered under the subject order.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Linda A. Mayer (#6482)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 8 day of July, 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to Gordon P. Cleary, Esq. and Brooks R. Magratten, Esq. of Vetter & White, 20 Washington Place, Providence, RI 02903

*337910_1.doc*