UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
JUL 18 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

HASBRO, INC. and
HASBRO INTERNATIONAL, INC.,
Plaintiffs,

v.

MIKOHN GAMING CORPORATION,
Defendant.

Civil Action No. : 05-106 ML

**PLAINTIFFS' OBJECTION TO DEFENDANT'S**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL INTERROGATORIES**

Now come the Plaintiffs Hasbro, Inc. and Hasbro International, Inc. and hereby object to Defendant, Mikohn Gaming Corporation's ("Mikohn's") Motion to Leave to File Supplemental Interrogatories.

On or about April 21, 2005, Mikohn propounded upon Hasbro a set of Interrogatories. (See attached Exhibit A). Although Mikohn only enumerated twenty-five (25) interrogatories, of the total number of interrogatories propounded, fifteen (15) interrogatories included multiple subparts. If each of the interrogatory subparts were counted as an independent interrogatory, as they should, the total interrogatories propounded by the Defendant in its initial set were forty-nine (49).

Although Defendant has indicated on several occasions that the matter before this Court is complex, it is in fact quite simple. The basic issue to be decided is whether the royalty payment of "per game per day" allowed the Defendant to aggregate and average all its licensed slot machines in order to make minimum allowable payment, or whether "per game per day" actually meant that Mikohn was obligated to pay Hasbro pursuant to the amount earned on each

individual machine, for each day. There is no other "complex issue" before this Court because this is simply a case which hinges on an interpretation of a contractual obligation between the parties.

Defendant has already asked a sufficient number of interrogatories in their initial set to ascertain anything relevant to the issue in dispute. In fact, Defendant has already exceeded the amount allowed to be propounded by right in order to flesh out this issue. Any additional interrogatories are superfluous and simply are not geared towards making any determination of the relevant issue in this matter.

However, if this Court is inclined to allow Mikohn to propound additional interrogatories, Hasbro respectfully requests that the number presently requested by Mikohn be pared and should not include multiple interrogatories under a single number. Hasbro requests an opportunity to address the specific interrogatories which Defendant is seeking to propound.

WHEREFORE, Plaintiffs respectfully request that the Defendant be denied its request to propound additional Interrogatories upon them.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Linda A. Mayer (#6482)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

## CERTIFICATE OF SERVICE

I hereby certify that on this 8 day of July, 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Gordon P. Cleary, Esq.
Brooks R. Magratten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

[signature]

*338036_1.doc*