UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | C.A. No. 05-0106/ML |
| | ) | |
| v. | ) | |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant | ) | |

REPLY TO PLAINTIFFS' OBJECTION TO MOTION
FOR LEAVE TO FILE SUPPLEMENTAL INTERROGATORIES

Defendant should be granted leave to file ten additional interrogatories, because the interrogatories seek necessary information and, despite plaintiffs' contention, are directly relevant to the issues in the case.

Plaintiffs have filed a fifty-two paragraph complaint seeking in excess of six million dollars under five trademark licensing agreements signed more than five years ago. The essence of plaintiffs' complaint, filed fourteen days after plaintiffs demanded a multi-million dollar payment, is that defendant paid royalties to plaintiffs according to a royalty calculation plaintiffs say is wrong.

As the facts have been developed, however, it appears defendant allegedly paid plaintiffs royalties using the "wrong" calculation for more than five years without any complaint from plaintiffs. Moreover, with each royalty payment, defendant furnished plaintiffs with a royalty statement which clearly showed the royalty calculation plaintiffs now say is "wrong." Here, too, plaintiffs received these royalty statements over a period of five years, again without complaint. To boot, plaintiffs audited defendant's royalty records in 2001, and continued to accept the allegedly "wrong" calculation for years without a particle of protest.

It was not until the license agreements were expiring that plaintiffs conducted another audit in October 2004 and then, for the first time, alleged in February 2005 that the wrong calculation had been used from the inception of license agreements years before.

Thus, there is a substantial course of conduct between the parties which signifies that plaintiffs knew from the beginning what royalty calculation defendant used, that plaintiffs accepted royalty payments for five years with knowledge of the allegedly "wrong" calculation, and that the people who worked for the two plaintiffs' corporations agreed that the royalty calculation defendant used was proper under the license agreements.

The supplemental interrogatories, with some minor variations, address this long-standing course of conduct by asking for the names of plaintiffs' employees who saw, knew about and acted in accordance with the royalty calculation plaintiffs now say is wrong.

Supplemental Interrogatory No. 26 asks for the names of the people whose job was to review the royalty statements that showed defendant's royalty calculations.

Number 27 asks for the names of the people whose job was to establish or perform plaintiffs' procedures for verifying royalty payments.

Number 28 asks for the names of the people whose job was to make sure defendant paid royalties in accordance with the license agreements.

Number 29 asks for the names of the people whose job was auditing defendant's royalty records in 2001 and 2004, and what documents they prepared.

Number 30 asks what documents the auditors saw during the 2001 and 2004 audits.

Number 31 asks for the names of the people whose job was to make a record of what plaintiffs determined was the proper royalty calculation under the license agreement.

Number 32 asks for the current or last known address of certain people whose jobs involved the license agreements.

Number 33 asks for the name of the person who first learned of the way defendant calculated royalties, and the names of the people who were made aware of that.

Number 34 asks for the names of defendant's employees who communicated with plaintiffs about calculation of royalties and what was said.

Number 35 asks why plaintiffs audited defendant's royalty records in 2001 and 2004 and if a reason was information received from an employee of defendant, who the person and what the information was.

Number 36 asks plaintiffs who audited defendant's records in 2001 and 2004 and if defendant's records provide the information needed to calculate royalties the "right" way, according to plaintiffs.

Plaintiffs' objection doesn't say the information sought by the supplemental interrogatories -- principally the names of people who performed specific jobs -- has already been asked by defendant or supplied by plaintiffs. Instead, the objection says the information sought doesn't constitute "anything relevant to the issue in dispute" and "simply are not geared toward any determination of the relevant issue ..."

This is simply wrong. The names of the people who worked for plaintiffs, who knew how defendant calculated royalties, who never disputed that calculation while defendant's royalty payments were accepted year after year, who saw and audited defendant's records showing defendant's calculation -- all of this is patently relevant in a case in which plaintiffs say license agreements should be given an interpretation which is the polar opposite of plaintiffs' and defendant's mutual interpretation for years. In addition, this information is solely in plaintiffs' possession.

Defendant respectfully requests that the motion to file supplemental interrogatories be granted.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: July 14 , 2005

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Reply to Plaintiffs' Objection to Motion for Leave To File Supplemental Interrogatories by mailing first class mail, postage prepaid, on the 14th day of July, 2005.

Lisa A. Lariviere