UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al.<br>Plaintiffs<br><br>v.<br><br>MIKOHN GAMING CORP.,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-0106/ML |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO STRIKE "CONFIDENTIAL" DESIGNATION**

Defendant Mikohn Gaming Corp. objects to plaintiffs' motion to strike the "confidentiality" designation assigned to the deposition testimony of Dennis Van Hook.

Mikohn files herewith a memorandum in support and a motion to file the deposition transcript of Mr. Van Hook under seal.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: July 15, 2005

FILED

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Defendant's Objection To Plaintiffs' Motion To Strike "Confidential" Designation by mailing first class mail, postage prepaid, on the 15th day of July, 2005.

Melaine Gossetto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. Plaintiffs | ) ) ) | |
| v. | ) | C.A. No. 05-0106/ML |
| MIKOHN GAMING CORP., Defendant | ) ) ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S OBJECTION TO PLAINTIFFS'
MOTION TO STRIKE "CONFIDENTIAL" DESIGNATION**

Defendant Mikohn Gaming Corp. objects to plaintiffs' Hasbro, Inc.'s and Hasbro International, Inc.'s (collectively "Hasbro's") motion to strike the "confidentiality" designation assigned to the deposition testimony of Dennis Van Hook. Hasbro identifies no difficulty or hardship created by Mikohn's designation. Instead, Hasbro suggests it wants to disseminate the Van Hook deposition testimony, but refuses to say to whom or for what purpose.

Mr. Van Hook is a former Mikohn employee who worked in Mikohn's accounting department. His employment at Mikohn is subject to an employment agreement that contains two covenants protecting information Mr. Van Hook obtained during the course of his employment:

> **Covenant of Confidentiality**. All documents, records, files, manuals, forms, materials, supplies, computer programs, trade secrets and other information which comes into Employee's possession from time to time during Employee's employment by MIKOHN, and/or any of MIKOHN's subsidiaries or affiliates, shall be deemed to be confidential and proprietary to MIKOHN and shall remain the sole and exclusive property of MIKOHN. Employee acknowledges that all such confidential and proprietary information is confidential and proprietary and not readily available to MIKOHN's business competitors....

> **Covenant of Non-Disclosure**. Without the prior written approval of MIKOHN, Employee shall keep confidential and not disclose or otherwise make use of any of the confidential or proprietary information or trade secrets referred to in Section 7 [Covenant of Confidentiality above] nor reveal the same to any third party whomsoever, except as required by law.

At his deposition, Mr. Van Hook testified extensively about how Mikohn conducts its business, including: 1) types of licensing, leasing and participation agreements between Mikohn, Hasbro and third parties; 2) specific responsibilities of Mr. Van Hook as a financial analyst, controller and cost accounting manager at Mikohn; 3) details of Mikohn's software products; 4) details of a product not yet released; 5) accounting practices within Mikohn and between Mikohn and its customers; 6) royalty calculation practices with respect to Hasbro and other licensors; 7) communications between Mr. Van Hook and other Mikohn officers and employees regarding Mikohn's accounting practices; 8) audits of Mikohn books and records by Hasbro; 9) Mr. Van Hook's relationships with other Mikohn officers and employees and his knowledge of how certain employment relationships ended; 10) Mikohn's relationship with a manufacturing vendor; 11) investigation of Mikohn by a state regulatory agency; and 12) Mikohn's sale of license rights to third parties.

These topics plainly constitute information Mr. Van Hook learned in the course of his employment which, under his employment agreement, is confidential property of Mikohn that Mr. Van Hook is not at liberty to disclose except as compelled by law.[1] Even in the absence of an employment agreement, it is difficult to conceive of any employer that would reasonably consider such matters fodder for public dissemination. These subjects are patently confidential commercial information.

---

[1] Mr. Van Hook did not appear at the deposition or testify voluntarily. He was compelled to attend and answer Hasbro's questions by Hasbro's subpoena.

Moreover, Mr. Van Hook testified at length about the substance, and his interpretations, of license agreements between Mikohn and Hasbro. Those agreements each contain provisions requiring Mikohn and Hasbro to keep terms of the agreements confidential:

> Licensee [Mikohn] shall keep in confidence, not disclose to any third party and not use for any purpose except its performance under this Agreement, without the written permission of Licensor, the terms of this Agreement (including, without limitation, the royalty rates) except that Licensee may disclose such terms to its distributors and affiliates as necessary to exercise its rights and perform its obligations under this Agreement. Likewise Licensor [Hasbro] shall keep in confidence and not disclose to any third party, without the written permission of Licensee, the terms of this Agreement (including, without limitation, the royalty rates) and the proprietary information of Licensee which may be disclosed to Licensor hereunder....

The Stipulation and Protective Order (the "Order") entered by this Court on April 22, 2005 provides, in part, that a producing party may designate information in discovery "Confidential":

> A designation of Confidential shall constitute a representation by the party or person or entity and its counsel that they, in good faith, believe that the material so designated contains or constitutes: trade secrets, confidential research and/or confidential commercial information. Any party to the above-captioned action may designate as Confidential any Materials produced by any non-party in accordance with the requirements of this paragraph 1, if the Materials are reasonably believed to contain material which is Confidential to the designating party.

Order, Para. 1.

Paragraph two of the Order deems certain information not Confidential, specifically:

> Information shall not be designated as either Confidential or Confidential-Attorneys Eyes Only if (a) it is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of terms of this Stipulation and Protective Order or other obligation of confidentiality; or (b) it is acquired from a

> non-party in lawful possession of such information and under no obligation to the owner or the information to keep it confidential, unless the non-party producing the information invokes the protections of this Stipulation and Protective Order.

Hasbro's counsel wrote Mikohn's counsel on July 5th asking that virtually all of the 75 page Van Hook transcript be "declassified." (Exhibit A). Mikohn reviewed the request and on July 6th agreed that five pages of the transcript need not be deemed confidential. (Exhibit B).

The remaining portions of the transcript are reasonably believed by Mikohn to contain confidential commercial information and have therefore been properly designated confidential under paragraph 1 of the Order. The testimony of Mr. Van Hook on the issues identified above are protected from public disclosure under the terms of the employment agreement and Mikohn's license agreements with Hasbro. Hasbro has made no showing that the information in Mr. Van Hook's testimony is otherwise publicly available. Moreover, the terms of the very licensing agreements between Mikohn and Hasbro mandate that the parties guard against public disclosure of the terms of those agreements.

Further Hasbro can point to no hardship caused by the "confidential" designation. Nothing in the Order prohibits Hasbro from sharing information designated "Confidential" with its experts and consultants or with persons who will testify in the action. Hasbro does not claim that the "Confidential" designation will impede its trial preparation. Indeed Hasbro cannot say that the "Confidentiality" designation will interfere with any legitimate use Hasbro might have in mind for the transcript.

The transcript of Mr. Van Hook's deposition has been properly designated "Confidential" under the Order with the exception of pages 5 (line 1) to 10 (line 17) which Mikohn agrees is not Confidential. For these reasons, Hasbro's motion should be denied.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: July 15, 2005

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum In Support Of Defendant's Objection To Plaintiffs' Motion To Strike "Confidential" Designation by mailing first class mail, postage prepaid, on the 15th day of July, 2005.

FILED