UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | |
| | ) | C.A. No. 05-0106/T |
| v. | ) | |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant | ) | |

**DEFENDANT MIKOHN GAMING CORP.'S**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Mikohn Gaming Corporation hereby moves for an order compelling plaintiffs to produce, on or before ten days from the date of order, Hasbro documents HA 00108 through 00320, described as communications between Bruce Kelley, Esq. and Greg Venturi, Esq. Plaintiffs claim documents HA 00108 – 00320 are protected from discovery by the attorney-client privilege.

Defendant's supporting memorandum is filed herewith. Defendant certifies that good faith efforts have not resolved the issues presented by this motion.

Brooks R. Magratten, Esq., No.3585
Gordon P. Cleary, Esq., No.1948
Michael J. Daly, Esq., No.6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: October 13, 2005

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Defendant Mikohn Gaming Corp.'s Motion To Compel Production of Documents by mailing first class mail, postage prepaid, on the 13th day of October, 2005.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HASBRO, INC., et al., Plaintiffs )
) C.A. No. 05-0106/T
v. )
)
MIKOHN GAMING CORP., Defendant )

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT MIKOHN GAMING CORP.'S**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Mikohn has moved to compel Hasbro documents Nos. HA 00108-00320.

Hasbro first described HA 00108 through 00320 – approximately two hundred pages of documents – as "Attorney Bruce Kelley's file relative to the investigation and prosecution of the Hasbro/Mikohn Licensing Agreement dispute." Plaintiffs' Amended Privilege Log, ¶6, served July 12, 2005 (copy attached). After Mikohn remonstrated about this vague description, Hasbro's supplemental response to Mikohn's request to produce revealed those documents were:

> ... communications between Hasbro's in-house counsel Bruce Kelley, Esq. and Greg Venturi, Esq. The only cc's on said correspondence are other members of Hasbro's in-house counsel staff. The basis for the privilege claim is attorney-client privilege. It also may be work-product protected. (Hasbro, Inc.'s Supplemental Responses, served October 3, 2005 (copy attached).)

Bruce Kelley may be one of Hasbro's in-house counsel, but Greg Venturi is not. Mr. Venturi is, on information and belief, an attorney located in Santa Monica, California. Mr. Venturi wrote Hasbro to offer information about Mikohn for cash. Thus, the relationship between Mr. Kelley and Mr. Venturi was not professional, but commercial. In these circumstances, no privilege applies, and the so-called Venturi documents should be produced.

A party claiming the attorney-client privilege as a basis for withholding discovery must prove its applicability. The privilege is narrowly construed, and the party claiming the privilege has the burden of proving the privilege applies. Colonial Gas Co. v. Aetna Casualty & Surety Co., 144 F.R.D. 600, 604 (D. Mass. 1992). The burden must be borne as to specific documents, and cannot be satisfied by a blanket claim of privilege. In re Foster, 188 F.3d 1259, 1264 (10th Cir. 1999). Instead, "the party resisting discovery by asserting any privilege [must] substantiate its privilege claims," with evidentiary support. BG Real Estate Services, Inc. v. American Equity Insurance Company, ____ F. Supp. 2d ___, 2005 WL 1309048 (E.D. La. 2005).

Hasbro's original assertion of the privilege was a blanket claim, and its supplemental assertion is not qualitatively better. Hasbro has withheld more than two hundred documents fairly requested and has not substantiated its claim of privilege. The only showing Hasbro has made is that the documents are correspondence between unaffiliated lawyers.

This assertion of the privilege is plainly inadequate. F.R.C.P. requires a party asserting the attorney-client privilege against discovery to describe, without revealing the allegedly privileged information, sufficient information to permit the opposing party to challenge the assertion, and the reviewing Court to rule on the assertion. This means that the withholding party must show:

> 1. the purpose of preparing the document, including a showing that the subject of the communication relates to seeking or giving legal advice;
>
> 2. the party's basis for withholding discovery of the document; and
>
> 3. any other pertinent information necessary to establish the elements of each asserted privilege.

Heavin v. Owens-Corning Fiberglass, 2004 WL 316072 (D. Kan. 2004) at **7-**8.

Hasbro has failed to reveal any of this information. On that basis, it has failed its burden of demonstrating that the attorney-client privilege applies. Defendant Mikohn respectfully requests that Hasbro be ordered to produce the documents labeled HA 00108 – 00320.

Brooks R. Magratten, Esq., No.3585
Gordon P. Cleary, Esq., No.1948
Michael J. Daly, Esq., No.6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: October 13 , 2005

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Defendant Mikohn Gaming Corp.'s Motion To Compel Production of Documents by mailing first class mail, postage prepaid, on the 13th day of October, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs, | |
| v. | Civil Action No.: 05-106 ML |
| MIKOHN GAMING CORPORATION, Defendant. | |

**PLAINTIFFS' AMENDED PRIVILEGE LOG WITH REGARD TO RESPONDING <u>TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, Plaintiffs provide this Amended Privilege Log with regard to documents which will not be produced based on the attorney-client privilege and work-product doctrine.

1. March 24, 2005 e-mail from corporate counsel, Bruce Kelly, Esq. to Jane Ritson-Parsons, relative to notice to Mikohn. (HA 00019)

2. March 17-21, 2005 string e-mail between Hasbro's corporate counsel, Dave Dubosky, Esq., Bruce Kelly, Esq. and Jane Ritson-Parsons relative to draft notice to Mikohn. (HA 00020-HA 00023)

3. July 1, 2003 – September 30, 2003 string e-mail from Gail Mitchell to Bruce Kelly, Esq. seeking legal advice about Mikohn International Licensing Agreements. (HA 00029)

4. September 3, 2003, e-mail between Gail Mitchell and Bruce Kelly, Esq. seeking legal advice on Mikohn International Licensing Agreement. (HA 00030-HA 00038)

5. July 1-14, 2003, string e-mails between Gail Mitchell, Isabelle Gilmour and Bruce Kelly, Esq. seeking legal advice with regard to certain Mikohn Licensing Agreement. (HA 00041-HA 00043)

6. Attorney Bruce Kelly's file relative to the investigation and prosecution of the Hasbro/Mikohn Licensing Agreement dispute. (HA 00046-HA 00049; HA 00106-HA 000318)

7. August 25, 2003 – March 15, 2004, Attorney Bruce Kelly's e-mail legal advice and comments relative to draft contracts and submissions for Clue/Clue-do, Clue2, Clue Most Wanted, Battleship and Trivial Pursuit. (HA 04401-02; HA 4404-12; HA 04424-31; HA 04707; HA 04711-18; HA 04759; HA 04763-65; HA 04767-70; HA 04956-59.

8. March 21, 2005, Attorney Bruce Kelly's e-mail legal advice relative to Mikohn Warrants. (HA 04695-96; HA 04747-48. )

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Linda A. Mayer (#6482)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
OCT 03 2005
VETTER & WHITE

HASBRO, INC. and
HASBRO INTERNATIONAL, INC.,
Plaintiffs,

v.

MIKOHN GAMING CORPORATION,
Defendant.

Civil Action No.: 05-106 ML

**HASBRO INC'S FURTHER SUPPLEMENTAL REPONSES TO**
**<u>DEFENDANT'S REQUEST FOR PRODUCTION TO PLAINTIFFS</u>**

**<u>REQUEST NO. 31</u>:**

All documents concerning or relating to Hasbro's "reason to believe" that defendant has improperly and incorrectly determined and reported royalties owed to plaintiffs, as alleged in paragraph 32 of the Complaint.

**<u>RESPONSE NO. 31</u>:**

Objection. Plaintiffs object to this request as invading the attorney-client privilege with respect to counsel's communications. Plaintiffs also object to this request as overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiffs refer Defendant to the deposition transcripts of Larry Ruhe, Dennis van Hook, John Garner and Tom Haas, Hasbro's demand letter as well as Hasbro's 2004 audit report, all of which have already been provided to Defendant, as well as any related document which Hasbro has produced in its document production.

**<u>FURTHER SUPPLEMENTATION TO RESPONSE NO. 31</u>:**

In response to a letter inquiry dated September 26, 2005, from Michael J. Daley, Hasbro provides a further supplemental response to this request. Documents bate stamped HA 00108 though 00320 are communications between Hasbro's in-house counsel Bruce Kelley, Esq. and Greg Venturi, Esq. The only cc's on said correspondence are other members of Hasbro's in-house counsel staff. The basis for the privileged claim is attorney-client-privilege. It also may be work-product protected.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Linda A. Mayer (#6482)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of September, 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

346973_1.doc