UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC. and
HASBRO INTERNATIONAL, INC.,
Plaintiffs,

v. Civil Action No.: 05-106 T

MIKOHN GAMING CORPORATION,
Defendant.

**PLAINTIFF, HASBRO, INC.'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff, Hasbro, Inc. hereby moves for an Order compelling Defendant to produce on or before ten (10) days from the date of the Order certain documents which Mikohn has asserted are protected from discovery. In a Privilege Log produced in conjunction with Mikohn's Responses to Request for the production of Documents, and in a subsequent correspondence, Mikohn has claimed that certain documents are protected from disclosure based on the attorney-client privilege, the work-product doctrine and/or the "self-evaluative privilege."

Hasbro respectfully requests that these documents be ordered to be produced. In support of this position, Hasbro refers the Court to the attached Memorandum.

Plaintiff certifies that good faith efforts have been made to try to resolve this matter.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 18 day of October, 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon P. Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Todd D. White

*358271_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC. and
HASBRO INTERNATIONAL, INC.,
Plaintiffs,

v.

MIKOHN GAMING CORPORATION,
Defendant.

Civil Action No. : 05-106 T

**MEMORANDUM IN SUPPORT OF PLAINTIFF, HASBRO, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

In responding to Hasbro's Requests for the Production of Documents, Mikohn provided a Privilege Log. (Attached as Exhibit A.) As part of this log, Mikohn has designated over sixty (60) pages of documents, emanating from a variety of authors, written to a variety of recipients, as protected from discovery. Each of these documents is listed as protected on the basis of the attorney-client privilege. In addition, some documents are also designated as protected based on the work-product doctrine or the "self-evaluative privilege." Moreover, Mikohn has not indicated what general issues were being addressed in these documents other than noting: "legal advice" or "info pertaining to legal advice." This is insufficient.

A critical issue for Hasbro in this litigation is ascertaining which individuals made the determination at Mikohn that the royalty payments to Hasbro would be aggregated and averaged as opposed to being paid on a "per game per day" basis as is specified in the contract. Mokohn's former Director of Gaming Operations, Larry Ruhe, testified at his deposition that he informed Mikohn personnel, including Vice-president and general counsel Charles McRea, Jr. that

Mikohn's payment calculation was incorrect. Mr. Ruhe was not allowed to testify to the response that he received from Mr. McRea when he brought this issue to his attention on the grounds that any communication with Charles McRea was protected by the attorney-client privilege. Hasbro seeks to determine who and what constituted Mikohn's analysis of the royalty payment provisions. However, Mikohn has blocked this information from being disclosed based on a blanket privilege.

A second and related critical issue for Hasbro in this matter is determining whether Mikohn knew that the method for calculating royalty payments to Hasbro violated Nevada law. In a recently filed 12(b)(6) Motion to Dismiss, Mikohn has asserted that the very payment method which it suggested to Hasbro was illegal based on Nevada law and therefore, cannot form the basis for recovery for Hasbro. In order to ascertain what Mikohn knew and when it became known, Hasbro needs to determine what communications were made by members of Mikohn about the potential illegality of the payment methodology. If Mikohn realized that the method was illegal but induced Hasbro to enter into it anyway then that suggests fraud.

If, on the other hand, Mikohn's personnel thought the payment method was legal that, too, has a significant bearing on the Mikohn's attempt to extract itself from this case via dispositive motion.

## A. DISCLOSURE OF CERTAIN DOCUMENTS DESIGNATED IN THE PRIVILEGE LOG IS WARRANTED

As part of its Privilege Log, Mikohn has designated many documents authored by the Company's former Vice-president, Charles McRea, Jr., as protected based on attorney-client privilege and work product doctrine. However, Mr. McRea wore two hats while in working for Mikohn: that as one of the company's executive officers, as well that of general counsel. Hasbro cannot ascertain in what capacity Mr. McRea was serving when he either authored or received

some of the designated documents. Because the line can so easily be blurred, Mikohn has not made the requisite showing that the documentation for which it is seeking protection is not correspondence undertaken in the ordinary course of business. Said documents include MIK 1588-89, MIK 940-60, MIK 961-82, MIK 2596, MIK 2611 and MIK 1028.

Additionally, Mikohn claims that certain documents authored by Larry Ruhe are protected through the attorney-client privilege. In several designated correspondence, Mr. Ruhe was writing to Don Stevens or John Garner, Mikohn's former Chief Financial Officers, as well as Michael Dreizter, an attorney who formerly was employed by Mikohn. However, once again, Hasbro has no way of ascertaining if Mr. Dreitzer was simply cc'd on these communications or whether actual legal advice was being sought from him. Simply because a document is also sent to an attorney does not by default allow it to become protected from disclosure through the attorney-client privilege. These documents include MIK 2662, MIK 2590, MIK 2591 and MIK 2688.

Similarly, Mikohn seeks attorney-client privilege protection of documents authored by Mikohn's Chief Financial Officer, Don Stevens, which were apparently sent to Mikohn's former Chief Executive Officer, Dave Thompson, as well Vice-president, Charles McRea, Jr. Again, Mikohn does not define what role Mr. McRea played – whether it is as legal counsel for Mikohn or as the Vice-president of Mikohn. Documentation that has been designated in this regard include MIK 2611, MIK 2660, MIK 2662, MIK 2664 and MIK 2665.

Finally, Mikohn claims as protected under the attorney-client privilege, the work product privilege or the "self-evaluative privilege" documents authored by individuals who are not identified as counsel for Mikohn including "M. Collins and J. Kloosterman." These documents are listed as MIK 2459 through 65.

Mikohn stands before this Court requesting that Hasbro provide in-house counsel Attorney Bruce Kelly's file which contains information to/from Attorney Greg Venturi. Hasbro, likewise, has the right to information that Mikohn now claims is protected under attorney-client privilege, but has not been sufficiently specified or scrutinized to assure that is true.

**B. DISCLOSURE OF CERTAIN DOCUMENTS DESIGNATED IN A SUBSEQUENT CORRESPONDENCE IS ALSO IS REQUIRED**

On September 2, 2005, attorney for Mikohn, Brooks R. Magratten wrote to Plaintiff's counsel. In this correspondence, Mikohn took the position that it had the right to withhold from production an "8 page memorandum dated February 21, 2003 prepared by John Garner and addressed to Michael Dreitzer (then assistant General Counsel) and Russell McMeekin (CEO), based on attorney-client and/or work-product protection,." (See attached Exhibit B). This memorandum has been designated MIK 03553-60. Once again, Defendant has not made the required showing that these documents are protected from disclosure. Plaintiff now moves to compel these documents.

WHEREFORE, Hasbro respectfully requests this Court enter an Order requesting that Mikohn be ordered to produce the aforementioned documents. In the alternative, Hasbro requests that Mikohn be ordered to provide the documents to this Court for an in camera review so that Hasbro is not prejudiced by its failure to be provided the requested documents.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 18 day of October, 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon P. Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

[signature]

*358272_1.doc*