UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/T |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S MOTION TO AMEND**

Defendant Mikohn Gaming Corp. ("Mikohn") moves pursuant to Rules 13 and 15 of the Federal Rules of Civil Procedure to amend its answer to raise additional affirmative defenses and assert counterclaims against plaintiffs Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro"). The proposed "Second Amended Answer With Counterclaims" is attached hereto as Exhibit 1.

Mikohn submits a supporting memorandum of law herewith.

Michael J. Daly

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: October 28, 2005

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Motion to Amend by mailing first class mail, postage prepaid, on the 28th day of October, 2005.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
OCT 28 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/T |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO AMEND**

Defendant Mikohn Gaming Corp. ("Mikohn") submits this memorandum in support of its motion to amend its answer to raise additional affirmative defenses and assert counterclaims against plaintiffs Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro").

Mikohn is a Nevada based company in the casino gaming business. Mikohn focuses its business on creating various games to be played at casinos around the world. In this regard, Mikohn is the owner of the Nevada state and federally trademarked names CARIBBEAN STUD® and CARIBBEAN STUD POKER (with design) ® (together "CARIBBEAN STUD"). The CARIBBEAN STUD names are used to identify a 5-card stud-style poker table game with an optional progressive jackpot wager. Mikohn's predecessor in interest pioneered the development and marketing of this poker game. Now, for a fee, Mikohn allows casinos to use the trademarked CARIBBEAN STUD names to solicit patrons to play the game.

Mikohn also is involved in the development of slot machines. Beginning in 1999, Mikohn and Hasbro entered multiple licensing agreements authorizing Mikohn to create themed slot machines based on Hasbro-owned names, such as the games of MONOPOLY, YAHTZEE,

CLUE and BATTLESHIP. Each agreement called for Mikohn to pay Hasbro royalties for use of the names.

After receiving royalties and royalty reports from Mikohn for the better part of five years, and after conducting extensive audits of Mikohn in 2001 and 2004, Hasbro filed the instant action in March 2005. Hasbro contends that Mikohn improperly calculated royalties under the YAHTZEE game and BATTLESHIP game agreements and seeks damages in excess of $6 million for breach of contract, unjust enrichment and fraud. Mikohn filed an amended answer, raising defenses to all of Hasbro's claims, but did not assert counterclaims.

Mikohn recently learned that Hasbro is selling a computerized handheld device that allows its user to electronically play various poker games. According to its packaging, the device allows users to play "Caribbean Stud Poker." Mikohn has not authorized Hasbro to use its CARIBBEAN STUD names to sell the device to the public, which – interestingly - falsely and confusingly depicts the play of CARIBBEAN STUD® poker by omitting the progressive jackpot feature.

Mikohn now seeks leave to amend its pleading to raise additional defenses of failure to mitigate and contractual impossibility. Mikohn also seeks to assert counterclaims for Hasbro's unauthorized use of the CARIBBEAN STUD names.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Moreover, a party may amend its pleading to assert counterclaims that were omitted "through oversight, inadvertence, or excusable neglect, or when justice requires…." Fed. R. Civ. P. 13(f). Like Rule 15, "Rule 13(f) … is interpreted liberally, and amendment is freely granted in order to settle all claims in one action." Salomon S.A. v. Alpina Sports Corp., 737 F. Supp. 720, 721 (D. N.H. 1990).

Mikohn's motion to amend comes at an appropriate point in the proceedings. Hasbro filed its complaint only eight months ago. Discovery is not set to close for another ten months, on August 28, 2006. The few depositions that have been taken so far have no bearing on the counterclaims. Neither party has conducted any Rule 30(b)(6) depositions. The parties continue to propound discovery to each other. Given the early stages of the proceedings, an amendment to Mikohn's pleading will neither unfairly prejudice Hasbro, nor delay litigation on any of the issues.

Mikohn has not been dilatory in bringing its counterclaims. Mikohn first learned of Hasbro's improper use of Mikohn's protected names within the last few months. Since then, it has investigated Hasbro's unauthorized use of Mikohn's trademarks and gauged the appropriate response.

Although Mikohn's counterclaims do not arise out of Hasbro's initial claims, they nonetheless may be raised in the same proceeding. Indeed, Rule 13(b) specifically authorizes counterclaims that do not arise "out of the same transaction or occurrence that is the subject matter of the opposing party's claim." See also 2001 Inc. v. Novaglas Corp., 60 F.R.D. 649 (E.D.N.Y. 1973)(claim for patent infringement, counterclaim for breach of sales contract); Kuenzel v. Universal Carloading & Distributing Co., 29 F. Supp. 407, 409 (D. Pa. 1939) (claim for libel, counterclaim for breach of contract). Therefore, it is entirely appropriate for Mikohn to assert its trademark related counterclaims in this action.

The additional proposed defenses of impossibility and failure to mitigate are pertinent to Hasbro's contract and unjust enrichment claims. Hasbro contends that, in order to correctly calculate royalties, Mikohn was required to obtain information from casinos regarding the actual daily performance of each individual licensed slot machine in existence and use that

information to calculate a machine-specific daily royalty rate.[1] Hasbro's proposed method of calculation would be impossible, however, because the vast majority of casinos (if not all) do not report, or are incapable or reporting, actual daily performance of individual slot machines. Moreover, even if Hasbro's suggested royalty scheme were possible, Hasbro had a duty to take steps to mitigate its damages when it received any of the dozens of royalty reports explicitly showing that Mikohn was calculating royalties based on the average performance of all machines during the reporting period.

## CONCLUSION

For the reasons set forth above, Mikohn respectfully requests permission to amend its answer in the form attached to the motion submitted herewith.

Michael J. Daly

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: October 28, 2005

[1] Hasbro's contract claims are limited to royalties accruing before the contracts were amended in 2002. Prior to the amendments, royalties were calculated based on the performance of the slot machines. After the amendments, royalties were based on the number of licensed slot machines in operation.

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum in Support of Defendant's Motion to Amend by mailing first class mail, postage prepaid, on the 28th day of October, 2005.

Lisa A. Lariviere