UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/T |
| v. | ) | **SECOND AMENDED ANSWER WITH COUNTERCLAIM** |
| MIKOHN GAMING CORP., Defendant | ) | |

Defendant Mikohn Gaming Corporation responds to the allegations of plaintiffs' complaint as follows:

## FIRST DEFENSE

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 22-27, 30 and 32-33.

2. Admits paragraphs 3, 7-9, 28 and 36.

3. The allegations of paragraph 4 state conclusions of law for which no response is required; to the extent the Court may otherwise construe that paragraph, it is denied.

4. Answering the allegations of paragraph 5, alleges that the parties entered into license agreements beginning in the summer of 1998; except as so alleged, denies the remaining allegations of that paragraph.

5. Answering the allegations of paragraphs 6 and 10-21, alleges that the terms and conditions of the various license agreements and amendments entered into by the parties speak for themselves and require no further comment or characterization from defendant; except as so alleged, denies the remaining allegations of those paragraphs.

6. Answering the allegations of paragraphs 29 and 31, alleges that the terms of the amendments speak for themselves and require no further comment or characterization from defendant; except as so alleged, denies the remaining allegations of those paragraphs.

7. Denies paragraphs 34-35, 41-42, 44-46 and 48-52.

8. Answering the allegations of paragraph 37, alleges that Hasbro conducted an audit of defendant's royalty payments and plaintiffs believe, erroneously, that they have not received all royalty payments due under the "Battleship" and "Yahtzee" agreements; except as so alleged, denies the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 38, alleges that Hasbro conducted an audit of defendant's royalty payments under the "Monopoly" license agreement, the terms and conditions of which speak for themselves, and concluded that defendant utilized an incorrect royalty rate; except as so alleged, denies the remaining allegations of that paragraph.

10. Repeats and realleges its responses to paragraphs 1-38 in response to paragraphs 39, 43 and 47.

11. Answering the allegations of paragraph 40, alleges that defendant at times applied an incorrect royalty rate under the "Monopoly" license agreement; except as so alleged, denies the remaining allegations of that paragraph.

**SECOND DEFENSE**

12. Plaintiffs have failed to state a claim upon which relief may be granted.

**THIRD DEFENSE**

13. The interpretation of the agreements at issue advocated by plaintiffs contravenes Nevada law and is therefore unenforceable.

**FOURTH DEFENSE**

14. Plaintiffs' claims fail for lack of consideration.

**FIFTH DEFENSE**

15. Defendant has satisfied all terms and obligations of the agreements at issue.

**SIXTH DEFENSE**

16. Plaintiffs' claims are barred by the statute of frauds.

**SEVENTH DEFENSE**

17. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

**EIGHTH DEFENSE**

18. Plaintiffs' claims are barred by the doctrine of laches.

**NINTH DEFENSE**

19. Plaintiffs' claims are barred by the doctrine of unclean hands.

**TENTH DEFENSE**

20. Nevada law bars or limits plaintiffs' claims for punitive or exemplary damages.

**ELEVENTH DEFENSE**

21. The statute of limitations bars plaintiffs' claims.

**TWELFTH DEFENSE**

22. Plaintiffs have failed to satisfy conditions precedent to defendant's obligations under the license agreements.

**THIRTEENTH DEFENSE**

23. Plaintiffs' claims for damages are barred, in whole or in part, by the terms and conditions of the license agreements.

**FOURTEENTH DEFENSE**

24. Plaintiffs have failed to mitigate their damages.

**FIFTEENTH DEFENSE**

25. The license agreements, as construed by plaintiffs, are impossible to perform.

WHEREFORE, defendant Mikohn Gaming Corporation demands judgment dismissing the complaint with prejudice and for an award of fees, costs and such further relief as the Court may deem appropriate.

## COUNTERCLAIMS

Defendant Mikohn Gaming Corporation ("Mikohn") brings these counterclaims for federal trademark infringement, false designation, and state unfair competition against plaintiffs Hasbro, Inc. and Hasbro International, Inc. (together, "Hasbro"), and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the trademark laws of the United States (15 U.S.C. §101 *et seq.*), as well as the substantial and related common law of unfair competition, with claims so related to the trademark claims as to form part of the same case or controversy. This Court thus has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a) and (b), and 1367.

2. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the counterclaim occurred in this judicial district, because Hasbro is subject to personal jurisdiction in Rhode Island, because Hasbro maintains a regular and established place of business here, and because Hasbro initiated suit against Mikohn in this district.

## THE PARTIES

3. Counterclaim plaintiff Mikohn Gaming Corporation is and at all relevant times was a corporation organized under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

4. Upon information and belief, counterclaim defendants Hasbro, Inc. and Hasbro International, Inc. are and at all relevant times were corporations organized under the laws of the

States of Rhode Island and Delaware, respectively, and are headquartered and qualified to do business in this district. Upon further information and belief, one or both of these Hasbro entities is doing business as "Tiger Games."

## GENERAL ALLEGATIONS

5. Both Mikohn and Hasbro design and manufacture (or license others to design and manufacture) software and components to be used with entertainment machines and devices for sale or use in the United States, including programs and devices to train interested users in related game-play features. The accuracy of such game-play features is important in Mikohn's business and contributes to Mikohn's goodwill.

6. Mikohn's predecessors in interest (by assignment) pioneered the development, manufacture and marketing, in interstate commerce, of a 5-card stud-style poker game involving a progressive jackpot with side bet and head-to-head competition between a player and a casino. Mikohn's assignors adopted the mark "Caribbean Stud®" for that use, and pursued federal trademark registration as set forth more fully below.

7. Mikohn was founded almost 20 years ago, in 1986. Since then, Mikohn has gone to significant efforts to develop and protect its intellectual property, including by securing and acquiring trademarks that customers have come to associate with Mikohn. Mikohn is careful and purposeful in its efforts to license and/or sublicense its marks to further the positive image of its marks and to enhance consumer experience with the goods and services denoted by its marks. Mikohn uses its marks to distinguish its goods and services from those made and sold by others, by, among other things, prominently displaying the subject marks on the goods, or in conjunction with the services associated therewith. It also expands naturally the reach of its marks throughout the United States in related channels of commerce, directly and through licensing arrangements.

8. Mikohn is the owner by valid merger assignment of the trademark CARIBBEAN STUD®, which was registered with the United States Patent and Trademark Office on August 10, 1993. The registration number for the CARIBBEAN STUD® trademark is

1787117. The validity of the registered mark and of the registration of the mark and Mikohn's exclusive right to use said registered mark in commerce are now incontestable under Section 15 of the Lanham Act (15 U.S.C. §1065), and is presently valid.

9. Mikohn is the owner by valid merger assignment of the trademark CARIBBEAN STUD POKER® (design plus words), which was registered with the United States Patent and Trademark Office on March 2, 1999. The registration number for the CARIBBEAN STUD POKER® trademark is 2227623. Five years have elapsed since registration was approved. The mark is presently valid.

10. Mikohn is the owner by valid merger assignment of a State of Nevada registration for the mark "CARIBBEAN STUD," which registration has been in effect during all relevant times and is active until at least February 2008.

11. CARIBBEAN STUD® and CARIBBEAN STUD POKER® are trademarked names for certain Mikohn casino games and related goods and services; various licenses for these marks have been extended to third parties by Mikohn, *e.g.,* for use in goods and services in video-game versions and related software-driven tutorials. Mikohn and its licensees have consistently used these trademarks over the years, and customers have come to associate these trademarks with Mikohn and its quality goods and services. Mikohn continues to expand its natural lines of commercial use, to include game-play and education/training uses.

12. Like Mikohn, Hasbro is in the entertainment business. Hasbro and Mikohn license or use their trademarks for entertainment products in the hand-held or software-driven format. Hasbro has infringed Mikohn's marks in interstate commerce by selling or offering for sale goods and/or services that confuse, cause mistake, or deceive as to their origin and their authority of use, and/or are inaccurate in their actual game-play features.

13. Specifically, Hasbro (and/or its d/b/a Tiger Games) sells at least the following product: the "Poker Casino Game" handheld device which, according to its packaging, includes game play for "Caribbean Stud Poker," though the game play does not follow the casino-inspired game (it lacks a progressive feature with side bet), causing even further confusion to users,

and/or misleading them regarding Mikohn's quality game. The Hasbro hand-held also contains another casino-style game identified on the packaging and the game device as "Let It Ride" ("Let It Ride®" is actually a registered trademark of non-party Shuffle Master Corporation of Nevada.). Exhibit A is a copy of a "Poker Casino Game" product web page that is posted on www.hasbro.com. Exhibit B is a copy from that website of an instruction sheet that accompanies each "Poker Casino Game" device.

14. The plastic packaging insert used for "Poker Casino Game" specifically reflects a bullet point statement to "Play Caribbean Stud Poker"; it further employs a spread of playing cards similar to the design found in Mikohn's CARIBBEAN STUD POKER® design-plus-words registration.

15. Upon information and belief, all uses of the marks CARIBBEAN STUD® and CARIBBEAN STUD POKER® by Mikohn and its licensees predate the infringing Hasbro uses complained of herein. Moreover, upon information and belief, Hasbro has never sought federal or state trademark registration for the marks "Caribbean Stud" or "Caribbean Stud Poker" or any variants thereof.

16. Without Mikohn's authority or consent, the CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks and designs (or confusingly similar imitations of them) have been used by Hasbro in the United States, including in Rhode Island and Nevada, to designate Hasbro's goods and services in the games, entertainment and education/training channels of commerce. This despite Hasbro's sophistication and experience in branding and in protecting its own marks when used by others in commerce, as evidenced by the very contracts with Mikohn that prompted the original litigation at bar.

17. Without Mikohn's (or its licensees') authority or consent, products designated with one or more of the CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks and designs (or confusingly similar imitations) have been offered for sale and/or sold in the United States, in at least Rhode Island and Nevada.

18. Hasbro is applying marks and designs on products that are directly competitive with Mikohn's own products, or those created by Mikohn licensees, or in which Mikohn is pursuing its natural zone of expansion.

19. Upon information and belief, Hasbro was advised as recently as spring 2005 that it was using marks on its "Poker Casino Game" device that lawfully belonged to others. Moreover, Hasbro has had access to and received marketing materials from Mikohn that reflect the CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks, including at least one brochure that showed Hasbro's own mark of MONOPOLY® "Poker Edition" alongside the CARIBBEAN STUD® poker marks here at issue.

20. Mikohn's products and services have reflected the registration sign (®) since at least 2004. Upon information and belief, Hasbro has had actual notice of Mikohn's registrations, but has refused to cease its infringing acts. Hasbro's continued use of the Mikohn marks is thus with knowledge and intent.

## FIRST CLAIM FOR RELIEF

## Trademark Infringement Under the Lanham Act

21. Mikohn incorporates by reference the foregoing paragraphs.

22. Hasbro has, without authorization or consent, appropriated Mikohn's registered trademarks.

23. Hasbro's use of the phrases "Caribbean Stud" and "Caribbean Stud Poker" (with design), and/or colorable imitations thereof, likely causes customer confusion regarding the origin or association of Hasbro's products as a result of its use of trademarks that are identical or confusingly similar to Mikohn's CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks.

24. Hasbro has infringed Mikohn's trademarks in CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks pursuant to 15 U.S.C. §1114 through its sale or offer to sell "Poker Casino Game" in interstate commerce without the authority or consent of Mikohn.

25. Hasbro's unauthorized appropriation of the CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks was and is willful and outrageous.

26. Mikohn has been and continues to be damaged by Hasbro's actions and conduct in infringing Mikohn's trademarks. Further, if Hasbro is not enjoined and is allowed to continue its present conduct, Mikohn will suffer irreparable injury that cannot be adequately compensated by monetary damages, including the loss and dilution of Mikohn's CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks. Mikohn is therefore entitled to injunctive relief.

27. Mikohn is also entitled to the recall and destruction of all articles of "Poker Casino Game" (and any related infringing documentation) pursuant to 15 U.S.C. §1118.

## SECOND CLAIM FOR RELIEF

### False Designation under the Lanham Act

28. Mikohn incorporates by reference the foregoing paragraphs.

29. Hasbro is unrelated to Mikohn and Mikohn's licensees.

30. Hasbro's unauthorized appropriation of Mikohn's trademarks constitutes a false designation of origin, a false and/or misleading description and a false and/or misleading representation in commerce. Hasbro's false and/or misleading designations, descriptions and representations were done deliberately and with full knowledge that they were false and/or misleading.

31. Hasbro's false and/or misleading designations, descriptions and representations were and are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Hasbro and Hasbro's goods and services in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)). Such false and/or misleading designations, descriptions and representations have damaged Mikohn, for which Mikohn has no adequate remedy at law. Mikohn is therefore entitled to injunctive relief.

**THIRD CLAIM FOR RELIEF**

**Common Law Trademark**

32. Mikohn incorporates by reference the foregoing paragraphs.

33. Regardless of federal or state formal registration rights, Mikohn (and its predecessors in interest) has been and is building up a protectible connection in the use of the marks at issue with its accompanying goods and services.

34. Said acts of Hasbro constitute an infringement of Mikohn's common-law rights in said marks, causing damages and enjoinable harm to Mikohn.

**FOURTH CLAIM FOR RELIEF**

**State Dilution (Injunctive Relief)**

35. Mikohn incorporates by reference the foregoing paragraphs.

36. Mikohn has one or more trademarks valid at common law.

37. Mikohn's trademarks at issue have a distinctive quality.

38. Hasbro's acts create a likelihood of injury to Mikohn's business reputation, or dilute the distinctive quality of Mikohn's marks even in the absence of competition between the parties or the absence of confusion as to the source of goods or services.

39. Said acts of Hasbro constitute a violation of at least R.I. Gen. Laws §6-2-12 (2005), warranting injunctive relief thereunder.

**FIFTH CLAIM FOR RELIEF**

**Nevada State Trademark Violation (N.R.S. § 600.240 *et seq.*)**

40. Mikohn incorporates by reference the foregoing paragraphs.

41. Mikohn is the assignee of a valid state registration of the CARIBBEAN STUD mark in the State of Nevada.

42. Through its use of the CARIBBEAN STUD state mark, Hasbro has, without the consent of Mikohn, used a reproduction, counterfeit, copy and/or colorable imitation of

Mikohn's mark in connection with the sale, offering for sale or advertising of goods and services in Nevada.

43. Such use by Hasbro is likely to cause confusion or mistake or result in deception as to the source of origin of such goods and services in Nevada.

44. Through its use of the CARIBBEAN STUD state mark, Hasbro has also reproduced, counterfeited, copied or colorably imitated Mikohn's CARIBBEAN STUD state mark in Nevada and applied or caused to apply that reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in conjunction with the sale or other distribution in Nevada of goods or services.

45. Hasbro has thus infringed Mikohn's state mark pursuant to N.R.S. §600.420 through its use of the CARIBBEAN STUD mark in Nevada without the authority or consent of Mikohn.

46. Upon information and belief, Hasbro has infringed Mikohn's mark with knowledge that the reproduction, counterfeit, copy or imitation of the mark was intended to be used to cause confusion, mistake or deception.

47. Mikohn has been and continues to be damaged by Hasbro's actions and conduct in infringing Mikohn's mark. Further, if Hasbro is not enjoined and is allowed to continue its present conduct, Mikohn will suffer irreparable injury that cannot be adequately compensated by monetary damages, including the loss and dilution of the state mark. Mikohn is therefore entitled to injunctive relief.

48. Mikohn is additionally entitled to the following remedies pursuant to N.R.S. §600.430:

a. All profits derived from the wrongful acts of Hasbro;

b. Treble damages on all profits derived from the willful and wrongful acts of Hasbro;

c. An order requiring the destruction of all articles containing the CARIBBEAN STUD mark; and

d. Costs and reasonable attorney's fees.

**SIXTH CLAIM FOR RELIEF**

**Unfair Competition**

49. Mikohn incorporates by reference the foregoing paragraphs.

50. Hasbro has infringed Mikohn's marks as alleged herein with the intent (or with reckless disregard) to deceive the public into believing that goods sold by Hasbro are made by, approved by, sponsored by or affiliated with Mikohn and/or its licensees. Hasbro's acts as alleged herein were committed with the intent to pass off and palm off Hasbro's goods and services as the goods or services of Mikohn, with the intent (or reckless disregard) to deceive the public, and gain economic and business advantage, to the detriment of Mikohn.

51. In the alternative, Hasbro, by marketing to and making available its infringing gaming device to its target customers, with its misleading and confusing game play, invites a use which undermines the marketing and sales approach used by Mikohn and its licensees.

52. Mikohn has prepared the consuming public for use of "Caribbean Stud"-like games, programs, training devices and similar support services and products, and created a sense of interest and excitement; by emulating or confusingly imitating (or attempting to imitate) Mikohn's CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks, Hasbro is unfairly piggybacking the marketing and goodwill of Mikohn, gaining thereby an unfair competitive advantage in the marketplace.

53. Mikohn has been and continues to be damaged by Hasbro's actions and conduct in infringing Mikohn's trademarks. Further, if Hasbro is not enjoined and is allowed to continue its present conduct, Mikohn will suffer irreparable injury that cannot be adequately compensated by monetary damages, including the loss and dilution of Mikohn's marks at issue. Mikohn is therefore entitled to injunctive relief.

**WHEREFORE**, Mikohn prays for a judgment as follows:

A. That this Court enter judgment that Hasbro has infringed Mikohn's trademarks under the Lanham Act and pursuant to N.R.S. 600.420 and that Hasbro is liable for false designation under 15 U.S.C. §1125(a) and for common law unfair competition, as well as a finding that this is an "exceptional" case under 15 U.S.C. §1117(a).

B. That Mikohn be awarded Hasbro's profits plus Mikohn's loss of licensing royalties, with an appropriate accounting, all to be trebled under 15 U.S.C. §1117(a) and to the extent derived in Nevada, pursuant to N.R.S. 600.430(2).

C. That Hasbro be ordered to deliver up and destroy all articles (including documentation) in its possession or control containing the CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks, pursuant to 15 U.S.C. §1118 and N.R.S. 600.430(2)(d).

D. That Hasbro and its representatives, respective agents, servants, officers, directors, employees, licensees, successors, and all other persons acting in concert with them, directly or indirectly, be permanently enjoined and restrained from infringing, inducing others to infringe, or contributing to the infringement of Mikohn's trademarks CARIBBEAN STUD® and CARIBBEAN STUD POKER®, and their acts of unfair competition; and that such persons be permanently enjoined and restrained from further violating 15 U.S.C. §1125(a), N.R.S. 600.420, and R.I. Gen. Laws §6-2-12 with respect to Mikohn's trademarks.

E. That Hasbro be ordered to:

1. Send a copy of any decision in this case in favor of Mikohn to each person or entity to whom Hasbro sold, leased, or otherwise distributed any components or configurations found to infringe any products designated with the CARIBBEAN STUD® and CARIBBEAN STUD POKER® marks, informing such persons or entities of the judgment and that the sale or solicited commercial transaction was wrongful;

2. Take all necessary steps within its power to recall and collect from all persons and entities any and all of said infringing machines and related materials that were made, sold, leased, or otherwise distributed by Hasbro or anyone acting on its behalf; and

3. File with the Court and serve upon Mikohn, within 30 days after entry of final judgment in this case, a report in writing and subscribed under oath setting forth in detail the form and manner in which Hasbro has complied with the Court's orders as prayed for.

F. That Mikohn be awarded its expenses and costs of suit, as well as attorney's fees incurred herein, in accordance with 15 U.S.C. §1117(a) (Lanham Act), N.R.S. 600.430(3), and any other applicable law.

G. That Mikohn be awarded such other and further relief as this Court deems appropriate.

**JURY DEMAND**

Mikohn requests a jury on all issues so triable.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: October , 2005

**CERTIFICATE OF SERVICE**

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Second Amended Answer with Counterclaim by mailing first class mail, postage prepaid, on the day of October, 2005.

______________________________