UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/T |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Mikohn Gaming Corp. ("Mikohn") objects to plaintiffs' Hasbro, Inc.'s and Hasbro International, Inc.'s (collectively "Hasbro's") motion to compel production of documents. Mikohn submits herewith a supporting memorandum of law.

Michael J. Daly
Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: October 31, 2005

**CERTIFICATE OF SERVICE**

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Defendant's Objection to Plaintiffs' Motion to Compel Production of Documents by mailing first class mail, postage prepaid, on the 31st day of October, 2005.

Michael J. Daly

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/T |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Mikohn Gaming Corp. objects to plaintiffs' Hasbro, Inc.'s and Hasbro International, Inc.'s (collectively "Hasbro's") motion to compel production of documents. Mikohn has properly withheld production of all of the documents Hasbro seeks on the basis of the attorney client privilege and/or work product doctrine. Indeed, Hasbro's motion to compel does not challenge the propriety of the privelege assertions. Rather, it argues that Mikohn's description of the privileged documents is "insufficient." Memorandum In Support of Plaintiff, Hasbro, Inc.'s Motion to Compel Production of Documents at 1 (Hereafter "Hasbro Mem.")

The party withholding documents on the basis of privilege, or the work product doctrine must prove the documents are properly withheld. That party "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). The description needs only provide enough information to permit the assessment. "Privilege logs do not need to be precise to the point of pedantry." In re Grand Jury Subpoena, 74 F.3d 563, 576 (1st Cir. 2001) (describing assertion requirements under Rule

45(d)(2)); Emerson Electric Co. v. Ouellette, 1998 WL 34088465, *8 (D. N.H. 1998) ("The scope of the description necessary to satisfy Rule 26(b)(5) need only be so broad as to permit [the privilege] assessment.").

The appropriate remedy for an insufficiently detailed privilege log is to require the party asserting the privilege to supplement the log. See e.g., Minebea Co., Ltd. v. Papst, 229 F.R.D. 1, 2 (D. D.C. 2005); Emerson Electric Co., 1998 WL 34088465, *8; AARP v. Kramer Lead Marketing Group, 2005 WL 1785199, *5 (M.D. Fla. 2005). Here, even if Mikohn's initial privilege log were inadequate, (Mikohn disputes this point), its supplemental privilege log, see Exhibit A, clearly shows that the documents Hasbro refers to in its memorandum were appropriately withheld on the basis of attorney client privilege and/or the work product doctrine.

As a preliminary matter, Hasbro's motion begs the question of what state's privilege laws govern. "[A] federal court [sitting in diversity jurisdiction] looks to the forum state's conflict of laws rules in determining which state's privilege law applies." Carlson v. Freightliner LLC, 226 F.R.D. 343, 367 (D. Neb. 2004) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Rhode Island applies the "most significant relationship" test to resolve conflict of law issues. Oyola v. Burgos, 864 A.2d 624, 627 (R.I. 2005). The state where the communication occurs typically has the most significant relationship to the communication. Ford Motor Co. v. Leggat, 904 S.W.2d 643, 647 (Tex. 1995) ("As the state where the communication took place, Michigan is the state of most significant relationship."); Restatement (Second) of Conflicts of Laws § 139 cmt. e (1971). Because all of the communications Hasbro now seeks were made in Nevada, Nevada privilege law applies.[1]

[1] The conflict of law discussion, although appropriate, is largely academic here because Rhode Island and Nevada attorney client privilege rules are consistent. To the extent any conflict exists, however, Nevada law should prevail because the participants in the communications are Nevada

Nevada's attorney-client privilege statutes provide:

> "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications: 1. between himself and his lawyer or his lawyer's representative. 2. between his lawyer and the lawyer's representative. 3. made for the purposes of facilitating the rendition of professional legal services to the client, by him or his lawyer to a lawyer representing another in a matter of common interest."

Nev. Rev. Stat. § 49.095. A communication is "confidential" if it is "not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Nev. Rev. Stat. § 49.055.

The attorney client privilege is a two-way street. It protects communications from client to attorney and vice versa. See e.g., Tse v. UBS Financial Services, Inc., 2005 WL 1473815, *1 (S.D.N.Y. 2005) (letter from client to attorney requesting legal advice is privileged). Moreover, communications betweens lawyers and their clients do not lose their privilege merely because they may be business related. If "the primary purpose of the communication is to discern the legal ramifications of a potential course of action, that communication is for a 'legal' purpose." Premiere Digital Access, Inc. v. Central Telephone Company, 360 F. Supp. 2d 1168, 1175 (D. Nev. 2005).

In-house corporate attorneys may communicate with corporate executives and employees confidentially. In determining whether the particular communication is cloaked with a privilege, the court will consider the nature of the communication.

> If the attorney's advice is sought, at least in part, because of his legal expertise and the advice rests "predominantly" on his

---

residents with no individual Rhode Island connections, who "communicat[ed] in reliance on the fact that communications of the sort involved are treated in strict confidence in" Nevada. Restatement (Second) of Conflicts of Laws § 139 cmt. d (1971).

> assessment of the requirements imposed, or the opportunities offered, by applicable rules of law, he is performing the function of a lawyer. In such circumstances, the privilege should be recognized if all other elements are satisfied.
>
> In contrast, if the attorney is called upon to render solely business advice based on an expertise that is distinct from his legal calling, his communications with his client are plainly not protected. Similarly, if the lawyer is serving as a business representative of his client, those functions that he performs purely in that capacity -- such as negotiation of the provisions of a business contract or relationship -- are not the source of a privilege. In making this distinction, we look to whether the attorney's performance depends principally on his knowledge of or application of legal requirements or principles, rather than his expertise in matters of commercial practice.

Note Funding Corp. v. Bobian Investment Co., 1995 WL 662402, *3 (S.D.N.Y. 1995) (internal citation omitted). "A corporation does not waive its privilege when non-lawyer employees send or receive communications because corporate communications which are shared with those having need to know of the communications are confidential for purposes of the attorney-client privilege." Deel v. Bank of America, N.A., 227 F.R.D. 456, 460 (W.D. Va. 2005)

As it applies to federal cases, the work product doctrine is a creature of federal law. In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1013 (1st Cir. 1988). The work-product doctrine protects materials prepared by attorneys and their agents because of the prospect of litigation. State of Maine v. U.S. Dept. of Interior, 298 F.3d 60, 68 (1st Cir. 2002) "This doctrine ... provides a working attorney with a "zone of privacy" within which to think, plan, weigh facts and evidence, candidly evaluate a client's case, and prepare legal theories." Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 864 (D.C. Cir. 1980). "Insofar as the privilege is meant to promote candid expressions of an attorney's theories and perspectives, it cannot properly be made to turn on whether litigation actually ensued." Kent Corp. v. N.L.R.B., 530 F.2d 612, 623 (5th Cir. 1976).

In the civil context, Fed. R. Civ. P. 26(b)(3) codifies the work product doctrine and provides that documents prepared in anticipation of litigation are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.... [T]he court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning" anticipated litigation. Id.

Hasbro's motion to compel focuses on specific documents Mikohn withheld and referenced on its privilege log. All of the withheld communications are between Mikohn lawyers and non-lawyer executives and employees who needed to know of the communication. Each of these documents is properly withheld pursuant to the attorney client privilege and/or work product doctrine.

Hasbro first claims it is unable to assess whether Mikohn correctly withheld documents labeled MIK 1588-89, MIK 940-60, MIK 961-82, MIK 1028, MIK 2596 and MIK 2611. According to Hasbro, although a former general counsel for Mikohn, Charles McCrae, Jr., authored all of these documents, it is unclear whether they are of a legal or business nature. Hasbro Mem. at 2-3. As reflected on the amended privilege log (and, indeed, on Mikohn's original privilege log), all of these communications are legal in nature. In making these communications, McCrea relied on his legal expertise and gave legal analysis or advice. Because McCrea was acting as a legal advisor providing legal services to Mikohn personnel, the documents are subject to the attorney client privilege. Moreover, document MIK 1588 contains McCrea's legal analysis in response to an administrative investigation of Mikohn and, therefore, is protected attorney work product. See Pacamor Bearings, Inc. v. Minebea Co., Ltd., 918 F.

Supp. 491, 513 (D. N.H. 1996) (recognizing that an agency investigation provides a reasonable basis for anticipating litigation).

Hasbro again questions McCrea's role in the communications sent from Mikohn's former Chief Financial Officer, Don Stevens to various Mikohn executives, including McCrea. In all of the communications, (documents MIK 2611, MIK 2660, MIK 2662 and MIK 2664-65), Stevens solicited McCrea's legal advice on various corporate matters. Accordingly, such communications are privileged and need not be produced. See Tse, 2005 WL 1473815, *1 (holding that a request for legal advice is privileged).

Hasbro also questions Mikohn's withholding of documents MIK 2662, MIK 2590, MIK 2591 and MIK 2688. These documents contain email communications between former Mikohn general counsel, Mike Dreitzer, Esq. and other Mikohn employees. Hasbro contends it "has no way of ascertaining if Mr. Dreitzer was simply cc'd on these communications or whether actual legal advice was being sought from him." Hasbro Mem. at 3. Dreitzer was an active participant in the communications; he was not simply cc'd on them. In each of the communications, Dreitzer was either asked for, or gave his legal assessment on various issues affecting Mikohn. Premiere Digital Access, Inc., 360 F. Supp. 2d at 1175. Therefore, the communications and documents are protected by the attorney client privilege.

Hasbro next requests access to MIK document 2459-65. This document is an internal memorandum written by Marty Collins, Esq. and John Kloosterman, Esq. while they were acting as outside counsel for Mikohn. The document, which is marked "Privileged and Confidential Attorney Work Product," was given to members of Mikohn's board of directors to provide legal guidance on an ongoing administrative investigation. Accordingly, it is protected by the attorney client privilege and work product doctrine.

Finally, Hasbro inquires about document MIK 3533-60, which is a document John Garner (Mikohn's director of finance from July 2001 to August 2002 and as chief financial officer from August 2002 until January 2004), sent to Dreitzer and former Mikohn CEO, Russell McMeekin. Garner drafted the document in connection with an ongoing administrative investigation of Mikohn. The communication was made for the purpose of facilitating attorney Dreitzer's understanding of matters pertinent to the investigation. Accordingly, this document is a privileged communication made. See Deel, 227 F.R.D. at 460 (holding that "documents [sent] to … in-house and outside counsel to facilitate legal services" are privileged).

**CONCLUSION**

For the reasons stated herein, Mikohn respectfully requests that the Court deny Hasbro's motion to compel.

Michael J. Daly

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: October 31, 2005

## CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum In Support Of Defendant's Objection To Plaintiffs' Motion To Compel by mailing first class mail, postage prepaid, on the 31st day of October, 2005.

Michael J. Daly