UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | C.A. No. 05-0106/ML |
| | ) | |
| v. | ) | |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO COMPEL PRODUCTION OF THE VENTURI DOCUMENTS**

Hasbro's objection confuses the issues. Mikohn's motion does not seek production of communications between Hasbro's in-house counsel and other attorneys and executives at Hasbro. Rather, the motion seeks documents or records by which Gregory Venturi, a California lawyer, communicated information to Hasbro. Those documents are not attorney-client communications (the privilege Hasbro first claimed) and are not protected by the work-product privilege (the privilege Hasbro now claims).

Mikohn needs the Venturi communications to determine whether Hasbro has promised former Mikohn employees, some of whom have already given Hasbro unusual cooperation, a percentage of any recovery Hasbro obtains in this case. The Venturi documents may also shed light on whether Hasbro is the sole party in interest on the plaintiff side of the "v", and whether Mikohn employees have disclosed information in violation of the Nevada trade secrets statute.

**The Venturi-Hasbro Relationship**

Hasbro's objection characterizes Mr. Venturi, a Santa Monica, California lawyer, as a "non-testifying consultant." The limited production of documents Hasbro made after

Mikohn filed this motion is a very thin slice of discovery, but one thing it does make clear is that Mr. Venturi is not a consultant.

According to the Finder's Fee Agreement just produced, Venturi is counsel for and an "Agent for an undisclosed principal," selling information to Hasbro. See Exhibit 1, attached, p. HAS 0008867. A December 23, 2004 letter from Venturi to Hasbro refers to Venturi's "clients", indicating that there is more than one person with a share in the finder's fee.

The information for sale, as described in Venturi's first written overture to Hasbro, involves "millions of dollars in royalties" Hasbro allegedly did not receive from a Licensee. The Finder's Fee Agreement, and the rest of Hasbro's recent production, do not identify the Licensee. Nor do they identify or describe the Venturi clients-principals, except to say no former Hasbro employee is involved. Whoever they are, under the Finder's Fee Agreement the interests Venturi represents are promised 7.5% of whatever Hasbro may recover in this suit.

**<u>Mikohn Faces Undue Hardship and Has Substantial Need of the Venturi Communications</u>**

Presently, Hasbro either does not know the identity of Venturi's clients, or is unwilling to disclose that information to Mikohn. In addition, Hasbro's recent limited document production reveals no information about Mikohn that could be used to attempt to identify the "clients" on the basis of what they claim to know. Indeed, the limited production does not even reveal that the subject of the information sold is Mikohn. Only from Hasbro's objection to this motion is it learned positively that, as a result of information provided through Venturi, Hasbro audited Mikohn in October 2004 and sued Mikohn in 2005.

Denying Mikohn all the communications between Venturi and Hasbro will leave Mikohn without the ability to discover who, through Venturi, unjustifiably turned Hasbro against

Mikohn, and has a financial interest to do so. This is classic credibility discovery, and certainly not protected by an attorney-client privilege Hasbro has standing to assert.

Even assuming the Venturi correspondence is work product, it is "ordinary" work product, not opinion work product. Ordinary work product is afforded only a limited privilege against discovery. The privilege dissolves on a showing of substantial need and undue hardship. New Mexico Tech Research Foundation v. Ciba-Geigy Corporation, 1997 WL 576389, *2 (D.R.I. 1997).

Substantial need and undue hardship are patent here. Mikohn is obviously in need of information showing former employees, who give testimony adverse to Mikohn and favorable to Hasbro, are motivated by the prospect of financial gain. But, without discovery of the Venturi communications, Mikohn will likely be unable to obtain that information. Mr. Venturi, by invoking the attorney-client privilege, will never have to reveal the names of his clients.

And Venturi "clients", in deposition or at trial, will free to disown the Finder's Fee Agreement without fear of contradiction, particularly if their participation is the result of an undocumented understanding.

In fact, Mikohn may never be able to discover whether Mr. Venturi represents just one present or former Mikohn employee, or a group of present or former Mikohn employees. All such witnesses will have an interest in the outcome of this litigation, but Mikohn will not be able to confront them with their participation in the finder's fee agreement.

Mikohn's motion to compel production of the remainder of the Venturi communications should be granted.

Brooks R. Magratten, Esq., No. 3585
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: November 2, 2005

CERTIFICATE OF SERVICE

To:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendant's Reply to Plaintiffs' Response to Motion To Compel Production of the Venturi Documents by mailing first class mail, postage prepaid, on the 2nd day of November, 2005.