UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. | : | |
| | : | |
| v. | : | C.A. No. 05-106T |
| | : | |
| MIKOHN GAMING CORP. | : | |

**ORDER**

Before the Court for determination are Defendant's Motion to Compel Production of Documents (Document No. 52) and Plaintiff's Motion to Compel Production of Documents (Document No. 54). 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on November 8, 2005 at which Defendant's counsel made an in camera submission to the Court of the documents identified in Defendant's privilege log which are the subject of Plaintiff's Motion.

A. Defendant's Motion. Defendant ("Mikohn") seeks documents regarding a California attorney named Greg J. Venturi. Plaintiff ("Hasbro") represents that it has already "voluntarily" produced to Mikohn all communications to and from Attorney Venturi prior to Hasbro drafting its Complaint in this action. Attorney Venturi does not represent Hasbro and is not engaged by Hasbro as an expert. Hasbro identifies Attorney Venturi as a "non-testifying consultant" to it. It appears that Attorney Venturi initially made contact with Hasbro in the summer of 2004 and disclosed that an unidentified licensee was underpaying royalties to Hasbro.

Ultimately, on September 23, 2004, Hasbro entered into a Finder's Fee Agreement with Attorney Venturi on behalf of an "undisclosed principal" which provided generally that Hasbro would pay a fee of 7.5% (potentially totaling several hundred thousand dollars given the size of Hasbro's claim in this case) of Hasbro's "net underpaid royalties received" from the licensee in

exchange for the principal's identity, the identity of the licensee and the information which the principal "has or is aware of that principal believes supports the claim for royalties." The Agreement does not, by its terms, prohibit Hasbro from disclosing the identity of the principal or his/her "sources" in any litigation, such as this, between Hasbro and its licensee.

Although Hasbro represented at the hearing that the principal was not a current or former Mikohn employee, it did not indicate whether or not it knows the identity of the principal's sources or their current or former relationship, if any, with Mikohn. Hasbro also did not rebut the possibility that one or more of these unknown sources may potentially be a witness in this case. Also, it is not impossible that the undisclosed principal may have his/her own "fee" sharing agreements with such sources who may testify in this action. Obviously, the existence of an economic stake in the outcome of this action pursuant to any such fee sharing arrangements would be highly relevant to the issue of potential witness bias.

Mikohn's counsel argued that Mikohn is currently only seeking documents from Hasbro that are communications from Attorney Venturi to Hasbro and internal Hasbro documents reporting what Attorney Venturi may have orally communicated to Hasbro.[1] Rather than acting as a consultant to Hasbro, Attorney Venturi has, on behalf of his client, facilitated a "sale" of business information to Hasbro in an arm's-length transaction. Attorney Venturi was no more of a "consultant" to Hasbro than was Mikohn when it purchased a license from Hasbro.

Although the parties dispute the applicability of attorney work-product protection to any such documents, this Court need not address that issue. Even if Hasbro met its burden of establishing

---

[1] To the extent there are any such internal documents, Hasbro may redact those documents to remove privileged information other than portions simply documenting any oral communications made by Attorney Venturi to Hasbro.

attorney work-product protection, it would be "ordinary" or fact work-product and not opinion work-product, and Mikohn has established both "substantial need" and "undue hardship" under these unusual circumstances sufficient to override any privilege pursuant to Fed. R. Civ. P. 26(b)(3) as to the documents currently sought. Thus, Mikohn's Motion to Compel (Document No. 52) is GRANTED in part as discussed above and otherwise DENIED.

B. Plaintiff's Motion. Hasbro seeks to compel production of several documents identified as attorney-client privileged by Mikohn. Subsequent to Hasbro's Motion, Mikohn produced a more detailed supplemental privilege log. Based on the "second" log, Hasbro was able to narrow the documents in dispute and those were submitted to the Court by Mikohn for in camera review. After review of such documents and the applicable privilege law, this Court concludes that Mikohn has met its burden of establishing privilege as to MIK 2662, 2664-65, 2590, 2591, 2660, 2688, 2596, 2611, 1028, 2026, 2688 and 3553-60, and has not met its burden as to MIK 940-60 and 961-82. Thus, Hasbro's Motion to Compel (Document No. 54) is GRANTED in part as discussed above and otherwise DENIED.

So ordered.

LINCOLN D. ALMOND
United States Magistrate Judge
November 9, 2005