UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC. and<br>HASBRO INTERNATIONAL, INC.,<br>Plaintiffs,<br><br>v.<br><br>MIKOHN GAMING CORPORATION,<br>Defendant. | Civil Action No.: 05-106 S |

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS

### JURISDICTION AND VENUE

1. Defendant, Plaintiff-in-Counterclaim, asserts a conclusion of law for which an answer is not required.

2. Defendant, Plaintiff-in-Counterclaim, asserts a conclusion of law for which an answer is not required.

### THE PARTIES

3. Admitted.

4. Admitted to the extent that Hasbro, Inc. and Hasbro International, Inc. are organized under the laws of the States of Rhode Island and Delaware. Denied as to the remainder of this allegation.

### GENERAL ALLEGATIONS

5. Plaintiffs, Defendants-in-Counterclaim, are without sufficient information to either admit or deny this allegation as it pertains to Defendant, Plaintiff-in-Counterclaim. Plaintiffs, Defendants-in-Counterclaim deny the remainder of this allegation.

6. Plaintiffs, Defendants-in-Counterclaim are without sufficient information to either admit or deny this allegation and call upon the Defendant, Plaintiffs-in-Counterclaim to prove the same.

7. Plaintiffs, Defendants-in-Counterclaim are without sufficient information to either admit or deny this allegation and call upon the Defendant, Plaintiffs-in-Counterclaim to prove the same.

8. Plaintiffs, Defendants-in-Counterclaim are without sufficient information to either admit or deny this allegation and call upon the Defendant, Plaintiffs-in-Counterclaim to prove the same.

9. Plaintiffs, Defendants-in-Counterclaim are without sufficient information to either admit or deny this allegation and call upon the Defendant, Plaintiffs-in-Counterclaim to prove the same.

10. Plaintiffs, Defendants-in-Counterclaim are without sufficient information to either admit or deny this allegation and call upon the Defendant, Plaintiffs-in-Counterclaim to prove the same.

11. Plaintiffs, Defendants-in-Counterclaim are without sufficient information to either admit or deny this allegation and call upon the Defendant, Plaintiffs-in-Counterclaim to prove the same.

12. Denied.

13. Plaintiffs, Defendants-in-Counterclaim admit that it sells a "poker casino game." It denies the remainder of this allegation.

14. Plaintiffs, Defendants-in-Counterclaim admit that its packaging has a statement referring to "Play Caribbean Stud Poker." It denies the remainder of this counterclaim.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under the Lanham Act)**

21. Plaintiffs, Defendants-in-Counterclaim incorporates by reference paragraphs 1 through 20.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. This is a conclusion of law which Plaintiffs, Defendants-in-Counterclaim is not required to either admit or deny. If it is not considered to be a conclusion of law, it is hereby denied.

**SECOND CLAIM FOR RELIEF**
**(False Designation Under the Lanham Act)**

28. Plaintiffs, Defendants-in-Counterclaim incorporate by reference paragraphs 1 through 27.

29. Admitted.

30. Denied.

31. Denied.

**THIRD CLAIM FOR RELIEF**
**(Common Law Trademark)**

32. Plaintiffs, Defendants-in-Counterclaim incorporates paragraphs 1 through 31 as if fully set forth herein.

33. Denied.

34. Denied.

**FOURTH CLAIM FOR RELIEF**
**(State Dilution)(Injunctive Relief)**

35. Plaintiffs, Defendants-in-Counterclaim incorporates paragraphs 1 through 34 as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**FIFTH CLAIM FOR RELIEF**
**(Nevada State Trademark Violation)(N.R.S. § 600.240, *et seq.*)**

40. Plaintiffs, Defendants-in-Counterclaim incorporates paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiffs, Defendants-in-Counterclaim are without sufficient information to either admit or deny this paragraph and call upon the Defendant, Plaintiff-in-Counterclaim to prove the same.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendant sets forth a conclusion of law which Plaintiffs, Defendants-in-Counterclaim are not required to either admit or deny. If this not considered a conclusion of law, it is hereby denied.

**SIXTH CLAIM FOR RELIEF**
**(Unfair Competition)**

49. Plaintiffs, Defendants-in-Counterclaim incorporates paragraphs 1 through 48 as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

WHEREFORE, Plaintiffs, Defendants-in-Counterclaim, hereby seeking judgments in favor of any and all counterclaims asserted by the Defendant, Plaintiffs-in-Counterclaim against it. With any costs or fees that may be provided to Plaintiff, Defendants-in-Counterclaim defend in this action.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Mikohn's counterclaim is barred by the doctrines of waiver, laches and/or estoppel.

**Second Affirmative Defense**

Mikohn through its action, has waived any action it may have against Hasbro.

**Third Affirmative Defense**

Hasbro has not infringed upon the alleged trademark and is not liable for infringement thereof.

**Fourth Affirmative Defense**

Mikohn has failed to state a claim upon which relief may be granted.

**Fifth Affirmative Defense**

Hasbro at all times acted without malice and with good-faith belief in the propriety of its conduct and was not notified of this alleged infringement prior to Mikohn alleging this Counterclaim.

**Sixth Affirmative Defense**

Mikohn's counterclaim is barred, in whole or in part, by the doctrine of abandonment.

**Seventh Affirmative Defense**

Mikohn's counterclaim is barred, in whole or in part, by the doctrine of forfeiture.

**Eighth Affirmative Defense**

The alleged infringement is based on a game from the public domain to which Mikohn has no exclusive right.

***Plaintiffs/Defendants-in-Counterclaim hereby make a jury demand.***

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.

By their Attorneys,

*Todd D. White*

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 9 day of December 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon P. Cleary, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*Todd D. White*

*360195_1.doc*