UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | NOTICE TO TAKE DEPOSITION |

PLEASE TAKE NOTICE THAT pursuant to F.R.C.P. 30(b)(6), defendant Mikohn Gaming Corp. will take the deposition upon oral examination of plaintiffs Hasbro, Inc. and Hasbro International, Inc. on the 7th day of February, 2006, at 10:00 a.m. before a notary public or other qualified officer at the offices of Vetter & White, 20 Washington Place, Providence, Rhode Island, and the deposition shall continue until completed as the taking thereof may be from time to time adjourned.

Pursuant to F.R.C.P. 30(b)(6), plaintiffs shall designate one or more officers, directors or managing agents or other persons who consent to testify on their behalf. **The persons so designated shall testify as to matters known or reasonably available to Hasbro, Inc. and Hasbro International, Inc.** The designated person or persons shall be prepared to be examined on and testify to the matters stated in Schedule A attached hereto.

Brooks R. Magratten, Esq. #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: January 6, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Notice To Take Deposition by mailing first class mail, postage prepaid, on the 6th day of January, 2006.

Lisa A. Lariviere

## SCHEDULE A

For the purposes of this Schedule A, the term "plaintiffs" shall mean Hasbro, Inc. and Hasbro International, Inc., singly or in combination, and the term "WMS" shall mean WMS Industries Inc., WMS Gaming Inc. and all parent, subsidiary and affiliated corporations, and all departments, divisions and operating units thereof.

A. The date and terms of any and all contracts between plaintiffs and WMS concerning or relating to gaming machines, video slot machines, mechanical slot machines, table games and any and all other gaming devices or articles.

B. The date, terms of and reason or reasons for any and all amendments to contracts described in paragraph A above.

C. The date and content of communications between plaintiffs and WMS respecting any provision of any state law or regulation concerning or relating to gaming and contracts involving gaming devices or articles.

D. The date and content of communications between plaintiffs and WMS respecting amendments to contracts described in paragraph A above to conform to any state law or regulation concerning gaming and contracts involving gaming devices or articles.

E. What was done, and what information was used to set up, or to change, Hasbro's royalty accounting system for Mikohn royalty obligations or payments.

F. What was done, and what information was used, by the department or account manager responsible for each Mikohn contract, to "populate information" for Hasbro's royalty accounting system.

G. What contract information was "inputted" in Hasbro's royalty accounting system for each Mikohn contract.

H. What royalty rate or schedule was provided by the department or contract manager responsible for each Mikohn contract for use in Hasbro's royalty accounting system.

I. What information about Mikohn or any Mikohn contract was communicated to the Hasbro royalty department by the department or account manager responsible for any Mikohn contract.