UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/ML |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S INTERROGATORIES TO PLAINTIFF HASBRO, INC. AND HASBRO INTERNATIONAL, INC.**

PLEASE TAKE NOTICE, that pursuant to F.R.C.P. 33, plaintiffs Hasbro, Inc. and Hasbro International, Inc. are required to answer these interrogatories, under oath, within thirty (30) days of the date of service.

Definitions

1. The term "person" shall mean any natural person, corporation, firm, partnership, unincorporated association, joint venture, proprietorship, governmental body (including any administrative agency and including state, federal or local governments), or other organization or legal entity.

2. The term "document" shall mean any tangible thing by which data or information is recorded or stored, graphically or electronically, in whatever form, including, without limitation, correspondence, books, pamphlets, periodicals, letters, memoranda, including any memoranda or report of a meeting or telephone call or other conversation, invoice, account, credit memo, financial statement, general ledger, subsidiary and supporting ledger, journal, diary, telegram, report, recording, contract, agreement, study, draft, handwritten or other note, working paper, sketch, picture, plan, chart, drawing, paper, graph, index, tape, data sheet or data processing disk, computer memory, computer readout, microfilm, microfiche, data processing

a determination made, and what was the information learned from the investigation, or what was the determination?

INTERROGATORY NO. 9:

After plaintiffs received the March 20, 2002 and March 22, 2002 writings referred to in paragraphs 22 and 24 of the Complaint, what did plaintiffs do to find out how royalties had been calculated and paid under the License Agreements, and what did plaintiffs learn?

INTERROGATORY NO. 10:

Who decided to agree to the royalty rates proposed in the March 22, 2002 letter from Charles McCrea, and why?

INTERROGATORY NO. 11:

Do plaintiffs agree that the royalty rates in the original License Agreements did not comply with Nevada law? If not, state why.

INTERROGATORY NO. 12:

Identify all communications between plaintiffs and defendant concerning or relating to the March 20 and 22 letters referred to in paragraphs 22 and 24 of the Complaint and:

a) all persons to each such communication;

b) the substance of each such communication;

c) the date of each such communication; and

d) all documents pertaining to each such communication.

INTERROGATORY NO. 13:

State all of the facts on which plaintiffs rely in alleging, in paragraph 32 of the Complaint, that in late 2004 Hasbro had reason to believe that Mikohn had improperly and incorrectly determined and reported royalties to plaintiffs and identify:

a) all persons with knowledge of these facts; and

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC. and
HASBRO INTERNATIONAL, INC.,
Plaintiffs,

v.

Civil Action No.: 05-106 ML

MIKOHN GAMING CORPORATION,
Defendant.

**PLAINTIFFS' ANSWERS TO DEFENDANT'S INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons involved in negotiating and drafting each of the original license Agreements and the amended License Agreements, stating as to each person who they worked for, what they worked on, when they worked and their last known address.

**ANSWER TO INTERROGATORY NO. 1:**

Objection. Plaintiffs object to this interrogatory to the extent that it is overly broad and unduly burdensome with respect to "all persons involved" in drafting said Agreements. Plaintiffs are unable to identity each and every staff person who may have typed edits into a version of a draft. Without waiving this objection, Plaintiffs state that the following individuals were substantively involved in the negotiation and drafting of the referenced Agreements: Jon McCann, Lloyd Mintz and John Gildea, in conjunction with the staff with whom they worked; Pat Schmidt and staff with whom she worked; Jane Ritson-Parsons and staff with whom she worked. Jon McCann, Lloyd Mintz and John Gildea all provided legal assistance in conjunction with the development of the agreement; Pat Schmidt worked with various employees of Mikohn in developing the general agreement; Jane Ritson-Parsons had final approval of the Licensing Agreement. Jon McCann, Lloyd Mintz, John Gildea and Pat Schmidt no longer work for Plaintiffs.

Jon McCann's last known address is 77 Scarborough Road, Cumberland, RI 02864.
Lloyd Mintz's last known address is 77 Westgate Road, Wellesley, MA 02181.
John Gildea's last known address is 125 Stone Ridge Drive, East Greenwich, RI 02818.
Pat Schmidt's last known address is 20 Mesa Drive, North Kingstown, RI 02852.
Jane Ritson-Parsons is currently employed by Plaintiffs.

**ANSWER TO INTERROGATORY NO. 10:**

Objection. Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege. To the extent that this interrogatory is not objectionable, ultimately Pat Schmidt and Jane Ritson-Parsons approved the Amended Agreements.

**INTERROGATORY NO. 11:**

Do plaintiffs agree that the royalty rates in the original License Agreements did not comply with the Nevada law? If not, state why.

**ANSWER TO INTERROGATORY NO. 11:**

Objection. Plaintiffs object to this Interrogatory as it seeks a conclusion of law which Plaintiffs are not obligated to provide. Plaintiffs agree that after March of 2002, Defendants indicated that the royalty rates in the original License Agreements may not have been in compliance with Nevada law. Because of Defendants expected familiarity with Nevada gaming law, Plaintiffs relied on Defendant's knowledge thereof.

**INTERROGATORY NO. 12:**

Identify all communications between plaintiffs and defendant concerning or relating to the March 20 and 22 letter referred to in paragraphs 22 and 24 of the Complaint and:

a) all persons to each such communication;
b) the substance of each such communication;
c) the date of each such communication; and
d) all documents pertaining to each such communication.

**ANSWER TO INTERROGATORY NO. 12:**

Objection. Plaintiffs object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiffs refer Defendant the documents Plaintiffs provided pursuant to Defendants Request for the Production of Documents, in which all such communications were provided.

**INTERROGATORY NO. 13:**

State all the facts on which plaintiffs rely in alleging, in paragraph 32 of the Complaint, that in late 2004 Hasbro had reason to believe that Mikohn had improperly and incorrectly determined and reported royalties to plaintiffs and identify:

a) all persons with knowledge of these facts; and
b) all documents containing or reflecting these facts.