UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/ML |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S SECOND REQUEST FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant demands that plaintiffs produce, for inspection and copying, at 20 Washington Place, Providence, Rhode Island, on or before thirty (30) days from service, the following documents, pursuant to the following definitions.

DEFINITIONS AND INSTRUCTIONS

(a) The terms "document" and "records" include all things by which communication is transmitted or stored, including but not limited to computerized records, computerized data collections or compilations, computerized correspondence files, e-mails, letters, correspondence, notes, records, reports, memoranda, studies, books, drawings, photographs, publications, diaries, contracts, receipts, computations, books of account, balance sheets, magnetic or phonographic recordings, transcriptions, models, prototypes, statements, invoices, tickets, itineraries, cancelled checks, front and back, or drafts, copies or reproductions of any of the foregoing, now available to plaintiffs or in the possession, care, custody or control (actual or constructive) of plaintiffs, whether the documents are in plaintiffs' custody or control, or in the custody or control of plaintiffs' agents, employees, representatives, investigators and, unless privileged, attorneys or their agents, employees, representatives or investigators.

(b) All requests for documents are to be interpreted to refer to documents issued, produced, circulated or in use by said plaintiffs at any time whatsoever, unless specified above.

(c) To the extent an objection is interposed to any of these requests on the ground of privilege, please provide a privilege log identifying all documents withheld on the grounds of the privilege, the date of each such document, the nature of each such document (e.g., correspondence), and the basis on which the privilege is asserted as to each such document (e.g., attorney-client communication).

(d) The term "Hasbro" shall mean either or both of plaintiffs Hasbro, Inc. or Hasbro International, Inc., and their officers, employees and agents.

(e) The term "Mikohn" shall mean Mikohn Gaming Corp., its affiliate corporations, and their officers, employees and agents.

(f) The term "contract" shall mean the original and amended license agreements for Yahtzee, Battleship, Clue, Cluedo, Trivial Pursuit and Monopoly referred to in plaintiffs' Complaint.

(g) The term "LeBreche deposition" shall mean the transcript of the deposition of Kristie LeBreche taken in this action on October 7, 2005.

REQUEST NO. 1:

Copies of all "summary sheets" sent by Mikohn to Hasbro, as described on page 16 of the LeBreche deposition, or as otherwise existing.

REQUEST NO. 2:

Copies of all documents and records showing how Hasbro's royalty accounting system was set up for Mikohn royalty obligations or payments, as described on page 18 of the LeBreche deposition, or as otherwise existing.

R02M0414 HASBRO INC. DATE: 12/08/05
DOMESTIC/CANADIAN ROYALTY POSTING HISTORY TIME: 08:40

CONTRACT: 1424 LICENSEE: 1857 MIKOHN GAMING CORP.
PROPERTY: 171 YAHTZEE
TERM: 01/01/00 - 12/15/04 RECEIVE DATE: 01/28/02

ADVANCE BALANCE:
PROP OWNER ADVANCE BALANCE: REPORT PERIOD: 10/01/01 - 12/31/01

SHIPPED: DOM MFG COUNTRY: SOLD TO COUNTRY:
PRODUCT NO: CATEGORY: 16 PRODUCT DESC: STEPPER

UNITS: GROSS SALES: 33420.00 DEDUCTIONS:

NET SALES: 33420.00 ROYALTY RATE: 100.000 GROSS ROYALTIES: 33420.00

PROPERTY OWNER FEES: OTHER FEES:
NO. AMT. NO. AMT. NO. AMT.

PF7 = PRIOR TRANSACTION PF9 = RETURN
PF1 = UPDATE PF8 = NEXT TRANSACTION CLEAR = EXIT
I ER CHANGES - PRESS ENTER TO EDIT

HAS 0009137