UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al.,<br>Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP.,<br>Defendant. | ) | |

**HASBRO'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO PROVIDE A MORE RESPONSIVE INTERROGATORY ANSWER AND A FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**INTERROGATORY NO. 11:**

Do Plaintiffs agree that the royalty rates in the original License Agreements did not comply with the Nevada Law? If not, state why.

**ANSWER TO INTERROGATORY NO. 11:**

Objection. Plaintiffs object to this Interrogatory as it seeks a conclusion of law which Plaintiffs are not obligated to provide. Plaintiffs agree that after March of 2002, Defendants indicated that the royalty rates in the original License Agreements may not have been in compliance with Nevada law. Because of Defendant's expected familiarity with the Nevada Gaming law, Plaintiffs relied on Defendant's knowledge thereof.

**HASBRO'S POSITION:**

Mikohn is well aware that one of its principal defenses to this action is what it claims to be the "illegality" of the underlying royalty payment provision in the original License Agreement. Mikohn is also aware that an interpretation of the provision has not been reached. Mikohn has not provided the counsel or the Court with any binding authority indicating the

illegality of the royalty payment. In fact, Mikohn has suggested that the Court certify this question to the Supreme Court of Nevada. Therefore, Hasbro is certainly not in a position to make a determination of law on something that is one of the critical defenses in this case. Hasbro's position as stated in the Answer to Interrogatory is appropriate.

**RESPONSE NO. 2:**

Plaintiffs have attached documents which depict the various green of the computer system utilized in accounting for royalty payments. If Plaintiffs are able to locate any other relevant documents, they will be produced.

**HASBRO'S POSITION:**

Mikohn claims that Request No. 2 specifically contemplates the production of "electronic information." Nowhere in this Request does it articulate the production of "electronic information." It specifically asked for "copies of all documents and records . . . ." Nowhere in this request is Mikohn expressly seeking an inspection of the computer system and the program utilized.

It now appears that Mikohn wants Hasbro to provide a copy of a computer program in which Hasbro very well may be a licensee. This request is overly broad and unduly burdensome and may not be something that Hasbro is authorized to do. Mikohn has not articulated what it specifically expects to find in reviewing Hasbro's license programs. Until such time as a defined reason for this type of request exists, Hasbro has already responded and provided the documents that show how the program was populated.

As a final observation, Hasbro objects to the Defendant's Motion on the basis that Mikohn is requesting that an Order be executed which would require production within "ten (10) days of entry of the Order." There is no compelling reason why, if allowed, this production

should be ordered on such short notice.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: February 27, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of February 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*373109_1.doc*