UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs, | |
| v. | Civil Action No. : 05-106/S |
| MIKOHN GAMING CORPORATION, Defendant. | |

**PLAINTIFF, HASBRO, INC.'S MOTION TO COMPEL**

Now come the Plaintiffs, Hasbro, Inc. and Hasbro International., Inc. ("Hasbro") and hereby move to compel certain documents from the Defendant, Mikohn Gaming Corporation pursuant to Hasbro's Fourth Request for Production of Documents. The specific Requests and Responses which are at issue are the following:

REQUEST NO. 1: Please provide full and complete copies of all communications, notes, interviews, transcriptions, letters, memoranda, reports or other forms of recorded information pertaining to an investigation, review or analysis undertaken by Gary Elliott or any agent of the Michigan Gaming Control Board which concerns any aspect of the licensing agreements between Hasbro and Mikohn.

RESPONSE NO. 1: Objection. Plaintiffs' request is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, see Mikohn's supplemental privilege log, appended hereto as Exhibit A, and the document appended hereto as Exhibit B (portions not pertaining to licensing agreements with Hasbro have been redacted).

REQUEST NO. 2: Please provide full and complete copies of any and all communications, notes, interviews, transcriptions, documentation, letters, memoranda, reports or recorded information provided to any administrative agency concerning or relating to the licensing agreements between Hasbro and Mikohn.

RESPONSE NO. 2: Objection. Plaintiffs' request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## ARGUMENT

In responding to these two Requests, the Defendant has: 1) produced a Supplemental Privilege Log; 2) produced an almost fully redacted copy of a letter to the Michigan Gaming Control Board and, 3) universally objected to Hasbro's Request No. 2 without providing any documents.

The Supplemental Privilege Log produced by the Defendant does not define which withheld documents specifically pertain to the investigation undertaken by the Michigan Gaming Control Board. Without this information, Plaintiffs cannot properly ascertain the merit of Defendant's position. Therefore, this document - without more - is deficient.

Furthermore, Mikohn did not produce any documents pursuant to Request No. 2, claiming it was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. This objection is meritless. Hasbro is specifically trying to ascertain what information Mikohn provided to any administrative agency which may have reviewed or investigated issues pertaining to licensing agreements between Hasbro and Mikohn. As a principal defense in this case, Mikohn has taken the position that its initial Licensing Agreements with Hasbro were illegal. Therefore, Hasbro has the right, as well as the obligation to ascertain what position Mikohn may have taken on these same Agreements with investigative agencies. Hasbro has the right to determine if Mikohn's position has been inconsistent in any manner or if Mikohn has made any relevant admissions.

The only document which Mikohn has produced in response to the aforementioned Requests was a five page, single-spaced letter from Robert Stocker to Mr. Ben McMakin of the Michigan Gaming Control Commission. However, in producing this document Mikohn redacted everything except for ten (10) lines. (Attached as Exhibit 1.) Because the unredacted portion

begins "Finally, given the context within which Mr. van Hook's deposition was taken, it is appropriate to comment on the Hasbro litigation . . ." it is clear that some or all of the redacted portions discussed the deposition testimony of Dennis van Hook, which was taken in this case. Based on the little that has been provided, it would seem to appear that other portions of this letter address Mr. van Hook's deposition testimony.

Ultimately, Plaintiffs seek the disclosure of the redacted portions. Because the letter is written to the Michigan Gaming Commission, these portions are not protected by the attorney-client privilege. Although the information may not meet the standard of admissibility at trial, this does not mean it is not discoverable at this stage.

WHEREFORE, Hasbro respectfully requests that Mikohn's objections be stricken as improper; that any and all documents relative to the aforementioned Requests be provided; and that Mikohn be compelled to provide the redacted information in the letter authored by Mr. Stocker.

Hasbro has conferred with Defendant's counsel in order to try and resolve this discovery dispute and has been unable to do so. (See Exhibit 2.)

HASBRO, INC. and HASBRO INTERNATIONAL, INC.

By their Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (# 6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of February, 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Judd D. White

*363172_1.doc*