UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT MIKOHN GAMING**
**CORPORATION'S MOTION TO SEAL**

Defendant Mikohn Gaming Corp. ("Mikohn") moves, pursuant to Local Rule General 102 and the April 22, 2005 Stipulation and Protective Order entered in this matter, for an order sealing Count III of plaintiffs' Amended Complaint. As shown more fully in Mikohn's supporting memorandum filed herewith, the substance of the allegations made in Count III are derived from deposition testimony which Mikohn designated as Confidential under the Stipulation and Protective Order. Mikohn also requests sanctions for Hasbro's deliberate and repeated violations of the Stipulation and Protective Order.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: March 3 , 2006

**CERTIFICATE OF SERVICE**

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Defendant Mikohn Gaming Corporation's Motion To Seal by mailing first class mail, postage prepaid, on the 3rd day of March, 2006.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**MIKOHN GAMING CORPORATION'S MOTION TO SEAL**

Count III of Hasbro's amended complaint was filed in violation of the Stipulation and Protective Order the Court entered on April 22, 2005. Count III reveals information Mikohn designated as Confidential under the Order, and should be sealed.

The Stipulation and Protective Order was thoroughly negotiated and accepted by Hasbro and Mikohn. Hasbro and Mikohn jointly moved for its entry as an Order of the Court, and the Court graciously granted the motion. Now, Hasbro has decided unilaterally to ignore the Order.

The Stipulation and Protective Order provides that parties may designate discovery materials, including deposition transcripts, as "Confidential" or "Confidential-Attorneys' Eyes Only." Order, pp. 2-3. The Stipulated Order further provides that:

> In the event any Material designated Confidential ... is to be included in ... a document ... which is to be filed with either the Clerk or the Court ... the party proposing to file such material shall give notice to the disclosing party and shall reasonably cooperate with the disclosing party in filing a motion to seal such Material ... ." Order, ¶13, p. 13.

Here, Count III of Hasbro's Amended Complaint is suffused with information Mikohn designated Confidential. Count III details statements that disaffected Mikohn former employees gave at deposition which Mikohn explicitly designated Confidential.

The information in Count III relating to Dennis Van Hook came from page 20 of his deposition transcript, which Mikohn designated Confidential by letter dated June 24, 2005.

The information in Count III relating to Laurence Ruhe came from pages 43-44 of his deposition transcript, which Mikohn designated Confidential by letter dated July 15, 2005.

The information in Count III relating to John Garner came from pages 53 and 56 of his deposition transcript, which Mikohn designated Confidential by letter dated July 15, 2005.

The information in Count III relating to Thomas Haas came from pages 19 and 21 of his deposition transcript, which Mikohn designated Confidential by letter dated July 15, 2005.

The information in Count III relating to Charles McCrea came from deposition Exhibits C and 1 and related testimony, and page 81 of his deposition transcript, which Mikohn designated Confidential by letter dated January 5, 2006.

Mikohn submits that Hasbro's violation of the Stipulation and Protective Order was not an accident, because earlier in this case Hasbro unsuccessfully challenged Mikohn's designation of the Van Hook deposition as Confidential.[1]

On July 8, 2005, Hasbro moved to strike Mikohn's Confidential designation of the Van Hook deposition transcript. Mikohn objected to the motion on the grounds, among others, that the transcript contained information about communications between Van Hook and other Mikohn officers and employees about Mikohn's accounting practices, and an investigation of Mikohn by a state regulatory agency.

[1] Nor is this Hasbro's first violation of the Stipulation and Protective Order. Hasbro on September 23, 2005 filed its objection to Mikohn's Motion To Dismiss without bothering to seal confidential information. Hasbro later moved to seal, only after Mikohn complained.

On August 3, 2005, Magistrate Judge Almond issued a Memorandum and Order denying Hasbro's motion to strike the Van Hook Confidential designation. The Memorandum and Order noted that the Stipulation and Protective Order had been approved and entered as an Order of the Court on the parties' joint motion. The Memorandum and Order noted further that the parties' stipulation that "confidential commercial information" would be protected covered information such as Mikohn's accounting practices and regulatory matters. The Magistrate Judge ruled that Mikohn had made a sufficient showing to meet its burden in designating the Van Hook deposition transcript "Confidential," and denied Hasbro's motion.

Hasbro may not have liked the Magistrate Judge's ruling, but Hasbro is bound to follow it and the Stipulation and Protective Order. Hasbro, apparently, thinks not. When Mikohn asked Hasbro why the Stipulation and Protective Order was not followed with respect to amended Count III in the Amended Complaint, Hasbro stated it determined itself that Mikohn's designation was not proper. See Exhibit A attached. Hasbro went ahead with the filing without notice to Mikohn, and without reasonable cooperation in seeking an order to seal Count III of the Amended Complaint, as agreed and ordered by the Stipulation and Protective Order.

Moreover, Hasbro's assertion in Exhibit A that the information in Count III is not "likely to surrender a competitive advantage or foster a competitive disadvantage" is an attempt to change the subject. Competitive advantage or disadvantage is a condition applicable to Confidential-Attorneys' Eyes Only information, not Confidential information. Order, ¶2, page 2.

The test of Confidential information, which is the designation of the information used in Count III, is "trade secrets, confidential research and/or confidential commercial information." As Magistrate Judge Almond ruled:

> "Although Plaintiffs correctly point out that the burden of demonstrating confidentiality is on Defendant under the terms of the Protective Order, this Court does not find that burden to be very demanding because the parties

> themselves have agreed to such broad and vague categories of confidential 'commercial information'." Mem. and Order at 2.

Confidential commercial information need not be the equivalent of a trade secret, and is any information about commercial operations which a competitor could use unfairly. See, In re Orion Pictures Corp., 21 F.3d 24, 27-28 (2nd Cir. 1994)(applying 11 U.S.C. §107(b)). Most, if not all, of the individuals whose testimony was used in amended Count III are subject to confidentiality agreements with Mikohn. Even in the absence of confidentiality agreements, no employer and no employee would reasonably consider the information displayed in amended Count III to be matters for free and open public discussion. It takes no great imagination to envision competitors of Mikohn using the information in amended Count III, which Mikohn disputes, to disparage Mikohn in the marketplace. The information in amended Count III is patently confidential commercial information.

Moreover, it does Hasbro no good to claim that Judge Smith "invited" Hasbro to buttress its original Count III with greater specificity. Hasbro told neither the Court nor Mikohn that it would do so by violating the Confidentiality designations and the Stipulation and Protective Order. Hasbro just did it. If Hasbro does it again, or uses its wrongful release as justification for further releases, Mikohn respectfully requests the Court to treat the matter as a serious breach of a court order.

The deposition and documentary information as recited in amended Count III has been properly designated Confidential. For these reasons, amended Count III in plaintiffs' amended complaint should be sealed, and the Court should award sanctions against Hasbro.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: March 3 , 2006

**CERTIFICATE OF SERVICE**

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Defendant Mikohn Gaming Corporation's Motion To Seal by mailing first class mail, postage prepaid, on the 3rd day of March, 2006.