UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Mikohn Gaming Corp. ("Mikohn") objects to plaintiffs' Hasbro, Inc.'s and Hasbro International, Inc.'s (collectively "Hasbro's") motion to compel production of documents in response to Hasbro's Fourth Request for Production of Documents. Mikohn submits herewith a supporting memorandum of law.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
mdaly@vetterandwhite.com

Dated: March 9, 2006

**CERTIFICATE OF SERVICE**

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Defendant's Objection to Plaintiffs' Motion to Compel Production of Documents by mailing first class mail, postage prepaid, on the 9th day of March, 2006.

/Melaine Lotto/

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 05-0106/S |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S OBJECTION TO PLAINTIFFS'**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Mikohn Gaming Corp. ("Mikohn") objects to plaintiffs' Hasbro, Inc.'s and Hasbro International, Inc.'s (collectively "Hasbro's") motion to compel production of documents in response to Hasbro's Fourth Request for Production of Documents.

**Mikohn's Objections and Response to Request No. 1 is Appropriate**

Hasbro has requested all documents "pertaining to an investigation, review or analysis undertaken by ... the Michigan Gaming Control Board ['MGCB'] which concerns any aspect of the licensing agreements between Hasbro and Mikohn." On its face, this request is overly broad and is unlikely to lead to the discovery of admissible information. This case focuses primarily on a question of contract interpretation. Documents pertaining to an MGCB inquiry of any aspect of agreements will have no bearing on any of the issues raised in this case.

Despite the impropriety of Hasbro's request, Mikohn did produce a redacted copy of a letter its counsel sent to the MGCB (hereafter "MGCB letter"), rebutting several spurious statements that Dennis Van Hook, a disgruntled former Mikohn employee turned Hasbro witness, made against Mikohn during Hasbro's deposition of him. During his deposition, in response to questioning from Hasbro's counsel, Van Hook meandered through several issues

unrelated to this case, or the agreements at issue. At the request of the MGCB, Mikohn provided it with a complete transcription of Van Hook's deposition testimony and addressed Van Hook's various allegations accordingly. The MGCB letter tracks the issues Van Hook raised, including those that have nothing to do with Hasbro. Because Hasbro's request is limited to documents that "concern[] any aspect of the licensing agreements...," the majority of the MGCB letter is beyond the scope of Hasbro's request. Mikohn produced the portions of the letter arguably responsive to the request and redacted the remainder.

Mikohn was justified in redacting sensitive and unresponsive information appearing in the MGCB letter. Indeed, Michigan law recognizes that licensees communicating with the MGCB should be able to do so confidentially. Pursuant to Mich. Comp. Laws § 432.204c(1)(a), "all the information, records, interviews, reports, statements, memoranda, or other data supplied to, created by, or used by the board related to background investigation of applicants or licensees and to trade secrets, internal controls, and security measures of the licensees or applicants" are exempt from disclosure under Michigan's Freedom of Information Act. Although this statute does not limit discovery obligations, it does exemplify the appreciation that the MGCB has for the confidentiality of its proceedings.

Also in response Hasbro's Request No. 1, Mikohn supplemented its privilege log to identify two documents, labeled as MIK 3934-37 and MIK 3938-39, it withheld on the basis of attorney client privilege and the work product doctrine. Hasbro claims that it is unable to evaluate the propriety of the privilege assertion because Mikohn "does not define which withheld documents specifically pertain to the investigation undertaken by the [MGCB]." See Plaintiff, Hasbro, Inc.'s Motion to Compel, at 2 (hereafter "Hasbro's Motion"). According to Hasbro, without this information, it "cannot properly ascertain the merit of [Mikohn's] position." Id.

Hasbro's concerns are unfounded. First, in response to Hasbro's Fourth Request for Production, Mikohn added only two new documents to its privilege log. Obviously these documents were withheld in response to Hasbro's request.[1] Second, Hasbro can review the privilege log to determine whether a document has properly been withheld. Whether a document is privileged does not depend on the request that prompted the privilege log entry.

As reflected in the privilege log, MIK 3934-37 is a memorandum created by Mikohn's legal counsel regarding an administrative investigation of Mikohn. Document MIK 3938-39 is an email chain between Mikohn executives and counsel discussing the same investigation. Although Hasbro has not made a specific challenge to the privilege assertion, Mikohn will provide the documents to the Court for in camera review if necessary.

**Mikohn's Responses to Request No. 2 is Appropriate**

Hasbro requested Mikohn to produce all documents that Mikohn may have given to "any administrative agency" pertaining the Hasbro/Mikohn contracts. This request is overbroad. Mikohn has, on countless occasions, communicated with numerous state and federal regulatory agencies since entering the agreements with Hasbro in 1998. Some of these communications were for the purpose of obtaining approvals of the slot machines from regulatory agencies. Each version of each slot machine (Yahtzee/Battleship) would be approved in at least twenty jurisdictions. There would be a file for each version of each game in each jurisdiction. There would be hundreds of files that are irrelevant to the issues in this case. It is possible that the Hasbro/Mikohn agreements could be referenced any number of times. However, it is unlikely that Mikohn would discuss contract interpretation issues with an administrative agency. In this circumstance, it would be unreasonably burdensome to expect

[1] Mikohn would point out that Hasbro made no attempt to contact Mikohn in connection with its privilege questions before filing this motion to compel.

Mikohn to sort through all of its records from the better part of the last decade in an attempt to produce documents that may have been sent to any agency and have any relation to the agreements.

Hasbro appears to limit the scope of its request to documents that address the legality of the agreements. According to Hasbro, because Mikohn has raised an illegality defense, Hasbro "has the right, as well as the obligation to ascertain what position Mikohn may have taken on these same Agreements with investigative agencies." Hasbro's Motion at 2. Even so limited, that information could not lead to the discovery of any admissible information. Whether the agreements are illegal is a question of law that can be answered only by comparing the contract terms with applicable statutes and regulations. Except for the contracts themselves, no documents could change the fact that some jurisdictions (Nevada in particular) prohibit Hasbro from recovering royalties in the manner it now demands. Mikohn's objections are appropriate.

**CONCLUSION**

For the reasons stated herein, Mikohn respectfully requests that the Court deny Hasbro's motion to compel.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
mdaly@vetterandwhite.com

Date: March 9 , 2006

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum In Support Of Defendant's Objection To Plaintiffs' Motion To Compel Production of Documents by mailing first class mail, postage prepaid, on the 9th day of March, 2006.

Melanie Loretto