UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

## MOTION TO SEAL COMMUNICATIONS WITH THE STATE OF NEVADA ATTORNEY GENERAL, NEVADA DEPARTMENT OF JUSTICE

Pursuant to Local Rule 102(a), defendant Mikohn Gaming Corporation moves for an order sealing:

a. March 3, 2006 letter from Derek Harmer to Dennis K. Neilander, Chairman, State of Nevada Gaming Control Board;

b. March 15, 2006 letter from Keith E. Kizer, Chief Deputy Attorney General, Gaming Division, State of Nevada, to Derek Harmer; and

c. March 7, 2002 Memorandum from Michael E. Wilson, Assistant Chief Deputy Attorney General, Gaming Division, State of Nevada, to Scott Scherer, Member, State of Nevada Gaming Control Board.

Copies of the three documents requested to be sealed are attached hereto. Defendant's supporting memorandum is filed herewith.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: March 17, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Motion To Seal Communications with the State of Nevada Attorney General, Nevada Department of Justice, by mailing first class mail, postage prepaid, on the 17th day of March, 2006.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

MEMORANDUM IN SUPPORT OF
MOTION TO SEAL COMMUNICATIONS WITH THE
STATE OF NEVADA ATTORNEY GENERAL,
NEVADA DEPARTMENT OF JUSTICE

Mikohn Gaming Corporation has moved for an order sealing three documents constituting communications with the office of the State of Nevada Attorney General. The key document to be sealed – the March 7, 2002 Memorandum by an Assistant Chief Deputy Attorney General to the Nevada Gaming Control Board – was obtained from the Nevada Attorney General's Office following the February 10, 2006 hearing on Mikohn's motion to dismiss.

The March 7, 2002 memorandum speaks directly to the issues presented by Mikohn's motion to dismiss, and addresses a question raised by the Court about the royalty provisions in the license agreement being fixed in part and variable in part.

As the three documents reveal, Nevada Attorney General opinions such as the March 7, 2002 Wilson memorandum are considered privileged communications between the Gaming Control Board and its attorneys. In the usual course, the memorandum would not be made public. Chief Deputy Attorney General Kizer's letter makes it clear that without the protections of the Stipulation and Protective Order in this case, the memorandum may well not

have been released. For that reason, Mikohn has designated the memorandum and associated correspondence with the most protective classification under the Stipulation and Protective Order – "Confidential-Attorneys' Eyes Only" – and is moving to seal the documents as provided in the Stipulation and Protective Order.

There are ample grounds to seal this chain of communications. The March 7, 2002 Wilson memorandum is labeled "Confidential Attorney/Client Communication," so the memorandum was prepared and communicated on the premise that it was not a document for public channels. Additionally, the memorandum details the precise royalty arrangements between Hasbro and Mikohn (pp. 2-3), who each have previously designated such information "Confidential" under the Stipulation and Protective Order. The memorandum also notes that Deputy Attorney General Wilson did not contact a former Nevada Gaming Control Board division chief because "of the sensitive nature of the issue being analyzed" and the fact that the former officer then worked for a competitor of Mikohn, WMS Gaming. Hasbro, it so happens, had a slot machine license agreement with WMS Gaming dating back to 1997.

Most importantly, perhaps, the memorandum is an exploration of the deliberative process exercised generally by governmental bodies, and law enforcement authorities in particular. The memorandum reveals the mental processes by which gaming regulators gauge contracts concerning gaming revenues, and approve or disapprove of certain arrangements based on "the obvious abuse that could result from the blind application of ... statutory provisions" (p. 5). In revealing the mental impressions and subjective opinions of regulators, a "clearly defined and very serious injury" could result from disclosure of the memorandum at this time. See, generally, Western Resources, Inc. v. Union Pacific Railroad Co., 2001 WL 1718370 (D. Kan. 2001) quoting, Zippo v. IBP, Inc., 160 F.R.D. 625, 627 (D. Kan. 1995).

Finally, there is no realistic alternative to sealing the documents. The memorandum has already been redacted by the Nevada Attorney General's Office, and further redactions, even if sparingly made, would obliterate the reasoning of the memorandum, making it useless to everyone.

For all of these reasons, Mikohn respectfully requests that the motion to seal be granted.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: March 17, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Motion To Seal Communications with the State of Nevada Attorney General, Nevada Department of Justice, by mailing first class mail, postage prepaid, on the 17th day of March, 2006.

Lisa A. Lariviere