UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' OPPOSITION TO CONFIDENTIALITY DESIGNATIONS**

Defendant Mikohn Gaming Corp. ("Mikohn") objects to plaintiffs Hasbro Inc.'s and Hasbro International, Inc.'s ("Hasbro") "opposition" to Mikohn's confidentiality designations.

Mikohn requests hearing on this objection. Hasbro has invited the Court to address this issue at a hearing on cross motions to compel currently scheduled for March 27, 2006. Mikohn has no objection to this matter being heard at that time. Mikohn estimates that a hearing on this objection would last less than 15 minutes.

Mikohn submits herewith a supporting memorandum of law.

Michael J. Daly
Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: March 22, 2006

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Defendant's Objection to Plaintiffs' Opposition to Confidentiality Designations by mailing first class mail, postage prepaid, on the 22 day of March, 2006.

Melaine Gotto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFFS' OPPOSITION TO CONFIDENTIALITY DESIGNATIONS**

Defendant Mikohn Gaming Corp. ("Mikohn") objects to plaintiffs Hasbro Inc.'s and Hasbro International, Inc.'s "opposition" to Mikohn's confidentiality designations made pursuant to a jointly crafted "Stipulation and Protective Order Concerning Confidentiality of Discovery Materials" (hereafter "order").

Early in this case, the parties recognized that discovery would likely involve confidential information. Accordingly, the parties agreed on the terms of the confidentiality order and submitted it to the Court for approval. The Court entered the order on the terms the parties requested. See Order, dated April 22, 2005.

Under the order, any party "may designate any deposition testimony or any portion thereof (including exhibits) as Confidential...." Id. at ¶ 5. A confidential designation does not limit either party's ability to prepare for the prosecution or defense of any claims raised in this case.

The order does not specifically define the term "confidential." Rather, the parties agreed that "[a] designation of Confidential shall constitute a representation by the party or person or entity and its counsel that they, in good faith, believe that the material so designated contains or constitutes: trade secrets, confidential research and/or confidential commercial

information." Id. at ¶ 1. These broad categories of information are not further refined in the order.

Hasbro already has unsuccessfully challenged a prior confidential designation by Mikohn in this case. After Hasbro deposed a former Mikohn executive and elicited testimony pertaining to the alleged inner workings of the company, Mikohn designated portions of the transcript confidential. Hasbro objected to the confidentiality designation, claiming the information did not constitute "confidential commercial information" as contemplated in the order. The Court, however, recognized that "the parties themselves have agreed to such broad and vague categories of confidential 'commercial information'" and, therefore, the burden of demonstrating confidentiality is not "very demanding." See Memorandum and Order, dated August 3, 2005 at 2 (Almond, Mag. J.), attached as Exhibit A. Recognizing that an overly burdensome test for "confidential commercial information" could lead to a "subcurrent of litigation," the Court declined Hasbro's "attempt to drag it into a page-by-page and line-by-line confidentiality analysis of a transcript nearing eighty pages in length." Id. Accordingly, the Court denied Hasbro's attempt to strike Mikohn's confidentiality designations.

Hasbro's request to strike confidentially designations is no more compelling the second time around. Although Hasbro's objections now focus on testimony given by Hasbro employees, those employees offered testimony pertaining to Mikohn's business. Without engaging in a "page-by-page and line-by-line" analysis of the transcripts, the portions of the testimony and documents that have been designated confidential are summarized below:

- Stephen Finelli (accountant) – Discussions and documents pertaining to Hasbro's 2004 audit of Mikohn and the terms of the confidential licensing agreements;
- Kristie LeBreche (financial analyst) – Discussions and documents pertaining to Mikohn's earnings and royalty payments to Hasbro under the confidential licensing agreements;
- Paul Kehoe (accountant) – Discussions and documents pertaining to Hasbro's 2004 audit of Mikohn and the terms of the confidential licensing agreements;
- Pat Schmidt (former Vice President of Licensing) – Discussions and documents pertaining to the terms and performance of the confidential licensing agreements; and
- Bruce Kelly (General Counsel) – Discussions and documents pertaining to the terms and performance of the confidential licensing agreements.

The above summarized testimony and documents pertain to information that Mikohn would not customarily release to the public. Thus, Mikohn has a good faith belief that the above testimony and documents are confidential commercial information. See Providence Journal Co. v. Convention Center Authority, 774 A.2d 40, 47 (R.I. 2001) (holding that voluntarily produced information that "would not customarily [be] released to the public" constitutes "confidential commercial information" under Rhode Island's Access to Public Record's Act). Mikohn's reasonable perception of the confidentiality of information and documents should not be second-guessed simply because they were discussed during depositions of Hasbro employees.

Further, as has already been recognized by the Court, the confidentiality designation will not affect Hasbro's ability to prepare for the case. Exhibit A at 1. No third parties have requested that the designations be stricken. Given the broad language of the confidentiality agreement that the parties agreed to, there is no basis for allowing Hasbro to disturb Mikohn's confidentiality designations.

## CONCLUSION

For the reasons stated herein, Mikohn respectfully requests that the Court deny Hasbro's "opposition" to Mikohn's confidentiality designations.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: March 22, 2006

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum In Support Of Defendant's Objection To Plaintiffs' Opposition to Confidentiality Designations by mailing first class mail, postage prepaid, on the 22 day of March, 2006.

Melaine Sosetti