UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HASBRO, INC. and HASBRO INTERNATIONAL, INC. :
:
:
v. : C.A. No. 05-106ML
:
MIKOHN GAMING CORPORATION :

# MEMORANDUM AND ORDER

Before this Court for determination is Plaintiffs' Motion to Strike the "Confidential" Designation of Certain Information. (Document No. 21). 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on August 2, 2005. For the reasons discussed below, Plaintiffs' Motion is DENIED.

This Motion arises out of the parties' Joint Motion for the Entry of a Protective Order proposed to "safeguard confidential information and facilitate discovery." (Document No. 4). The parties jointly submitted a proposed form of Protective Order that was accepted by District Judge Lisi and entered as an Order of the Court on April 22, 2005. (Document No. 5). The Protective Order covers information designated, in "good faith," as "trade secrets, confidential research and/or confidential commercial information." Id. The Protective Order does not otherwise attempt to define these broad terms. The Protective Order provides elaborate mechanisms for challenging confidentiality designations and ultimately places the burden on the designating party (in this case, Defendant) to demonstrate that the materials are properly designated as confidential.

This dispute involves the deposition transcript of Dennis van Hook, a former controller and accounting employee of Defendant. Defendant has designated the majority of van Hook's deposition

as confidential pursuant to the Protective Order. Defendant contends that van Hook testified about its business practices, business arrangements and other confidential agreements which qualify for protection under the Protective Order. Plaintiffs disagree. Although Plaintiffs are free to use the deposition transcript in their case preparation, they argue that the transcript should be the subject of public scrutiny since Defendant is a publicly-traded company. No third party has apparently sought access to the transcript in this action.

In order to "safeguard confidential information and facilitate discovery," Plaintiffs voluntarily joined with Defendant to prepare and propose a Protective Order to the Court. By adopting the proposed Protective Order, the Court was simply accommodating the wishes of the litigants. The van Hook deposition was apparently one of the first items of discovery in this case. At the hearing, this Court expressed concern to both parties that their vague and broad descriptions of the categories of confidential information in the Protective Order was going to lead to a subcurrent of "confidentiality litigation" in this case which was unnecessary and unproductive and that this dispute was the first in line. This Court also expressed concern over Plaintiffs' attempt to drag it into a page-by-page and line-by-line confidentiality analysis of a transcript nearing eighty pages in length. Although Plaintiffs correctly point out that the burden of demonstrating confidentiality is on Defendant under the terms of the Protective Order, this Court does not find that burden to be very demanding because the parties themselves have agreed to such broad and vague categories of confidential "commercial information." If the parties wanted a more precise or more narrow definition, they should have included one in their proposed Protective Order. Defendant has made a sufficient showing to meet its burden as to the van Hook deposition.

Thus, Plaintiffs' Motion to Strike the "Confidential" Designation (Document No. 21) is DENIED. This Order applies only as to this pending dispute between the parties and is without prejudice to the arguments which may be made by any third parties in any future motions regarding this transcript.

LINCOLN D. ALMOND
United States Magistrate Judge
August 3, 2005