UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. | : | |
| v. | : | C.A. No. 05-106ML |
| MIKOHN GAMING CORPORATION | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination are (1) Defendant's Motion to Compel a More Responsive Answer to Interrogatory No. 11 and a Further Response to Request for Production No. 2 (second set) (Document No. 91); and (2) Plaintiffs' Motion to Compel a Further Response to Requests for Production Nos. 1 and 2 (fourth set) (Document No. 94). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on March 28, 2006. Following that hearing, Defendant's counsel submitted one of the disputed documents to the Court for *in camera* review and also submitted a copy of its supplemental privilege log. After listening to the arguments of counsel and reviewing the memoranda and materials submitted by the parties, the parties' Motions are resolved as set forth below.

**A. Defendant's Motion to Compel (Document No. 91)**

1. Interrogatory No. 11. Plaintiffs' Objection is sustained, and Defendant's Motion to Compel is DENIED.

2. Request No. 2. Defendant's Motion to Compel is GRANTED. Plaintiffs shall produce any responsive "documents and records" not previously produced including any which indicate the way in which Hasbro programmed its royalty accounting system to calculate royalties

under the agreements in dispute. Plaintiffs shall either permit Defendant to inspect the computer program or provide Defendant with an electronic copy. To the extent Plaintiffs argue that the program is subject to a license agreement or otherwise is proprietary information, Plaintiffs may designate the program as confidential under the "Stipulation and Protective Order Concerning Confidentiality of Discovery Materials" entered by the Court on April 22, 2005.

**B. Plaintiffs' Motion to Compel (Document No. 94)**

1. Request No. 1. Defendant's objection is sustained in part and Plaintiffs' Request is narrowed to include only responsive documents which concern the royalty payment provisions of the licensing agreements between Hasbro and Mikohn. Defendant's claim of privilege as to documents MIK 3934-37 and MIK 3938-39 is sustained as the supplemental privilege log contains sufficient information to support the claimed privilege.

With respect to the September 9, 2005 letter, Defendant shall produce an unredacted version to Plaintiffs. The substantial redactions are based solely on relevancy grounds. However, courts have generally not been receptive to the practice of unilateral document redactions on the basis of relevancy objections. See United States v. Davis, No. 85 Civ. 6090, 1988 WL 96843 (S.D.N.Y. Sept. 13, 1988) (unilateral redaction of documents on relevance grounds "unfairly" deprived requesting party of its discovery rights). Likewise, Fed. R. Civ. P. 34 provides for the production of "documents" and provides that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business." There is no mechanism in the Rules for the redaction of documents purely on relevance grounds. The Rules do permit a party to withhold otherwise discoverable information on the basis of attorney-client privilege or attorney work-product

protection subject to creation of an appropriate log under Fed. R. Civ. P. 26(b)(5). Defendant is not here claiming any privilege.

For instance, in In re Atl. Fin. Fed. Sec. Litig., No. 89-0645, 1991 WL 153075 (E.D. Pa. Aug. 6, 1991), the Court ordered production of unredacted documents where, as in this case, defendants were not claiming privilege and were "well-protected from improper disclosure by [a] confidentiality order." See also Seafirst Corp. v. Jenkins, 644 F. Supp. 1160, 1164 (W.D. Wash. 1986) (court ordered disclosure of unredacted documents reasoning that "disclosure of possibly irrelevant material will cause no harm [while] partial disclosure may tend to distort the tenor of the reports"); and In re Medeva Sec. Litig., No. 93-4376-KN, 1995 WL 943468, *3 (C.D. Cal. May 30, 1995) ("The Court does not welcome unilateral editing of documents by the producing party. Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured. It also tends to make documents confusing or difficult to use. All too often, the practice results in litigation of collateral issues and *in camera* review of documents by the Court, with the result that the time of both counsel and the Court is wasted. These drawbacks ordinarily outweigh the minimal harm that may result from disclosure of some irrelevant material."). This Court agrees with these cited cases and finds no justifiable basis under these particular circumstances for Defendant's unilateral redaction of this document on grounds of irrelevancy. To the extent Defendant raises confidentiality concerns, Defendant may designate the letter as confidential under the "Stipulation and Protective Order Concerning Confidentiality of Discovery Materials" entered by the Court on April 22, 2005.

2. Request No. 2. Defendant's objection is sustained in part and Plaintiffs' Request is narrowed to include only responsive documents which concern the royalty payment provisions of the licensing agreements between Hasbro and Mikohn.

**Conclusion**

The Motions to Compel (Document Nos. 91 and 94) are GRANTED in part and DENIED in part as specified above. The parties shall produce any materials required by this Order within thirty (30) days of the date of this Order, or at any other mutually agreed date.

LINCOLN D. ALMOND
United States Magistrate Judge
March 30, 2006