UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

Defendant Progressive Gaming International Corporation, f/k/a Mikohn Gaming Corp. ("Progressive Gaming")[1] moves pursuant to Fed. R. Civ. P. 16(b) to amend the pretrial scheduling Order to: 1) postpone Progressive Gaming's expert disclosures in connection with plaintiffs Hasbro, Inc.'s and Hasbro International, Inc.'s (together "Hasbro") claims by one month; 2) extend the discovery period by five weeks; and 3) postpone the deadline for dispositive motions and pretrial memoranda by five weeks.

Pursuant to LR Civ. 7(a), Progressive Gaming files herewith a supporting memorandum of law. Upon objection, Progressive Gaming respectfully requests oral argument on this motion and estimates that such argument would last less than 30 minutes.

Michael J. Daly
Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Date: April 13, 2006

[1] Mikohn Gaming Corp. formally changed its name to Progressive Gaming International Corporation in March 2006.

# CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Motion To Amend the Pretrial Scheduling Order by mailing first class mail, postage prepaid, on the 13th day of April, 2006.

Melaine Scott

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

Defendant Progressive Gaming International Corporation, f/k/a Mikohn Gaming Corp. ("Progressive Gaming")[1] submits this memorandum in support of its motion to amend the pretrial scheduling order to: 1) postpone Progressive Gaming's expert disclosures in connection with plaintiffs Hasbro, Inc.'s and Hasbro International, Inc.'s (together "Hasbro") claims by one month; 2) extend the discovery period by five weeks; and 3) postpone the deadline for dispositive motions and pretrial memoranda by five weeks. Progressive Gaming moves for the extensions because, despite its diligent pursuit of discovery, the existence of complex and unusual factual and legal issues in this case makes it is unlikely it will be able to meet the current deadlines set forth in the existing pretrial order.

**FACTS AND TRAVEL**

This once seemingly straightforward (but curious) contract case has blossomed into an epic tale, complete with Hasbro's use of paid "informants" to conceive its multi-million dollar claims for a share of gambling revenues in violation of Nevada law. Hasbro brought this action against Progressive Gaming in March 2005, claiming primarily that Progressive Gaming

[1] Mikohn Gaming Corp. formally changed its name to Progressive Gaming International Corporation in March 2006.

improperly paid slot machine royalties to Hasbro from 2000 to 2002. Despite: 1) Progressive Gaming showing Hasbro precisely how it calculated each royalty payment and 2) Hasbro concluding Progressive Gaming properly paid all royalties after conducting a detailed audit, Hasbro now contends royalties were to be calculated differently.

Through discovery Progressive Gaming began to scratch the surface of Hasbro's claims and understand its about-face with respect to royalty payments. Progressive Gaming learned that before bringing this action, Hasbro entered an agreement to pay an individual potentially hundreds of thousands of dollars in return for information that would form the basis of Hasbro's claims. This information, as it turns out, was nothing more than the "informant's" alternative interpretation of the royalty provision that Hasbro believed would put an additional $6 million into its pockets (and possibly hundreds of thousands of dollars into the informant's).

The source of this supposed information was an individual who had close ties with disgruntled former Progressive Gaming employees. Early in this case (even before the pretrial conference occurred), Hasbro noticed the depositions of these former Progressive Gaming employees. Progressive Gaming asked that the depositions be delayed and pointed out that they were to take place in Nevada and that Progressive Gaming would not be able to fully question these individuals at that early stage of the case without at least an initial exchange of discovery. Hasbro insisted on pressing forward with the depositions, but concealed the connection between the employees and Hasbro's paid "informant." Accordingly, Progressive Gaming did not question the employees about their potential interest in the outcome of the case (other than sheer animosity against Progressive Gaming).

Meanwhile, as more fully described below, Progressive Gaming has assiduously pursued discovery and tended to Hasbro's continuous flow of interrogatories and document

requests. Progressive Gaming recently received Hasbro's "Eleventh Supplemental" set of document requests and "Fourth Supplemental" set of interrogatories.

As discovery proceeded, Progressive Gaming also learned that it had several unrelated trademark and unfair competition counterclaims against Hasbro and amended its answer accordingly on November 22, 2005. Progressive Gaming's counterclaims arise out of Hasbro's sale of a computerized handheld device, marketed to children ages 8 and up, that allows its user to electronically play various poker games, including "Caribbean Stud Poker." Progressive Gaming, however, is the owner of the CARIBBEAN STUD® and CARIBBEAN STUD POKER (with design) ® names (together "CARIBBEAN STUD") and did not authorize Hasbro to use the CARIBBEAN STUD name in connection with its computer game.

In addition to attending to its discovery rights and obligations, Progressive Gaming has moved pursuant to Rule 12(b)(6) to dismiss Hasbro's claims primarily because Hasbro's most recent interpretation of the royalty provisions violates Nevada gaming law. Progressive Gaming also moved to dismiss Hasbro's fraud claim for lack of specificity. At a February 10, 2006 hearing, the Court took the motion under advisement, but directed Hasbro to amend its fraud claim, which it did on February 16, 2006. Progressive Gaming is pressing for further discovery responses from Hasbro relating to these new fraud allegations.

## II. THE CURRENT AND PROPOSED DEADLINES COMPARED

On June 30, 2005, before Progressive Gaming or the Court could have appreciated all of the legal and factual nuances of this case, Judge Lisi entered the current

pretrial scheduling order.[2] A comparison of the existing and proposed scheduling order dates is provided below.

| Event | Current Deadline | Proposed Deadline | Delay |
|---|---|---|---|
| Progressive Gaming's expert disclosures – in defense of Hasbro's claims | 6/1/06 | 7/1/06 | 1 month |
| Discovery closure | 8/28/06 | 10/02/06 | 5 weeks |
| Dispositive motions | 9/11/06 | 10/16/06 | 5 weeks |
| Pretrial memoranda | thirty (30) days after a decision on any dispositive motion, or, if no dispositive motions are filed, by 9/28/06 | thirty (30) days after a decision on any dispositive motion, or, if no dispositive motions are filed, by 11/3/06 | 5 weeks |

## III. THERE IS "GOOD CAUSE" TO AMEND THE SCHEDULING ORDER

Pretrial scheduling orders may be amended any time before the final pretrial conference upon a showing of "good cause." Fed. R. Civ. P. 16(b).[3] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Modification of the scheduling order is appropriate if, despite the exercise of due diligence, the moving party cannot meet the existing deadlines. Id.; Wright and Miller, 6A Fed. Prac. & Proc. Civ. 2d §1522.1. The complexity of the underlying legal and factual issues may counsel in favor of extending deadlines set out in a pretrial order. See Gestetner Corp. v. Case Equipment Co., 108 F.R.D.

[2] Judge Lisi thereafter recused from the case and was replaced by the Honorable Judge Torres. Judge Torres eventually recused, and the matter was assigned to the Honorable Judge Smith. Judge Lisi's order remains in effect.

[3] After the final pretrial conference, the scheduling order may be amended only "to prevent manifest injustice." Fed. R. Civ. P. 16(e).

138, 141 (D. Me. 1985). Also relevant to the "good cause" inquiry are the procedural history of the case and the non-moving party's satisfaction of its discovery obligations. See Nobles v. Rural Community Ins. Services, 303 F. Supp. 2d 1279, 1284 (M.D. Ala. 2004).

Progressive Gaming has pursued discovery diligently. Indeed, from the beginning of this case, discovery efforts have been extraordinary. Progressive Gaming has traveled the country to take nine depositions in Rhode Island, Nevada and California in connection with Hasbro's claims. Despite this effort, Progressive Gaming has not yet been able to depose several key Hasbro executives, or Hasbro's yet undisclosed experts. In addition, Progressive Gaming has propounded 42 interrogatories, 63 document requests and 74 requests to admit. Progressive Gaming has also produced over 18,000 pages of documents to Hasbro.

Hasbro's conduct provides further justification for modification of the scheduling order. As discussed, Progressive Gaming already moved to dismiss Hasbro's fraud claim for failure to plead with specificity. In response, Hasbro amended its complaint, but even the amended pleading fails to specify any alleged misrepresentation made to Hasbro. Nor have Hasbro's interrogatory answers shed light on this issue. Progressive Gaming already has filed three motions to compel adequate responses to discovery requests. Further, in response to one of Progressive Gaming's Rule 30(b)(6) notices, Hasbro presented a witness who was seemingly unequipped to testify to several of the subjects scheduled to be addressed in the deposition. In short, Hasbro has erected obstacles that have stymied Progressive Gaming's defense efforts.

Hasbro's pursuit of discovery in connection with its claims has rivaled Progressive Gaming's. Four days after Progressive Gaming served its answer, Hasbro propounded its first sets of interrogatories and document requests. Since then, Progressive Gaming has received a steady dose of discovery requests from Hasbro. At latest count, Hasbro

has propounded four separate sets of interrogatories and eleven different sets of requests for production. Hasbro also has conducted four depositions, all of which occurred in Nevada. Responding to Hasbro's continuously trickling stream of discovery requests has contributed to Progressive Gaming's already heavy workload.

In addition to its defense of Hasbro's multimillion-dollar claims, Progressive Gaming has been pursuing discovery on its six-count counterclaim. Since filing its counterclaims on November 22, 2005, Progressive Gaming has propounded interrogatories and document requests. Hasbro's responses have been largely inadequate, and Progressive Gaming expects to file a motion to compel. To date, Progressive Gaming has been focusing on defending Hasbro's claims and has not yet begun taking depositions in connection with its counterclaims.

Progressive Gaming has also devoted significant effort to non-discovery related activities. Progressive Gaming's motion to dismiss Hasbro's claims pursuant to Rule 12(b)(6) is still pending. The parties additionally have participated in a Court-mandated "Early Neutral Evaluation" session. While worthwhile, these activities have required significant effort from Progressive Gaming.[4]

Moreover, as discovery has progressed, Progressive Gaming has uncovered several facts that add an unusual level of complexity to Hasbro's otherwise innocuous contract claim. Hasbro's collusion with a paid informant to conceive a contract claim can best be characterized as atypical. Given this unusual revelation, it is possible that Progressive Gaming will conduct additional discovery to learn the extent of the informant's ties with Hasbro's other

---

[4] For example, Progressive Gaming, in preparation for the Early Neutral Evaluation session, prepared a 28-page memorandum outlining the facts and legal issues in this case. Hasbro, however, did not prepare any written submission.

witnesses and their potential financial interest in the outcome of this case. This may add to Progressive Gaming's already full discovery agenda.

Despite the level of effort that Progressive Gaming already has poured into this case, there remains much to be done. For example, Progressive Gaming intends to at least:

1) conduct additional discovery (depositions, document requests and interrogatories) in connection with Hasbro's recently amended fraud claim;

2) conduct depositions in connection with Progressive Gaming's counterclaims;

3) continue discovery of Hasbro's case in chief; and

4) depose Hasbro's experts.[5]

Even with the utmost level of diligence, it is unlikely that Progressive Gaming will be able to meet all deadlines set out in the existing scheduling order.

Hasbro will not be prejudiced by the minor extensions that Progressive Gaming requests. The net result of Progressive Gaming's proposed amendments would delay the submission of pretrial memoranda by only five weeks. Interim extensions will provide both parties with additional time to prosecute and defend the substantial claims and counterclaims. The existing scheduling order was entered before Progressive Gaming discovered and filed the counterclaims and, accordingly, does not account for the additional effort required to develop these claims.

[5] Progressive Gaming intends to file a motion to exceed the ten depositions presumptively allowed under Rule 30(a)(2)(A).

## CONCLUSION

For the reasons set forth above, Progressive Gaming respectfully requests that the Court amend the pretrial scheduling order in the form attached to Progressive Gaming's motion filed herewith.

Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Date: April 13 , 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Defendant's Motion To Amend the Pretrial Scheduling Order by mailing first class mail, postage prepaid, on the 13th day of April, 2006.

/Melaine Goett