UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**PLAINTIFFS' MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS**

Now come the Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, hereby move to compel production of certain documents and to compel a responsive answer to an interrogatory recently served on Defendant.

In response to Plaintiffs' recent Request for Production of Documents and Supplemental Interrogatory, Defendant referred Plaintiffs to one set of documents and then objected to all the other discovery requests, including the interrogatory. Defendant's position is without merit. This Court should order Mikohn to produce the requested documents and answer the interrogatory as posed.

Plaintiffs refer this Court to its attached Memorandum in Support of Their Motion to Compel.

HASBRO, INC. and HASBRO

INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: April 19, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 19 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

378886_1.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) ) ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) ) ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS**

On March 14, 2006, Plaintiffs propounded upon Defendant Plaintiff's Seventh Supplemental Request for Production of Documents. Additionally, on March 14, 2006, Plaintiffs propounded on Defendant a Supplemental Interrogatory. On April 17, 2006, Defendants responded to both of these discovery requests. (See attached Exhibit A and Exhibit B.)

With regard to the Plaintiffs' Seventh Supplemental Request for Production of Documents, Defendant referred Plaintiffs to certain documents already produced. Thereafter, Defendant then objected to the remainder of the requests. (See attached Exhibit A.) With respect to the Supplemental Interrogatory, Defendant simply objected to the Interrogatory without providing any information. (See attached Exhibit B.)

With respect to both the document requests and the supplemental interrogatory, Plaintiffs are seeking information concerning the same general issue. Plaintiffs are seeking contracts between Mikohn and Ripley's, or other licensors of branded slot machines, concerning the negotiations, drafts and agreements relative to the same. Mikohn's present position flies in the face of the very own discovery it undertook of Hasbro on the same type of issues.

As Mikohn is well aware, several months ago it made a request upon Hasbro to produce Hasbro's agreements with WMS, a competing slot machine manufacturer. Hasbro complied. Additionally, Mikohn subpoenaed documents directly from WMS. Further, Mikohn took the 30(b)(6) deposition of Hasbro concerning the negotiations and agreements between Hasbro and WMS. However, Mikohn now seeks to prevent Hasbro from discovering analogous documents between Mikohn and other licensors.

Mikohn has asserted that the Agreements which are subject of this dispute are ambiguous. If this is Mikohn's position, then documents and language outside these agreements may be relevant in interpreting them. By way of example, Mikohn claims that Hasbro's interpretation of the phrase "per game per day" - as requiring payment for each game for each day it was leased - is incorrect. Mikohn claims that the correct method of computing royalties is adding up the lease payments owed through all slot machines in all casinos and then averaging that amount. Hasbro is simply seeking analogous negotiations, drafts and agreements between Mikohn and other branded licensors so Hasbro can determine if Mikohn's interpretation with Hasbro is consistent with the position it has taken with other licensors.

Mikohn suggested the specific payment term which is the subject of this suit to Hasbro. Hasbro had never entered into a lease agreement based on a "per game per day" analysis. Hasbro has a right to determine how Mikohn interpreted its payment terms, methodology and other relevant provisions with any other licensor.

Mikohn further claims as a defense that the payment methodology it suggested to Hasbro and with which it was familiar was illegal under Nevada law. Hasbro has a right to determine what position Mikohn may have taken on this very issue with other licensors. Did Mikohn indicate to other licensors that this method of payment was illegal? How did Mikohn handle this

issue with other licensors? Ultimately, all of Mikohn's affirmative defenses in the case at bar can and should be held up to the light of the position it may have taken with other licensors.

Hasbro's requests are clear. Their requests are not vague. Their requests are not overly burdensome. Their requests are relevant. Their requests will lead to the discovery of admissible evidence.

Similarly, Mikohn's Answer to Defendant's Supplemental Interrogatory (see the attached Exhibit B) should be stricken. Based on the reasons previously articulated, Hasbro's Interrogatory is relevant and it is calculated to lead to the discovery of admissible evidence. Mikohn's objections are wholly without merit. In light of Mikohn's extensive exploration into the existence of Hasbro's agreements with other slot machine manufacturers, Mikohn cannot be allowed to take the position that Hasbro is not permitted to look at similar documents and agreements.

WHEREFORE, Hasbro seeks an Order striking the objections and compelling the Defendant to fully provide all relevant documents with regard to Hasbro's Seventh Supplemental Request for Production of Documents. Hasbro also seeks an Order striking Mikohn's objection to Hasbro's Supplemental Interrogatory and compelling the Defendant to fully answer Supplemental Interrogatory No. 1.

Hasbro has conferred with the Defendant's counsel prior to filing this motion and the parties were unable to resolve this matter without the Court's intervention. The parties have agreed, however, that if a hearing is scheduled in this matter it may be done in conjunction with a hearing on Mikohn's Motion to Amend the Pre-trial Scheduling Order, to which Hasbro has objected.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: April 17, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 19 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Todd D. White

*378922_1.doc*