UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**HASBRO'S OBJECTION TO MIKOHN'S MOTION TO AMEND PRE-TRIAL SCHEDULING ORDER**

Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") hereby object to the Defendant's Motion to Amend the Pre-trial Scheduling Order. Mikohn's motion is unnecessary, not for good cause shown and it predicated on false premises.

Plaintiffs set forth the particulars of this position in the attached Memorandum in Support of their Objection.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: April 19, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 19 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*378720_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**HASBRO'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO MIKOHN'S MOTION TO AMEND PRE-TRIAL SCHEDULING ORDER**

## I. OVERVIEW

Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") hereby object to the Defendant's Motion to Amend the Pre-trial Scheduling Order. Pursuant to the existing Pre-trial Scheduling Order, all parties still have until August 28, 2006, to conduct discovery. Yet, Defendant appears to be urging for more time to undertake discovery. There are still more than four months for discovery. In fact, at this time it is only the Plaintiffs who have an imminent deadline – Plaintiffs' expert disclosure due May 1, 2006 – and Plaintiffs intend to comply with this deadline. Plaintiffs oppose this motion because it is unnecessary, it is prejudicial to the Plaintiffs and as will be established herein, it is predicated on illusory rationale.

## II. ARGUMENT

As the Defendant has pointed out, Plaintiffs filed their action in early March 2005. Although Defendants insist that the action before this Court "has blossomed into an epic tale" replete with "informants" and Hasbro's desire to obtain "a share of gambling revenues in violation of Nevada law" Mikohn's decision to utilize inflammatory prose only highlights the lack of substance behind its request. Nothing has changed about this essential breach of contract lawsuit filed by Hasbro. Hasbro is claiming that Mikohn owes Hasbro money under two licensing agreements. Mikohn claims that Hasbro's interpretation of the relevant royalty

payment provision is incorrect. If so, this is a simple matter. Thus, this may be a matter that has some interesting legal issues, but it has not "blossomed into an epic tale."

### A. Mikohn's Counterclaim Is Not a Reason to Extend the Scheduling Order.

In truth, the only thing that has changed about this matter is the fact that Mikohn has filed a counterclaim based on Hasbro's use of the "Caribbean Stud Poker" mark. Thus, it should be Hasbro insisting that the scheduling Order be extended. Hasbro is not, however. Mikohn has done almost nothing to prosecute this counterclaim and this certainly cannot be the basis upon which Mikohn claims it needs additional time.

### B. Mikohn's Decision to Blame Hasbro for a Need to Extend the Scheduling Order is Completely Without Merit.

Mikohn has the temerity to assert that Hasbro has presented obstacles requiring this extension. This position is absolutely unsupportable. Hasbro has worked diligently with counsel in providing witnesses for the specific time Mikohn has made requests of such witnesses. Hasbro has not in any way delayed the opportunity for Mikohn to take depositions, as the following chart of witness depositions demonstrates:

| ***DEPONENT*** | ***DATE REQUESTED*** | ***DATE TAKEN*** |
|---|---|---|
| Larry Ruhe (former Mikohn employee) | June 16, 2005 | June 16, 2005 |
| Dennis van Hook (former Mikohn employee) | June 16, 2005 | June 16, 2005 |
| John Garner (former Mikohn employee) | June 16, 2005 | June 16, 2005 |
| Tom Haas (former Mikohn employee) | June 17, 2005 | June 17, 2005 |
| Kristie LeBreche (Hasbro employee) | September 28, 2005 | October 7, 2005 |
| Charles McCrea (former Mikohn employee) | December 1, 2005 | December 1, 2005 |
| Paul Kehoe (former Hasbro employee) | December 7, 2005 | December 14, 2005 |
| Bruce Kelly (Hasbro employee) | December 19, 2005 | December 19, 2005 |

| | | |
|---|---|---|
| Steve Finelli (former Hasbro employee) | December 21, 2005 | December 21, 2005 |
| Pat Schmidt (former Hasbro employee) | February 7, 2006 | February 7, 2006 |
| John Ferl | March 7, 2006 | March 7, 2006 |
| Greg Venturi | March 7, 2006 | March 7, 2006 |
| Paul Alexander (Hasbro employee) | April 6, 2006 | April 6, 2006 |

Of the thirteen (13) individuals deposed in this case to date, eleven (11) depositions took place on the *very date* for which the deposition was initially noticed. Of the remaining two (2) deponents, each was deposed within ten (10) days of the date upon which the deposition was initially noticed. With respect to timely and cooperative deposition taking, this is remarkable. This schedule undermines any argument that Hasbro "erected obstacles that have stymied Progressive Gaming's defense efforts" in this regard.

With respect to written discovery, Mikohn's position that Hasbro has "erected obstacles" is no better. Mikohn has propounded forty-two (42) interrogatories, seventy-seven (77) (14 additional requests since it filed its motion) document requests and seventy-four (74) requests for admission *upon* Hasbro. (See page 5 of Mikohn's memorandum.) For its part, although Hasbro chose to propound discovery in more discreet sets, Hasbro's total interrogatories to Mikohn are fifteen (15) and Hasbro's total document requests are thirty-eight (38). Moreover, Hasbro has not propounded *a single* request for admission. Therefore, even based on the volume of discovery requests propounded, Mikohn should have no complaints. Regardless of how you analyze it, Mikohn has propounded well more than twice as many discovery requests upon Hasbro – and yet it is Mikohn which is complaining of needing more time.

**C. Mikohn Is Responsible for its Own Actions.**

All other rationalizations offered by Mikohn are just as feeble. Mikohn chose to file a Motion to Dismiss at the outset of discovery. Mikohn also chose to file a 28-page memorandum

in conjunction with an early neutral evaluation session. Mikohn cannot blame these choices on Hasbro. Mikohn took only one (1) deposition in this matter in the first eight months of discovery. Mikohn neither noticed nor took any depositions between December 21, 2006 and February 7, 2006. This is a forty-eight (48) day period. Thereafter, it has taken and noticed three depositions over the next seventy (70) days. This is not a "break-neck" pace.

Mikohn has the right to choose the pace of its *own* discovery, just like it chose to pay Hasbro by aggregating and averaging all the slot machines in all the casinos in the world. But Mikohn wants to blame the choices it makes on Hasbro. This it cannot be allowed to do. Each of our clients make choices before, during and after litigation. Individual responsibility, however, requires that they cannot always lay the blame for their choices at someone else's doorstep.

**D. Mikohn's Request for an Amendment to the Scheduling Order Stems from Other Factors.**

Mikohn may seek to extend the time in this matter but the extension of time is not predicated on the reasons it provides. The request for an extension of time would appear to be predicated on other unrelated occurrences. Mikohn recently tried a Nevada Superior Court case against its former Vice President and General Counsel, Charles McCrea (a significant witness in this case) and lost. A verdict was rendered by a jury against Mikohn for $750,000. Mikohn has also been named in 2006 as a defendant in an investor's class action suit for purportedly inflating its stock prices. Further, Mikohn is aware of an S.E.C. investigation that has recently commenced against it for investor fraud. There are factors beyond what Mikohn has asserted in its memorandum for Mikohn's request for an extension of time. Said factors have nothing to do with the pace of discovery and Hasbro's willingness to cooperate.

**E. Hasbro Will Be Prejudiced by Any Extension.**

Hasbro has asserted from *prior* to suit being filed that Mikohn improperly calculated its Royalty obligations to Hasbro under two Licensing Agreements. The evidence has established

that Mikohn *intentionally* decided to aggregate and average its royalty obligations to Hasbro. This was not inadvertent. Mikohn was informed both by its Director of Gaming, as well as its CFO that this methodology appeared inconsistent with the contract language. However, Mikohn made a choice not only to ignore that advice but, in fact, to stifle that advice, and pay as the company saw fit.

Mikohn may be right in its contract interpretation. However, if Mikohn is wrong and Hasbro is presented with a multi-million dollar judgment, there are a number of factors referenced above which cause Hasbro increasing concern about collection. Mikohn is a publicly traded company. Mikohn is aware of the current S.E.C. investigation. Mikohn is aware of continuing investigations of it by certain state gaming commissions. Mikohn is defending against an investor's class-action suit. Mikohn is still awaiting an arbitration as part of the claim filed against it by Charles McCrea. Mikohn has a $750,000 judgment against it.

If Hasbro was not concerned about how these factors might affect its matter, it would simply be burying its head in the sand.

**F. <u>Hasbro is Not Opposed to Extending Deadlines Provided it Would Not Alter the Prospective Trial Date.</u>**

To be clear, Hasbro takes no position on extending any deadlines - provided such an extension does not alter the potential trial date. An extended discovery period was scheduled for this case at the commencement of the action as the result of Mikohn's urging. Like many plaintiffs, Hasbro seeks its day in Court and cannot agree to any extension which would affect this eventuality. Mikohn is seeking an alteration of the pre-trial memorandum filing and, as a consequence, any potential trial date by at least five weeks. Moreover, extending the deadline for which pre-trial memoranda is due until November 3, 2006, almost assuredly will result in an extension of any trial date until 2007. Hasbro vigorously opposes this possible occurrence for the reasons stated above.

## III. CONCLUSION

WHEREFORE, Hasbro respectfully requests that Mikohn's Motion to Amend the Pre-trial Scheduling Order be denied. In the alternative, Hasbro requests that any amendment not affect the chance of a trial date in this matter in the fall of 2006.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: April 19, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 19 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Todd D. White

*378682_1.doc*