UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO TAKE SIX ADDITIONAL DEPOSITIONS**

Now come the Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and hereby objects to Defendant's Motion to Take Six Additional Depositions.

As reasons in support of this position, Plaintiffs refer the Court to the attached Memorandum. If a hearing is scheduled in this matter, Hasbro requests that hearing be scheduled in conjunction with Mikohn's Motion to Amend the Pre-Trial Scheduling Order, and Hasbro's recently filed Motion to Compel.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: April 20, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Todd D. White

*379005_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANT'S MOTION TO TAKE SIX ADDITIONAL DEPOSITIONS**

Now come the Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and hereby objects to Defendant's Motion to Take Six Additional Depositions.

As this Court is aware, each side has as a matter of right the opportunity to take ten depositions. As Defendant has pointed out in its papers, Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure provides leave of court must be obtained before a party may notice a deposition that will result in more than ten depositions taken by that party. Defendant also points out that the court may alter the ten deposition rule pursuant to Federal Rule of Civil Procedure 26(b)(2) if the depositions are not unreasonably cumulative or duplicative.

Thereafter, Defendant concedes that it has already taken nine[1] depositions, eight of whom were current or former employees of Hasbro, Inc.; one of whom was its own former general counsel. The Defendant now requests that it be allowed to take six additional depositions and states that these would include 30(b)(6) witnesses from Hasbro with regard to: (1) contract

[1] Mikohn states that it has taken nine (9) depositions; in fact, it has taken ten (10). As Mikohn is aware, Pat Schmidt provided deposition testimony, individually. Additionally, Pat Schmidt was designated separately as Hasbro's 30(b)(6) designee on certain topics. Mikohn took her deposition as the 30(b)(6) designee first. Then, Mikohn made a note on the record that Ms. Schmidt was next going to be deposed in her individual capacity. Mikohn apparently counts this as one deposition when, in fact, it is two.

negotiations; (2) royalty payments; (3) Hasbro's audits; (4) Hasbro's demand for additional royalties; (5) Hasbro's fraud claim, and (6) Hasbro's alleged damages. The Defendant further claims that it must take a 30(b)(6) deposition of the person with the most knowledge concerning Caribbean Stud Poker device, development sales, marketing and profits. Defendant also asserts that it needs additional time to take Hasbro's experts depositions.

Mikohn has recently taken more than seven hours of deposition testimony of Paul Alexander, Hasbro's Vice President of Audit. The entire focus of that deposition was on the audits that Hasbro undertook of Mikohn in 2001 and 2004. Additionally, Mikohn took the deposition of Pat Schmidt, the former Vice President of Hasbro Property Group, which was the group that entered into the contract negotiations with Mikohn. Mikohn further deposed internal auditors Paul Kehoe and Steve Finelli from Hasbro, as well as Kristy LeBreche from the accounting department. It is hard to imagine a greater circumstance of duplication than Mikohn seeking to take the 30(b)(6) deposition of the person with the most knowledge regarding the Hasbro audits and royalty payments after it has taken over fourteen (14) hours of deposition of the very people at Hasbro who have that information.

Mikohn could have chosen in its first nine depositions to request the 30(b)(6) deponents in any of these various areas. However, Mikohn chose to take individual witnesses and now wants special leave from this court to go after the people with the most knowledge in various categories.

On the other hand, Hasbro has only taken four (4) depositions at this time. Being mindful of the fact that there is a ten (10) deposition limit in federal court cases, Hasbro intentionally has chosen to preserve its 30(b)(6) depositions within the number allocated to it so that it can get the information. Instead of undertaking various witnesses from Mikohn's audit, Mikohn's accounting department or gaming division, Hasbro has decided that it will comply with the rules

and simply get the person with the most knowledge of the various topics that are relevant in this case.

Mikohn claims it has one more deposition it can take. Although Hasbro does not concede that Mikohn has another deposition by right, if the Court determines that Mikohn has only taken nine (9) depositions to date, Mikohn certainly may take a deposition concerning its Caribbean Stud Poker counterclaim. Mikohn chose not to leave enough room in its ten depositions to take the deposition of Hasbro's expert. This is a choice that Mikohn has made. It certainly is not an extraordinary circumstance about which they could not have anticipated. It is Mikohn's strategy of taking depositions that is at question, not the complexity of this case.

Mikohn wants to make Hasbro the perpetrator in this matter as opposed to the victim. Mikohn's choice of colorful language in its motion, including characterizing individuals as "paid informants", is designed to mislead this court into the realities of this circumstance. Ultimately, Mikohn made a determination that it would pay Hasbro under a royalty agreement in a way that would inure to Mikohn's benefit and would work to Hasbro's detriment. Mikohn was informed by its own Chief Financial Officer at the time that it was presenting itself with a liability by doing so. Mikohn was informed by a Director of Gaming that its interpretation was not as the contract was written. Mikohn's senior management told underlings that they were to divert Hasbro auditor's attention to this fact and that they would go forward in the way they chose to go forward.

It is an interesting twist when the perpetrator tries to make itself the victim in this matter. Mikohn is no victim. Mikohn had made a decision to pay royalties in a specific way with full knowledge that Hasbro had a clause in its royalty agreement that it had three years after the time the contract ended to determine if the royalties were paid appropriately. Mikohn has chosen to

utilize confidentiality agreements to minimize its exposure to outside investigators including investigations that may be undertaken by state and federal authorities. Mikohn has chosen that it would aggressively pursue certain witnesses despite the fact that it was well aware of a ten (10) deposition limit. Mikohn, now perilously close to being out of bullets, has waited until the eleventh hour to now seek leave for more depositions, and continue in discovery despite the fact that they have been aware of the methodology they have been using since as early as the year 2000 when these agreements came into place.

Contrary to Mikohn's assertion, there are no extraordinary circumstances in this case. This case does present some interesting legal issues, but it does not present anything that requires extending the deposition limit beyond ten (10) when all that was required to do this appropriately was proper planning.

WHEREFORE, the Plaintiffs object to the Defendant's request to take six additional depositions. The Plaintiffs object to the non-specific nature of this request. The Plaintiffs object to the duplication that appears to be evident in Mikohn's apparent desire to take additional depositions.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: April 20, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Fred D. White

*378537_1.doc*