UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HASBRO, INC., et al., Plaintiffs ) C.A. No. 05-0106/S
v. )
MIKOHN GAMING CORP., Defendant )

**MIKOHN'S MOTION TO COMPEL**
**HASBRO TO ANSWER INTERROGATORIES**

Pursuant to F.R.C.P. 37 and L.R. Cv 37, counterclaim plaintiff Mikohn Gaming moves for an order compelling counterclaim defendant Hasbro to answer interrogatories on the grounds stated below. Pursuant to Local Rule Cv 7(a), no separate memorandum need be filed with this motion.

INTERROGATORY NO. 5:

Does Hasbro have a license or other style of permission or excuse to use Shuffle Master marks, such as "LET IT RIDE?" If so, please identify all information and documents related to such rights, including without limitation the related compensation or rights provided by Hasbro to Shuffle Master.

ANSWER NO. 5:

Hasbro objects to this interrogatory as it seeks information not relevant to Mikohn's counterclaim.

REASONS THE RESPONSE IS INADEQUATE:

Hasbro's infringing game bears both Mikohn's registered trademark "Caribbean Stud Poker" and Shuffle Master's registered trademark "Let It Ride." If Hasbro has a license from Shuffle Master (or negotiated for one but failed to acquire it), that would bear on the issue

of actual or constructive notice or knowledge of infringement of Mikohn's mark, and on the amount and type of damages (including possible industry royalty scales) Mikohn may be entitled to recover. If Hasbro does not have a Shuffle Master license, or a trademark licensing program of any kind, that would bear on Hasbro's reasonableness or degree of culpability, as well as for purposes of assessing damages, circumstances for trebling, and/or for "exceptional" case treatment regarding attorney fee awards. *See, e.g., Tamko Roofing Prods., Inc. v. Ideal Roofing Co. Ltd.*, 282 F.3d 23 (1st Cir. 2002).

INTERROGATORY NO. 6:

Identify all steps (including the time required and the cost at each step) that would be required of you to retrieve all of Defendant's Products now on sale in the United States, to replace their accompanying materials if some portion of those materials were found to infringe third-party intellectual property rights, and to restock non-infringing items.

ANSWER NO. 6:

This product stopped being manufactured in 2005. Hasbro has no knowledge of the existing inventory any distributors have in their stores and therefore cannot respond to this interrogatory.

REASONS THE RESPONSE IS INADEQUATE:

Product recall is a potential remedy in the case at bar. *See Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800 (2nd Cir. 1981). Valuing the cost and articulating the means of invoking that option will need to be addressed by the trial court prior to such a remedy being implemented. Product Number 59976, which Hasbro identifies as the infringing game product number, is still displayed as available for sale on Hasbro's website. Hasbro may not know the existing inventory levels held by its distributors, but Hasbro knows who it distributed the game

to, and should be in a position to state how it would go about recalling inventory and the time and cost involved.

INTERROGATORY NO. 7:

Identify (by name and role and action(s) taken) every employee, agent, consultant, designer, manufacturer, vendor or other third-party who was involved in the conceptualization, design, prototyping, manufacture, and/or pre-sale marketing or consumer interest assessment of Defendant's Products.

ANSWER NO. 7:

Hasbro objects to this Interrogatory as overly broad and unduly burdensome. Mikohn's interrogatory seeks the names of potentially a hundred or more employees over the course of several years. Without waiving this Objection, Hasbro refers Mikohn to the documents Hasbro produced in response to Mikohn's Trademark Requests which indicates the names of specific employees involved in various departments as referenced above.

REASONS THE RESPONSE IS INADEQUATE:

Hasbro, not Mikohn, knows its employees and their job duties even if they are "identified" generically in the documents it produced. *See* F.R.C.P. 26(b)(1) (discoverable information includes "the identity and location of persons having knowledge of any discoverable matter"). Hasbro should not make Mikohn guess who did what in the process of getting its infringing game out to market, e.g., team leader, licensing executive, marketing chief. Indeed, if there are "potentially a hundred or more" such witnesses, Mikohn is at a distinct disadvantage in determining what discovery to conduct on the trademark counterclaim unless Hasbro identifies the potential witnesses for the identified areas.

INTERROGATORY NO. 16:

Have you ever been accused, in the past ten years, of infringing, violating a license for, or otherwise misusing any marks or identifying material (e.g., trademarks, service marks, trade dress, common law rights) in the United States? If so, identify each such accusation by providing at least the following information: Court, full case name; case number, a brief description of the case allegations, and the present status of the dispute.

ANSWER NO. 16:

Hasbro objects to this interrogatory as to the basis that it is overly broad, unduly burdensome, and seeks information beyond the scope of this claim.

REASONS THE RESPONSE IS INADEQUATE:

The test, of course, is whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). If, for instance, Hasbro had prior trademark violations in the casino gaming area, or with card games or devices using such games, that would bear heavily on its culpability here. Similarly, if Hasbro is subject to a consent decree requiring special attention to potentially infringing activity, that bears on culpability. Additionally, the information requested may simply show case value in similar settings, or Hasbro's lack of mistake, or a habit of "overlooking" these kinds of obligations.

INTERROGATORY NO. 17:

Have you ever accused any person or entity in the past ten years, of infringing, violating a license for, or otherwise misusing any of your marks or identifying material (e.g., trademarks, service marks, trade dress, common law rights) in the United States? If so, identify each such claim by providing at least the following information: Court, full case name; case number, a brief description of the case allegations, and the present status of the dispute.

ANSWER NO. 17:

Hasbro objects to this Interrogatory as to the basis that it is overly broad, unduly burdensome, and seeks information beyond the scope of this claim.

REASONS THE RESPONSE IS INADEQUATE:

Hasbro's conduct relative to creating and protecting its own intellectual property is valuable information for the trier of fact to consider when it addresses Hasbro's willfulness or purposeful blindness in this case. For instance, if Hasbro has an aggressive enforcement program, with sophisticated internal monitors and quality legal advisors targeting infringement by others, it should not be permitted to assert ignorance or good faith or naïveté with respect to Mikohn's marks.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: April 26, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Mikohn's Motion To Compel Hasbro To Answer Interrogatories by mailing first class mail, postage prepaid, on the 26th day of April, 2006.

Lisa A. Lariviere