UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT MIKOHN'S MOTION FOR AN AWARD OF**
**EXPENSES FOR PROVING DENIED REQUESTS TO ADMIT**

Pursuant to F.R.C.P. 36 and 37(c)(2), defendant Mikohn Gaming moves for an award of expenses incurred in proving the truth of requests in Mikohn's Second Requests for Admissions which plaintiff Hasbro denied. A copy of the improperly denied requests is attached hereto. Mikohn's supporting memorandum is filed herewith.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: April 26, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendant Mikohn's Motion for an Award of Expenses for Proving Denied Requests To Admit by mailing first class mail, postage prepaid, on the 26th day of April, 2006.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MIKOHN'S MOTION FOR AN AWARD OF EXPENSES FOR PROVING DENIED REQUESTS TO ADMIT**

On March 10, 2006, Mikohn served a Second Request for Admissions on plaintiffs Hasbro. The requests to admit were, in the main, statements going to the authentication and admissibility of documents pertinent to the case. The purpose of the requests was to establish what should be uncontroverted matters, so that trial time would not have to be spent laying a foundation for the admission of numerous documents.

On April 7, 2006, Hasbro served by mail its responses to the Second Request for Admissions. Hasbro denied a great number of the requests, including many requests concerning documents Hasbro employees created and that Hasbro produced to Mikohn. Because of these denials, on April 12, 2006, Mikohn had to spend approximately two and one-half hours preparing for and having Paul Alexander, Hasbro's former Vice President of Internal Audits, now Vice President of Fiscal Compliance and Corporate Finance, give deposition testimony proving the truth of matters Hasbro had denied just a few days earlier. An excerpt from the Alexander deposition is attached.

The Requests and Hasbro's Pattern Response

Mikohn's requests to admit 2-3, 6-8, 10, 15-19, 21-23, 25 and 27 each requested, for distinct sets of documents among those produced by Hasbro, that the documents were created

or reviewed by Hasbro employees, in the course of their jobs, and concerned matters to which they were authorized to speak at the time.

Hasbro's pattern response to each of these requests was:

> "Admitted to the extent that the documents were prepared by Hasbro employees. Denied as to the remainder of this Request."

On April 12, 2006, Paul Alexander, Hasbro's chief of audits during the period involved in this suit, resumed a deposition that was adjourned on April 6, 2006. Between the April 6 and April 12, 2006 depositions, Hasbro served its responses to the requests to admit.

Before the April 12 deposition started, an hour and a half preparation was required to locate and mark the documents in the binders of Hasbro documents, and make a copy of the identified documents that could be used at the deposition for reference. At the April 12 deposition, Mr. Alexander was shown the documents identified in Mikohn's Second Request for Admissions. Over the course of approximately one hour, Mikohn's counsel laboriously took Mr. Alexander through sixteen sets of documents. As he did, Mr. Alexander testified seriatim they were created or reviewed by Hasbro employees (in many cases employees who worked for him), that it was part of the jobs of the Hasbro employees to create the documents, and that the employees were authorized to create the Hasbro documents or the Hasbro accounting markings on the documents. Mr. Alexander's authentication took up over twenty pages of the transcript (pp. 198-221) and considerable time as he leafed through each document in each set to assure himself that the records were what the requests for admissions said they were.

Set out below are the documents involved in the denied requests and the pages of Mr. Alexander's transcript where he authenticated the documents. The "HA" designation indicates the documents were produced by Hasbro to Mikohn.

| Request No. | Alexander Testimony |
|---|---|
| Request 2<br>HA6600-6735<br>(Hasbro 2004 audit documents, including audit reports) | Tr. at 199 |
| Request 3<br>HA 6740-6843<br>(Audit reports and draft reports) | Tr. at 200 |
| Request 6<br>HA 6850-6878<br>(2004 audit planning documents and reports) | Tr. at 201 |
| Request 7<br>HA 6941-6947<br>(2004 audit documents and e-mails) | Tr. at 201-202 |
| Request 8<br>HA 6974-6984<br>(Summaries of license agreements) | Tr. at 202 |
| Request 10<br>HA 7045-7047<br>(2004 audit documents) | Tr. at 203 |
| Request 15<br>HA6368-6371, 6450<br>(2004 audit walk-throughs and testing) | Tr. at 207 |
| Request 16<br>HA 6451-6656<br>(2004 audit trial balance testing) | Tr. at 208-209 |
| Request 17<br>HA 6658<br>(2004 audit report Schedule E) | Tr. at 209 |

| | |
|---|---|
| Request 18<br>HA 7996-8006<br>(2004 Audit Report) | Tr. at 210 |
| Request 19<br>HA 8039-8108, 8111-8117<br>(2001 audit planning<br>and audit reports) | Tr. at 210-212 |
| Request 21<br>HA 8155-8167<br>(2001 audit e-mails) | Tr. at 212-213 |
| Request 22<br>HA 8169-8329<br>(2001 audit trial<br>balance exam) | Tr. at 213-215 |
| Request 23<br>HA 8331-8380<br>(2001 audit testing<br>results) | Tr. at 215-216 |
| Request 25<br>HA 8433-8445<br>(2001 summary of<br>findings and Mikohn<br>documents reviewed) | Tr. at 217 |
| Request 27<br>HA 8850-8903<br>(2001 audit royalty<br>statements reviewed<br>with auditors' notes) | Tr. at 220 |

## Argument

A party served with unsupportable denials of requests to admit the evidentiary foundation of documents has only one avenue of relief. The Federal Rules of Civil Procedure do not permit motions to strike denials, or motions to deem denials admissions. *Foretich v. Chung*, 151 F.R.D. 3, 4-5 (D.D.C. 1993)(plain text of Rule 36 does not permit order requiring party denying request to admit request in revised response); *Wanke v. Lynn's Transportation Co.*, 836

F.Supp. 587, 598 (N.D.Ind. 1993)(Rule 36 does not permit order deeming denied request admitted).

The only relief the Federal Rules provide is a motion under F.R.C.P. 37(c)(2). Rule 37(c)(2) provides that if a party fails to admit the genuineness of any document, or the truth of any matter as requested, and the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, then the requesting party may move for an order requiring the denying party to pay the reasonable expenses, including reasonable attorneys' fees.

Here, the requests to admit Hasbro denied on April 7 were proved true by Paul Alexander's deposition testimony on April 12, 2006. Accordingly, Hasbro should be ordered to pay Mikohn's costs in proving the requested matters true, including payment of reasonable attorneys' fees incurred in making that proof.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: April 26, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Defendant Mikohn's Motion for an Award of Expenses for Proving Denied Requests To Admit by mailing first class mail, postage prepaid, on the 26th day of April, 2006.

Lisa A. Lariviere