UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) ) ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) ) ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANT MIKOHN'S MOTION FOR AN AWARD OF EXPENSES PROVING DENIED REQUEST TO ADMIT**

Plaintiffs, Hasbro Inc. and Hasbro International, Inc. ("Hasbro") object to defendant Mikohn Gaming Corporation's Motion for an Award of Expenses Proving Denied Request to Admit. In the Defendant's Requests for Admission, Mikohn propounded a different inquiry than it asked it during the deposition in which it claims it was forced to prove the "denied" requests. Therefore, Mikohn's Motion should be denied.

In support of this position, Hasbro attaches a Memorandum. Furthermore, Hasbro requests that if a hearing is determined to be necessary for this matter, that the hearing be scheduled in conjunction with any previously scheduled hearing for unresolved motions between the parties.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (signature)

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: April 28, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 28 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

______________________

*379917_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**HASBRO'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT MIKOHN'S MOTION FOR AN AWARD OF EXPENSES PROVING DENIED REQUEST TO ADMIT**

Mikohn's motion should be denied. Mikohn's fundamental assertion is, at best, incorrect and quite possibly an inadvertent or intentional misrepresentation.

Mikohn has asserted in its Motion that rather than Hasbro admitting to the authentication of certain documents, it was compelled to establish authentication during the course of the deposition of Paul Alexander.[1] Mikohn claims that it sought the authentication of certain documents "so that trial time would not have to be spent laying a foundation for the admission of numerous documents." This position is unsupportable.

First, Hasbro's Responses to Mikohn's Requests for Admission (attached to Mikohn's Motion) establishes conclusively that Hasbro admitted that each of the documents was prepared by Hasbro. Thus, the authentication Mikohn was purportedly seeking was done - end of story. These documents are Hasbro documents. They are authentic for trial purposes.

The problem is that Mikohn didn't want to simply authenticate these documents; it wanted to go further. Mikohn had another objective in mind. Mikohn actually wanted to

[1] Even Mikohn admits that it only took twenty pages of deposition testimony to authenticate through Mr. Alexander thousands of pages (several notebooks worth) of documents. What Mikohn did not state was that over the course of two days (more than 8 hours) Mr. Alexander gave approximately 240 pages of testimony. Mikohn did not convene a second day of Mr. Alexander's testimony for authentication. In fact, no such authentication questions were asked until about thirty pages of additional testimony. Therefore, even if there was any merit in Mikohn's assertion, which there is not, the "authentication" inquiry comprised 20 pages in the midst of 240 pages of testimony.

establish that the Hasbro employees who prepared the documents in question did so "concerning matters as to which they were **authorized to speak** during the years 2004 and 2005." (emphasis added.) (*See* Hasbro's Responses to Mikohn's Second Requests for Admission, attached to Mikohn's Memorandum.) Now, it is apparent that this inquiry is no longer an exercise in mere authentication. Subtle though it might be, this is an exercise designed to establish that Hasbro waived its right to seek redress by virtue of the referenced documents. However, consistent with Hasbro's Responses to Mikohn's Second Requests for Admissions, none of the Hasbro employees in question (the internal auditors) were authorized to speak for Hasbro concerning contract interpretation with respect to the audits they undertook. The License Agreements in question support this position. Section 2(d) ("Terms of Payment") of the subject License Agreements specifically afford Hasbro three years from the expiration of the Agreements for "questioning the correctness" of the payments made by Mikohn. Mikohn was specifically seeking an admission that these employees were authorized to speak for Hasbro about the correctness of Mikohn's payments – the essential issue in this case. Hasbro did not admit to this for the best of all reasons - because it is not true.[2]

When Mikohn's counsel pursued his "authentication" follow-up in the deposition testimony of Paul Alexander, he did not even ask ***the same question*** as found in the Second Requests for Admissions. At the deposition, when Mikohn was apparently only seeking "authentication" of the documents the question asked was:

> Whether the Hasbro employees "were authorized to **write (or create)** the things they did" on the documents?

(Emphasis added.) (Compare page 199, line 19 to page 201, line 16 of Mr. Alexander's transcript, attached to Mikohn's Memorandum.) To that line of inquiry, Mr. Alexander gave all

---

[2] However, in the spirit of conciliation, if Mikohn stipulates that Larry Ruhe, Dennis van Hook, Tom Haas and John Garner (all employees in the middle management echelon or above at Mikohn) all "spoke" for Mikohn when they testified that Mikohn was intentionally and incorrectly paying Hasbro under the subject Agreements, Hasbro would give strong consideration to Amending its Responses to the desired Requests for Admission.

affirmative responses.

Suppose, however, that Mr. Alexander were asked the same question posed in the Requests for Admissions, to wit:

> If any of the internal auditors he supervised were authorized to "speak for Hasbro" on the issue of the audit as it reflected proper payment to Hasbro?

The response to this precise inquiry would have been "no."

There is a big difference between the two inquiries. Contrary to its assertion in these papers, Mikohn was not seeking mere authentication. They already got that. Mikohn was reaching beyond the simple goal of trial efficiency. Mikohn was trying to establish an aspect of one of its primary defenses.

Although Mikohn has consistently portrayed itself as the victim, once again it cannot blame its own failure on Hasbro. Ultimately, if Mikohn was trying to "lure" Hasbro to support one of its affirmative defenses, Mikohn might not be happy about the results but it has no right to complain. On the otherhand, if Mikohn was <u>not</u> trying to "lure" Hasbro, then it simply failed to draft sufficiently precise Requests for Admission.[3] Either way, it is not Hasbro's fault.

Hasbro respectfully requests that Mikohn's Motion be denied. In truth, if any award of expenses is warranted in this matter, it should be to Hasbro for having to spend the time to draft an Objection to a Motion which relied on two different inquiries as its predicate. Hasbro also requests that if a hearing is required on this matter, that said hearing be scheduled in conjunction with other outstanding discovery motions in this case.

[3] If Mikohn was simply trying to authenticate these records as business records, then the inquiry should have focused on that standard. It was not. Mikohn was clearly seeking more than this.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

/s/ Todd D. White

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: April 28, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 28 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Todd D. White

*379932_1.doc*