UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MIKOHN'S**
**MOTION TO TAKE SIX ADDITIONAL DEPOSITIONS**

Hasbro is in a poor position to criticize Mikohn's deposition strategy or planning. Mikohn has sought depositions from witnesses with personal knowledge and involvement in key episodes in the case. When Mikohn took a 30(b)(6) deposition, as Hasbro claims Mikohn should have been doing, the Hasbro designee, Patricia Schmidt, was utterly unprepared to offer meaningful testimony. As of the filing of this memorandum, Mikohn is still trying to obtain information from Hasbro that Ms. Schmidt was designated to provide. Mikohn's other depositions were all necessary, and all productive.

Kristy LeBreche was noticed for a deposition because she was the Hasbro royalty accountant whose job, Hasbro documents showed, was to account for Mikohn's royalty reports and payments. The LeBreche deposition was taken to establish that, for years, Hasbro received royalty reports from Mikohn that showed the method of calculating royalties Hasbro now claims was fraudulently concealed from it.

Paul Kehoe was noticed for a deposition because he was the lead auditor for Hasbro's 2001 audit of Mikohn. Kehoe's deposition was taken to establish that in the course of Hasbro's 2001 audit, no one at Mikohn tried to "baffle" him, and that he read the license agreements and made an independent judgment that Mikohn's computation of royalties was

consistent with the license agreements. Kehoe's deposition was also taken to confirm that Paul Alexander, Hasbro's Vice President of Internal Audits, approved Kehoe's findings and issued a report and letter to Hasbro executives and Mikohn saying Mikohn's computation of royalties complied with the license agreements.

Steven Finelli's deposition was noticed because he was the lead auditor for Hasbro's 2004 audit of Mikohn. Finelli's deposition was taken to establish that he was aware of the findings of the 2001 audit, that the 2004 audit field work tested royalty payments using Mikohn's formula for computing royalties, and that the 2004 audit results were changed because of information Hasbro paid for under the Finder's Fee Agreement.

Bruce Kelly's deposition was noticed because Hasbro documents identified him as the Hasbro in-house attorney in charge of Hasbro's negotiation of the Finder's Fee Agreement, and in charge of Hasbro's efforts to discover which licensee was involved, so Hasbro would not have to sign the Finder's Fee Agreement. Kelly's deposition was taken to establish the information revealed by Greg Venturi and John Ferl and that, without that information, Hasbro in 2004 would have interpreted the license agreements as it did in 2001 and during the previous two plus years, and that this lawsuit would not have been brought.

Greg Venturi and John Ferl's depositions were noticed because they are the front men for disgruntled Mikohn employees who want to hurt Mikohn by fomenting litigation. These Mikohn employees were deposed by Hasbro at the inception of this case, before the pretrial conference was held. The Venturi and Ferl depositions were taken to establish that the source of the information they sold to Hasbro was in fact disgruntled Mikohn employees, and that the Finder's Fee Agreement with Hasbro is champertous.

Charles McCrea's deposition was taken because he was involved in the negotiations of the license agreements and day-to-day dealings with Hasbro executives, and could not be subpoenaed to appear at any trial in this matter.

Paul Alexander's deposition was noticed because Hasbro documents revealed he reviewed and approved Hasbro's 2001 audit of Mikohn, and signed a letter to Mikohn saying Mikohn owed approximately $13,000 in unpaid royalties, as opposed to the millions Hasbro now claims are owed. His deposition was taken to establish that Hasbro never interpreted the license agreements to provide that royalties were to be computed on the basis of the actual daily earnings of each slot machine covered by the agreements. This is the contract interpretation Hasbro presently espouses. Paul Alexander's deposition would not have taken close to seven hours had he made an effort to answer questions responsively, and so not forget what the question was he was supposed to be answering. Paul Alexander's deposition certainly would not have taken seven hours if Mikohn had not been forced to have him authenticate Hasbro documents, because Hasbro refused to admit authentication in its responses to requests to admit.

Patricia Schmidt's deposition was taken because Hasbro designated her as a 30(b)(6) representative. Hasbro's preparation of Ms. Schmidt consisted of showing her three documents which she could specify, and otherwise left her to her own devices. Ms. Schmidt's deposition in her personal capacity was taken at the same time as the 30(b)(6) deposition as an accommodation Hasbro requested from Mikohn, so Ms. Schmidt would not have to appear a second time if Mikohn decided it wanted to depose her individually. In point of fact, Mikohn had not determined whether it would depose Ms. Schmidt individually, and would not have accommodated Hasbro's request to depose her personally if Mikohn knew its accommodation would be used against it.

The depositions Mikohn seeks leave to take will not be duplicative unless Hasbro fails to prepare 30(b)(6) designees as required by the Federal Rules of Civil Procedure. Mikohn still has discrete areas to explore about royalties and royalty payments. That is what Hasbro's six million dollar case is about. Mikohn also has areas to explore about negotiations of the Battleship and Yahtzee license agreements, Hasbro's fraud claim and Hasbro's misappropriation of Mikohn's trademark.

For all of these reasons, Mikohn respectfully requests that its motion to take six additional depositions be granted.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 1, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Reply Memorandum in Support of Mikohn's Motion To Take Six Additional Depositions by mailing first class mail, postage prepaid, on the 1st day of May, 2006.

Lisa A. Lariviere