UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HASBRO, INC., et al.,
Plaintiffs
v.
MIKOHN GAMING CORP.,
Defendant

C.A. No. 05-0106/S

**REPLY MEMORANDUM IN SUPPORT OF MIKOHN'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

Hasbro's objection to amending the pretrial order deadlines (which, apparently, is not an objection so long as the trial date remains unchanged) takes great umbrage at the notion that it has impeded Mikohn's discovery to some degree. Certainly, Hasbro has not erected a discovery stonewall. At the same time, the facts remain: Hasbro went to great lengths to avoid disclosing the Finder's Fee Agreement; three months after a 30(b)(6) deposition, Mikohn is still trying to get discovery on how Hasbro's computer system accounted for Mikohn royalties; deponents have talked of records Hasbro seems not to have produced; and Hasbro's fraud claim is still cryptic.

Mikohn's motion to dismiss and 28-page early neutral evaluation memorandum were steps it could not shirk. The motion to dismiss raises legitimate issues, and the rules of early neutral evaluation require submissions to the evaluator. Hasbro's decision not to file an early neutral evaluation memo, or participate materially in the process, was information Mikohn could have used weeks earlier, before it prepared its memorandum and appeared before the evaluator with three company representatives. Hasbro can take credit for making early neutral evaluation an empty exercise. Mikohn was prepared to follow through on the process.

Mikohn's motion to amend the deadlines has nothing to do with the SEC, any class action or Mr. McCrea's lawsuit or arbitration, which has been concluded. The motion is concerned with what Mikohn needs to prepare its case, and the time available to prepare under the existing deadlines. The enlarged deadlines Mikohn seeks are not unreasonable. The fact that the motion is made at this point is an indication of the thought and planning Mikohn has devoted to closing out discovery and pretrial compliance.

For all of these reasons, Mikohn respectfully requests that its motion to amend the pretrial scheduling order be granted.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 1, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Reply Memorandum in Support of Mikohn's Motion To Amend the Pretrial Scheduling Order by mailing first class mail, postage prepaid, on the 1st day of May, 2006.

Lisa A. Lariviere