UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT MIKOHN'S OBJECTION**
**TO PLAINTIFFS' MOTION TO COMPEL**

Defendant Mikohn Gaming hereby objects to plaintiffs' motion, dated April 19, 2006, to compel further production of documents and an answer to a supplemental interrogatory. Mikohn's supporting memorandum is filed herewith.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 8, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendant Mikohn's Objection to Plaintiffs' Motion To Compel by mailing, first class mail, postage prepaid, on the 8th day of May, 2006.

Lisa A. Larivee

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MIKOHN'S**
**OBJECTION TO PLAINTIFFS' MOTION TO COMPEL**

Hasbro's document request and supplemental interrogatory seek essentially every document, and element of information, associated with every Mikohn license agreement during three years before and seven years after execution of the license agreements in suit. Hasbro claims these grossly overbroad requests are relevant to the interpretation and legality of the Hasbro agreements with Mikohn.

Hasbro is decidedly wrong. Mikohn's agreements with companies that are not parties to this suit are not relevant and will not lead to admissible evidence. Contracts with other parties, not contemporaneous with a contract in suit, are irrelevant "and violate the rule that *res inter alios* [acts done between others or third parties] are incompetent evidence." Cano v. North Texas Nephrology Associates, 99 S.W.3d 330, 338 (Tex. App. 2003)(contract between defendant and another employee months after plaintiff resigned properly excluded in interpreting plaintiff's ambiguous contract)(footnote omitted). "The general rule is that where the terms of a contract between the litigants are disputed, evidence of one party's agreements with third persons is inadmissible." Bradley v. Bay Towing Corporation, 199 S.E.2d 533, 534 (Va. 1973); see, also, Mass Appraisal Services, Inc. v. Carmichael, 404 So.2d 666, 674 (Ala. 1981). The *res inter alios* rule is supported by logic and pragmatism. Were contracts with third parties allowed to be

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT MIKOHN'S OBJECTION**
**TO PLAINTIFFS' MOTION TO COMPEL**

Defendant Mikohn Gaming hereby objects to plaintiffs' motion, dated April 19, 2006, to compel further production of documents and an answer to a supplemental interrogatory. Mikohn's supporting memorandum is filed herewith.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 8, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendant Mikohn's Objection to Plaintiffs' Motion To Compel by mailing, first class mail, postage prepaid, on the 8th day of May, 2006.

Lisa A. Larivee

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MIKOHN'S OBJECTION TO PLAINTIFFS' MOTION TO COMPEL**

Hasbro's document request and supplemental interrogatory seek essentially every document, and element of information, associated with every Mikohn license agreement during three years before and seven years after execution of the license agreements in suit. Hasbro claims these grossly overbroad requests are relevant to the interpretation and legality of the Hasbro agreements with Mikohn.

Hasbro is decidedly wrong. Mikohn's agreements with companies that are not parties to this suit are not relevant and will not lead to admissible evidence. Contracts with other parties, not contemporaneous with a contract in suit, are irrelevant "and violate the rule that *res inter alios* [acts done between others or third parties] are incompetent evidence." Cano v. North Texas Nephrology Associates, 99 S.W.3d 330, 338 (Tex. App. 2003)(contract between defendant and another employee months after plaintiff resigned properly excluded in interpreting plaintiff's ambiguous contract)(footnote omitted). "The general rule is that where the terms of a contract between the litigants are disputed, evidence of one party's agreements with third persons is inadmissible." Bradley v. Bay Towing Corporation, 199 S.E.2d 533, 534 (Va. 1973); see, also, Mass Appraisal Services, Inc. v. Carmichael, 404 So.2d 666, 674 (Ala. 1981). The *res inter alios* rule is supported by logic and pragmatism. Were contracts with third parties allowed to be

injected into suits on contracts between the party litigants, the trial would become one on collateral contracts involving parties that were not before the court, with the jury bound to consider evidence both confusing and potentially prejudicial.

Mikohn did not enter into any license agreement respecting slot machines contemporaneously with the August, 1998 Hasbro agreements. Agreements made before or after the Hasbro agreements are incompetent evidence on the issue of interpretation of the Hasbro agreement. Documents and information associated with other agreements, which Hasbro's document request and supplemental interrogatory also seek, cannot lead to admissible evidence. On that ground, Hasbro's motion should be denied.

Hasbro's motion should also be denied to the extent it is based on the issue of legality. Mikohn's position on the legal aspects of its contracts with others would be evidence just as incompetent and inadmissible under the principle of *res inter alios* as Mikohn's position on any other contract issue. Moreover, one month ago, this Court ruled that whether Hasbro thought or thinks the license agreements might be questionably legal is irrelevant, and Mikohn's motion to compel Hasbro to answer an interrogatory about legality of the license agreements with Mikohn was denied. Memorandum and Order, March 30, 2006. Hasbro sought that ruling, asserting that position, and should not be allowed to shift from it now. The fact that Mikohn sought discovery of the WMS contracts, before that ruling, to rebut Hasbro's claim it had no idea Nevada law bore on license agreements is now entirely beside the point.

For all of these reasons, Mikohn respectfully requests that the motion to compel be denied.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 8, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Defendant Mikohn's Objection to Plaintiffs' Motion To Compel by mailing first class mail, postage prepaid, on the 8th day of May, 2006.