UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs, | |
| v. | Civil Action No.: 05-106 ML |
| MIKOHN GAMING CORPORATION, Defendant. | |

**PLAINTIFF'S MOTION TO COMPEL**
**ANSWER TO SUPPLEMENTAL INTERROGATORY NO. 1**

NOW COMES the Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and hereby move to compel the Defendant, Mikohn Gaming Corporation ("Mikohn") to provide an answer to the Interrogatory listed below. Hasbro certifies that it has in good faith conferred with Mikohn in an attempt to secure this disclosure without court action.

**SUPPLEMENTAL INTERROGATORY NO. 1:**

Please identify following with regard to any branded slot machine that Mikohn manufactured and/or distributed from 1996 through the present:

a. the name of each brand;
b. the name and address of the entity which owns the particular brand;
c. the date that Mikohn first entered into said licensing agreement;
d. the date when any such licensing agreements terminated and if not terminated, include the expiration date of any such licensing agreement;
e. identify the basis on which the licensor was compensated, indicating if it was compensated on a "per game per day" basis, an average basis, a "unit" basis or some other method.

**ANSWER:**

Objection. Plaintiff's interrogatory: is overly broad as to time as to the original license agreement had issue in this suit were in effect between 1999 and the end of March 2002; is not calculated to lead to the discovery of admissible evidence because contracts involving other

parties and other subjects are collateral, and irrelevant to the construction contracts at issue in this suit; and the phrases "per game per day basis", "an average basis", and "a unit basis", are vague, ambiguous and overly broad.

**REASON DEFENDANT'S RESPONSE IS INADEQUATE:**

The critical issue in this case is the means in which Mikohn interpreted a license agreement it had with Hasbro based on a "per game per day" payment methodology. Mikohn has spent time reviewing licensing agreements that Hasbro entered into with WMS to determine Hasbro's understanding of certain issues in the gaming industry. Hasbro did not object to producing the licensing agreement it had with WMS and Mikohn even subpoenaed from WMS files relative to the agreements it had with Hasbro. Moreover, Hasbro produced not only the agreements but drafts of the agreement and communication between the companies concerning those drafts.

Hasbro now simply seeks to determine what communications and agreements Mikohn has with other branded slot machine manufacturers so that Hasbro can better understand what type of payment methodology Mikohn was utilizing. Whether or not other branded slot machines were being paid on a "per game per day" basis or a "unit" basis is relevant to whether or not the calculations undertaken by Mikohn were done in the same way. If Mikohn was paying on a true "per game per day" basis to one (1) licensor and averaging its basis to another licensor under the same language, it certainly is relevant to the issue of contract interpretation.

Mikohn's position is completely unsupportable. Mikohn is well aware of what the terms "per game per day" mean. Mikohn is well aware of what the term "unit" basis means. Mikohn is equally well aware of what the "an average basis" terminology means. These are all terms that have been used in litigating the case to date.

WHEREFORE, Mikohn is simply being obstructive in refusing to provide information they know is relevant and is neither vague, ambiguous nor overly broad. Mikohn should be compelled to provide this answer within the next fifteen (15) days.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 5 day of May, 2006, I caused a true copy of the Plaintiff's Motion to Compel an Answer to its Third Supplemental Interrogatory to be sent by regular mail, postage prepaid to the following counsel of record:

Gordon P. Cleary, Esq.
Brooks R. Magratten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Todd D. White

*380433_1*