UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**MIKOHN'S MOTION TO COMPEL HASBRO'S DISCLOSURE OF EXPERT TESTIMONY AND ENLARGE MIKOHN'S TIME FOR EXPERT DISCLOSURES**

Pursuant to F.R.C.P. 37(a)(2)(A), defendant Mikohn Gaming moves for an order compelling plaintiffs Hasbro to disclose expert testimony in accordance with F.R.C.P. 26(a)(2)(B) and to enlarge Mikohn's time for expert disclosures. As grounds for this motion, Mikohn attaches the inadequate disclosure Hasbro made, and files its supporting memorandum herewith. Counsel hereby certifies that Mikohn conferred in good faith with Hasbro in an effort to secure the disclosure without Court action.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 10, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Mikohn's Motion To Compel Hasbro's Disclosure of Expert Testimony and Enlarge Time for Mikohn's Expert Disclosures by mailing first class mail, postage prepaid, on the 10th day of May, 2006.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF MIKOHN'S MOTION TO COMPEL HASBRO'S DISCLOSURE OF EXPERT TESTIMONY AND ENLARGE TIME FOR MIKOHN'S EXPERT DISCLOSURES**

Hasbro's purported Rule 26(a)(2)(B) expert disclosure is thoroughly deficient, nothing more than "a one-and-a-half page outline listing … 'points of testimony'" which plainly fails the standards of Rule 26. See, Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., 73 F.3d 546, 571 (5th Cir. 1996). The deficiencies in Hasbro's expert report should be remedied, and Mikohn should be granted an enlargement of its time to file its expert disclosures. Mikohn has a pending motion concerning all pretrial deadlines.

F.R.C.P. 26(a)(2)(B) requires that expert reports be sufficiently detailed and complete so that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial." Salgado v. General Motors Corp., 150 F.3d 735, 742 n. 6 (7th Cir. 1998). The disclosure of "sketchy and vague expert information" does not satisfy the rule. Sharpe v. United States, 230 F.R.D. 452, 458 (E.D. Va. 2005) quoting Sierra Club, Lone Star Chapter, 73 F.3d at 571.

What satisfies the rule is "a detailed and complete ... report, stating the testimony the witness is expected to present during direct examination." Advisory Committee's Notes to 1993 Amendment to Rule 26.

The Rule requires disclosure of six different categories of information:

1. A complete statement of all opinions that will be expressed at trial, and the reasons and basis for the opinion.

   "In simple terminology, this means 'how' and 'why' the expert reached the conclusions and opinions to be expressed." Reed v. Binder, 165 F.R.D. 424, 428 n. 5 (D. N.J. 1996).

2. The data and information considered by the expert.

   "Again, in simple language, this means 'what' the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions to be expressed." Id., at 428 n. 6.

3. Any exhibits the expert will use.

4. Qualifications of the expert, indicating publications for the past ten years.

5. Compensation.

   "… [T]he plain language of the rule clearly refers to the expert's 'compensation' which encompasses more information than simply a billing rate." Cary Oil Co., Inc. v. MG Refining & Marketing, Inc., 257 F.Supp.2d 751, 756 (S.D.N.Y. 2003).

6. A list of other cases in which the expert testified during the previous four years.

   "... [T]he list of cases ... should at a minimum include the name of the court or administrative agency where the testimony occurred, the names of the parties, the case number, and whether the testimony was given at deposition or trial." Coleman v. Dydula, 190 F.R.D. 316, 318 (W.D.N.Y. 1999).

Plaintiff Hasbro's expert disclosure is clearly deficient. On its face, the report (from an expert accountant) fails to present his own method and calculation of the royalties claimed by Hasbro, or Hasbro's method and calculation of royalties the expert promises to

endorse. Does Hasbro expect Mikohn to walk into trial with no specification of the damages claimed by Hasbro and the manner and substance of the calculation of those damages? How can Mikohn prepare its experts or cross-examine Hasbro's expert without knowing the amount and method of calculation of claimed damages?

Here are the specific issues with the report:

1. In paragraph 1 of the report, Hasbro's expert states "the terms of payment indicate a methodology of 'per game per day.'" However, there is nothing to indicate how and why Hasbro's expert reached that conclusion. The report lacks a detailed and complete statement of the expert's reasons and factual basis for his opinion.

2. In paragraph 2 of the report, Hasbro's expert states "the calculated payout to Hasbro would have yielded a higher payout than the ... calculation that Hasbro, Inc. internal auditors had to use." Again, no reasons or factual basis for the opinion is set out, much less a detailed and complete statement of the calculation method used and the alleged underpayment.

3. In paragraph 3 of the report, Hasbro's expert states "... a true daily accounting ... would have yielded an even higher royalty payment ... than Hasbro previously demanded." Here, too, there are no reasons and basis given, and no reason and basis given for the opinion, "in ... audit practice, it is common to use the best available information to evaluate transactions."

4. In paragraph 4 of the report, Hasbro's expert opines "it is not unusual that an internal or external auditor may not initially recognize all the relevant issues in an accounting transaction or terms of a contract." This opinion is unsupported by the reasons for it and the basis for it.

5. In paragraph 5 of the report, Hasbro's expert states "we are prepared to undertake calculation of revenue ... due to Hasbro based solely on non-Nevada casinos which

utilize a flat fee lease arrangement with Mikohn, predicated on the available underlying data to determine a per slot machine per day calculation. (The use of the average per game, per day based upon monthly information as used by Hasbro internal auditors may be necessary.)" This is not an opinion at all, much less an opinion backed up by an explication of the reasons and a factual basis.

Hasbro's expert's report is the "vague" and "sketchy" disclosure of expert opinion amended Rule 26 (a)(2)(B) was intended to dispel. It retains all elements of surprise by disclosing nothing about the reasons, and the factual basis, that underlie the opinions Hasbro says the expert is expected to offer by his testimony.

Additionally, Hasbro's expert has failed to disclose the tribunal, and the case numbers of cases in which he has testified, and whether the testimony was at deposition or trial. Hasbro's expert has failed as well to specify his compensation, offering instead hourly rates ranging from $100 to $300. Moreover, the report is deficient as to the data and information considered by the expert, because there is a conflict between what the expert says he considered and what Hasbro counsel says he considered.

Hasbro's inadequate expert disclosure also prejudices Mikohn's ability to make expert disclosures. Mikohn's deadline for its expert disclosures is currently June 1, 2006. However, because Hasbro has not satisfied Rule 26 standards regarding its expert's report, Mikohn's expert will not be able to prepare a rebuttal of Hasbro's expert evidence, or even gather and consider whatever factual basis may underlie Hasbro's expert's opinions. In the circumstances, Mikohn's deadline for expert disclosures should be enlarged at least corresponding to the time required to obtain proper expert disclosures from Hasbro.

For all of these reasons, the motion to compel and enlarge time should be granted.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 10, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Mikohn's Motion To Compel Hasbro's Disclosure of Expert Testimony and Enlarge Time for Mikohn's Expert Disclosures by mailing first class mail, postage prepaid, on the 10th day of May, 2006.