UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**HASBRO'S OBJECTION TO MIKOHN'S MOTION TO COMPEL HASBRO TO ANSWER INTERROGATORIES**

Hasbro hereby objects to Mikohn's Motion to Compel Answers to Interrogatories Numbers 5, 6, 7, 16 and 17. As an initial matter, Mikohn's Motion does not contain certification that Mikohn conferred with this office in an attempt to resolve this discovery dispute prior to filing the subject Motion. In fact, no attempt to resolve this dispute had been made prior to filing this Motion. This is in direct contravention to Fed. R. Civ. P. 37(a)(2)(A) and, as a result, Mikohn's Motion should be denied.

If the Motion is not denied, however, Hasbro sets forth below the specific reasons why its response was appropriate.

**INTERROGATORY NO. 5**: Does Hasbro have a license or other style of permission or excuse to use Shuffle Master marks, such as "LET IT RIDE?" If so, please identify all information and documents related to such rights, including without limitation the related compensation or rights provided by Hasbro to Shuffle Master.

**ANSWER NO. 5**: Hasbro objects to this interrogatory as it seeks information not relevant to Mikohn's counterclaim.

**REASON THE RESPONSE IS ADEQUATE**

Whether or not Hasbro has a license with a company unaffiliated with Mikohn for a game also unaffiliated with Mikohn has absolutely no relevance to Hasbro's use of "Carribean Stud Poker". Hasbro stipulates that it utilized "Carribean Stud Poker" within its hand-held computerized poker game and that it did not have a license. Hasbro further stipulates that in developing the hand-held game in question, the group developing and marketing the game inadvertently failed to contact the legal department to determine if any entity had any intellectual property rights in "Carribean Stud Poker."

The hand-held game in question only included "Carribean Stud Poker" and "Let it Ride" as playing options. Mikohn's interrogatory was not limited to "Let it Ride", however. It was also seeking information on <u>any</u> Shuffle Master mark. Because the game in question only includes two poker games, this Interrogatory is overly broad. Because Mikohn is seeking interrogatories unrelated to "Carribean Stud Poker" or any of its marks, this interrogatory is not relevant.

**INTERROGATORY NO. 6**: Identify all steps (including the time required and the cost of each step) that would be required of you to retrieve all of Defendant's Products now on sale in the United States, to replace their accompanying materials if some portion of those materials were found to infringe third-party intellectual property rights, and to restock non-infringing items.

**ANSWER NO. 6**: This product stopped being manufactured in 2005. Hasbro has no knowledge of the existing inventory any distributors have in their stores and therefore cannot respond to this interrogatory.

**REASON THE RESPONSE IS ADEQUATE**

Mikohn claims that product recall is a potential remedy. The product in question left Hasbro's control between one and three years ago. There is no evidence how many, if any, of

these products are still out in the market. Mikohn has propounded an interrogatory which does not presently have an answer. Mikohn is requesting that Hasbro perform calculations to remove, replace and restock a product that is no longer being sold.

The product in question was not a financial success. Hasbro can document the sales of this product and the profits generated from this product. Hasbro should not be compelled to estimate and then calculate the time spent and steps required to undertake a hypothetical conversion or retooling of a product which will not and cannot ever take place. Moreover, even if this was a relevant interrogatory and an answer could be ascertained, only an answer would be pure speculation.

**INTERROGATORY NO. 7**: Identify (by name and role and action(s) taken) every employee, agent, consultant, designer, manufacturer, vendor or other third-party who was involved in the conceptualization, design, prototyping, manufacture, and/or pre-sale marketing or consumer interest assessment of Defendant's Products.

**ANSWER NO. 7**: Hasbro objects to this Interrogatory as overly broad and unduly burdensome. Mikohn's interrogatory seeks the names of potentially a hundred or more employees over the course of several years. Without waiving this Objection, Hasbro refers Mikohn to the documents Hasbro produced in response to Mikohn's Trademark Requests which indicates the names of specific employees involved in various departments as referenced above.

**REASON THE RESPONSE IS ADEQUATE**

Rule 33(d) of the Fed. R. of Civ. P. specifically provides that the party required to answer an interrogatory has the "option to produce business records." In this case, just as the rule sets forth, the burden of compiling the identity of any and all employees involved in the "conceptualization, design, prototyping, manufacture, and/or pre-sale marketing or consumer interest" of this product is the same for Hasbro as it is for Mikohn. Moreover, the role of the

respective employees can be deduced from the document and the issues being discussed.

Finally, Mikohn has not even identified the relevance of this request. What is Mikohn seeking to gain from an interrogatory in which Hasbro is required to identify every employee ever affiliated with the product and what they did? Mikohn could have asked for the identity of specific employees and their respective roles. It did not. Mikohn has chosen a scattershot method of discovery. It is overly broad, unduly burdensome and as drafted, not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 16**: Have you ever been accused, in the past ten years, of infringing, violating a license for, or otherwise misusing any marks or identifying material (e.g., trademarks, service marks, trade dress, common law rights) in the United States? If so, identify each such accusation by providing at least the following information: Court, full case name; case number, a brief description of the case allegations, and the present status of the dispute.

**ANSWER NO. 16**: Hasbro objects to this interrogatory as to the basis that it is overly broad, unduly burdensome, and seeks information beyond the scope of this claim.

**REASON THE RESPONSE IS ADEQUATE**

Mikohn does not narrow its request to infringement in the "casino gaming area", as it infers in its Motion. It does not limit its interrogatory to circumstances which would be comparable to the case in question. Mikohn's request is far broader. It asks for any examples of accusations of "misusing any marks or identifying material in the United States." If Mikohn had limited its interrogatory as it did in is accompanying Motion, at least it would not have been overly broad or unduly burdensome. Mikohn cannot expect to ask an interrogatory of this scope and breadth and not have an objection raised to it.

Additionally, Mikohn has also failed to state how learning of any accusations against Hasbro in the past ten years is actually bears on "culpability" with respect to the matter at hand.

Hasbro has stipulated that it infringed with respect to "Carribean Stud Poker" and that Hasbro's game development group and/or marketing group inadvertently failed to request a search pertaining to possible "Carribean Stud Poker" intellectual property rights from Hasbro's legal department.

**INTERROGATORY NO. 17**: Have you ever accused any person or entity in the past ten years, of infringing, violating a license for, or otherwise misusing any of your marks or identifying material (e.g., trademarks, service marks, trade dress, common law rights) in the United States? If so, identify each such claim by providing at least the following information: Court, full case name; case number, a brief description of the case allegations, and the present status of the dispute.

**ANSWER NO. 17**: Hasbro objects to this Interrogatory as to the basis that it is overly broad, unduly burdensome, and seeks information beyond the scope of this claim.

**REASON THE RESPONSE IS ADEQUATE**

Again, Mikohn drafts an overly broad interrogatory. Mikohn does not narrow its request to infringement. Mikohn also includes "violating a license for" marks or identifying materials. Answering this interrogatory as it is presently constituted would include Hasbro identifying the present case, because in it Hasbro is alleging that Mikohn violated a license agreement for two Hasbro brands: Battleship and Yahtzee. Mikohn claims that it is seeking to assess (or have a trier-of-fact assess) Hasbro's "willfulness or purposeful blindness" in this case. Hasbro has already stipulated that it inadvertently failed to conduct the legal research because its legal department was not informed.

Hasbro has many toys, games and products being developed simultaneously, both internally and externally. Hasbro is not asserting naiveté as a defense. It is asserting that the group which was developing the handheld game in question was ignorant that "Carribean Stud

Poker" was a protected mark because the group inadvertently failed to consult with Hasbro's legal department to perform a search. Mikohn has already asked interrogatories in this regard.

Additionally, Mikohn does not limit its interrogatory to circumstances which would be comparable to the case in question. Mikohn's request is far broader. It asks for any examples of Hasbro accusing others of "misusing any of your marks or identifying material . . . in the United States." Hasbro has hundreds of license agreements, as well as hundred of brands and marks. Seeking an identification of "accusations" of "misusing" said brands or marks cannot be answered by anything but speculation. If Mikohn narrows this interrogatory to the casino gaming industry, or a relevant category this may be susceptible to be answered. However, once again, Mikohn cannot expect to ask an interrogatory of this scope and breadth and not have an objection raised to it.

A review of the relevant interrogatories and Hasbro's response to each shows precisely why Mikohn's failure to confer about these issues in advance of fining this motion is critical. Had Mikohn conferred and provided more specific requests, then this dispute may have been successfully narrowed. Mikohn should not be allowed to benefit from their procedural misstep.

WHEREFORE, Hasbro respectfully requests that this Court deny Mikohn's Motion to Compel because it failed to comply with Rule 37(a)(2)(A) of the Fed. R. Civ. P, as well failed as set forth in the specific reasons above.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: 10 day of May, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 10 day of May 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon P. Cleary, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*379958_1.doc*