UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. | : | |
| | : | |
| v. | : | C.A. No. 05-106S |
| | : | |
| MIKOHN GAMING CORP. | : | |

**ORDER**

Before the Court for determination are four Motions filed in April 2005 by Defendant Mikohn Gaming Corp. ("Mikohn"). (Document Nos. 114, 115, 119 and 120). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). Plaintiffs Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") have objected to each Motion. After reviewing the Motions, the Court has determined that no hearing is necessary. The Motions are resolved as follows:

**A. Mikohn's Motion to Take Six Additional Depositions (Document No. 114).** GRANTED in part. Mikohn is GRANTED leave to take four depositions in addition to the ten allotted it under Fed. R. Civ. P. 30(a)(2)(A). See Fed. R. Civ. P. 26(b)(2).

**B. Mikohn's Motion to Amend the Pretrial Scheduling Order (Document No. 115).** DENIED for lack of good cause shown at this time. This case was initiated more than one year ago and there are nearly four (4) months remaining before the discovery closure date (August 28, 2006).

**C. Mikohn's Motion to Compel Hasbro to Answer Interrogatories (Document No. 119).** DENIED. Under Fed. R. Civ. P. 37(a)(2)(B), a Motion to Compel "must include a certification that the movant has in good faith conferred or attempted to confer with the...party failing to make the discovery in an effort to secure the information or material without court action."

(emphasis added). Rule 37(a)(2)(B)'s certification requirement is mandatory not optional. This Court does not write the rules but is required to apply them as written.

**D. Mikohn's Motion for an Award of Expenses for Proving Denied Requests to Admit (Document No. 120).** DENIED. Mikohn has not established that an award of expenses is warranted under Fed. R. Civ. P. 37(c)(2). Hasbro admitted the authenticity of the documents in question. While Mr. Alexander, a Hasbro Executive, later testified that Hasbro employees were "authorized to create" the documents, that does not necessarily mean that the employees had been "authorized to speak" for Hasbro on such matters. This Court cannot conclude that Hasbro's partial denials were unreasonable or made in bad faith.

SO ORDERED

LINCOLN D. ALMOND
United States Magistrate Judge
May 12, 2006