UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs, | |
| v. | Civil Action No.: 05-106 S |
| MIKOHN GAMING CORPORATION, Defendant. | |

**HASBRO'S OBJECTION TO MIKOHN'S MOTION TO COMPEL HASBRO'S DISCLOSURE OF EXPERT TESTIMONY AND ENLARGE MIKOHN'S TIME FOR EXPERT DISCLOSURES**

Pursuant to the Court's Scheduling Order, Hasbro conveyed to Mikohn's counsel its expert disclosure and expert report on May 1, 2006.[1] Shortly thereafter, Mikohn wrote to Hasbro indicating that the report was deficient with regard to certain information. On or about Thursday, May 4, 2006, Hasbro's counsel contacted Mikohn's counsel by phone and asked for explicit elaboration of the areas in which Mikohn believed the report was deficient. Hasbro's counsel indicated that he would contact his expert and work to rectify those purported deficiencies.

On May 5, 2005, Hasbro's counsel informed expert Michael Tousignant of the purported deficiencies brought to Hasbro's attention by Mikohn's counsel. Despite being informed that the report would be amended, on Wednesday, May 10, 2006, Mikohn filed a Motion to Compel. As Mikohn's counsel had been informed it would, Hasbro has obtained the revised report and attaches a copy of it hereto (attached as Exhibit 1).

[1] The scheduling order required that Hasbro's expert disclosure be provided by May 1, 2006.

Mikohn's motion to compel disclosure of expert testimony is a ruse in order to seek additional time in this matter. Mikohn received Hasbro's expert report on May 1, 2006, the date it was due. Mikohn has an entire month by which to provide an expert disclosure if it so chooses. Even if this Court was to determine that portions of Hasbro's expert report is somewhat deficient, the substance of the report is more than sufficient for Mikohn to prepare itself to determine what expert, if any, it wants to use. Mikohn is grasping at straws trying to find reasons why it should be allowed to extend certain deadlines.

It is arguable whether an expert is even needed in this matter. The methodology undertaken by Hasbro in determining the outstanding royalty payments was disclosed to Mikohn well before suit was ever filed. Mikohn chose not to respond to Hasbro's report and inquiry. Hasbro has calculated the royalties owed to it by using the spreadsheets it received from Mikohn which recorded the monthly revenue each machine received from each casino and dividing it by the number of days in the month. Hasbro has been consistent in alleging that information on the actual daily net win is the requisite information on which to calculate a true "per day" royalty payment, but that information is apparently not available. Thus, Hasbro has been forced to utilize the best available information.

This is neither an extraordinary nor complex accounting matter warranting an elaborate expert report. In fact, this is just the opposite. It is a case which revolves around the interpretation of four words – "per game per day." As a simple matter of precaution, however, Hasbro decided that it was better to engage the services of an expert with respect to the accounting involved.

Hasbro has attached the amended expert report providing the information as required by Mikohn. There is no need to allow additional time on this basis. Mikohn has always known the

basis upon which Hasbro has done its calculation. The detailed audit findings and report for the 2004 audit were available to Mikohn well before suit was ever filed.

WHEREFORE, Hasbro respectfully requests that this Court deny Mikohn's Motion to Compel Hasbro's Disclosure of Expert Testimony and deny Mikohn's Motion to Seek and Enlargement of Time for its Own Expert's Disclosures.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: May 12, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 12 day of May 2006, I caused a true copy of the within document to be sent by hand delivery to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Todd D. White

*381340_1.doc*