UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | **Oral Argument Requested** |

**MIKOHN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL EXPERT TESTIMONY**

Hasbro's amendment of its original expert report consists of the addition of one sentence to paragraph 1 of the report, three sentences to paragraph 2, one sentence to paragraph 3, and an increased font size bringing the report from one and one-half pages to two and one-fifth pages. The amended report is attached.

The report is still not, as Rule 26(a)(2)(B) requires, "a detailed and complete written report" that "states the testimony the witness is expected to present during direct examination," and "should be written in a manner that reflects the testimony to be given by the witness." Advisory Committee Notes to 1993 Amendments (emphasis added). Instead, it remains a vague, cryptic statement that certain opinions will be expressed, and reveals little else. In a case in which Hasbro is seeking more than six million dollars, it compels a deposition of the expert, rather than obviating one. Salgado v. General Motors Corp., 150 F.3d 735, 742 n. 6 (7th Cir. 1998)(expert reports must be so sufficiently detailed and complete that "opposing counsel is not forced to depose an expert").

Nowhere does the expert, whose apparent purpose is to bless Hasbro's damage calculation, say what damage figure, in dollars, Hasbro claims. The expert states he has reviewed "calculations" made by Hasbro's accountants in demanding "underpaid" royalties, but he does not identify the form in which those calculations are displayed. The only damages documents Hasbro has produced in discovery are spreadsheets attached to an audit report, but those are not calculations. Those are the results of calculations. Mikohn has asked Hasbro for those calculations, but has not received

Hasbro's expert indicates that based on his review of a "sampling" of monthly reports (we assume Mikohn royalty reports, because he does not specificy), "the drop per game, per day" would have resulted in a higher payout to Hasbro, but he fails to identify the sampling, or quantity in dollars or other reference of magnitude indicating how much higher the payout would be. Is Hasbro saying that the expert will <u>not</u> quantify the payout he says Hasbro should have received?

The expert further opines (presumably to diffuse Hasbro's audit results, which stated Mikohn was paying correctly) that an "auditor may not initially recognize all the relevant issues in an accounting transaction or terms of a contract." Absolutely no substance, explanation, and no factual basis, are provided for this opinion.

As far as the timing of the motion, and the representations from Hasbro, suffice it to say that Hasbro counsel was told Mikohn counsel had looked at the cases considering expert disclosure issues, and Hasbro's expert report was deficient in specified areas. Hasbro did not dispute the statement, but also did not commit to any additional level of disclosure. The conversation ended on a decidedly ambiguous note. When there was no follow-up from Hasbro after a week, Mikohn filed its motion.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 16, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Mikohn's Reply Memorandum in Support of Motion To Compel Expert Testimony by mailing first class mail, postage prepaid, on the 16th day of May, 2006.

______________________________