UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | C.A. No. 05-0106/S |
| | ) | |
| v. | ) | |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant | ) | |

**MIKOHN'S APPEAL FROM THE MAGISTRATE JUDGE'S DENIAL OF MIKOHN'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

**EXPEDITED HEARING REQUESTED**

Pursuant to Local Rule Cv 72, defendant Mikohn Gaming hereby appeals from that portion of the Magistrate Judge's May 12, 2006 order denying Mikohn's motion to amend the pretrial scheduling order. Mikohn respectfully submits that good cause for the motion has been shown, and the motion should have been granted at least in part. A copy of the May 12, 2006 order is attached. Mikohn's supporting memorandum is filed herewith.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 16, 2006

**CERTIFICATE OF SERVICE**

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Mikohn's Appeal from the Magistrate Judge's Denial of Mikohn's Motion To Amend the Pretrial Scheduling Order by mailing first class mail, postage prepaid, on the 16th day of May, 2006.

______________________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. | : | |
| | : | |
| v. | : | C.A. No. 05-106S |
| | : | |
| MIKOHN GAMING CORP. | : | |

**ORDER**

Before the Court for determination are four Motions filed in April 2005 by Defendant Mikohn Gaming Corp. ("Mikohn"). (Document Nos. 114, 115, 119 and 120). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). Plaintiffs Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") have objected to each Motion. After reviewing the Motions, the Court has determined that no hearing is necessary. The Motions are resolved as follows:

**A. Mikohn's Motion to Take Six Additional Depositions (Document No. 114).** GRANTED in part. Mikohn is GRANTED leave to take four depositions in addition to the ten allotted it under Fed. R. Civ. P. 30(a)(2)(A). See Fed. R. Civ. P. 26(b)(2).

**B. Mikohn's Motion to Amend the Pretrial Scheduling Order (Document No. 115).** DENIED for lack of good cause shown at this time. This case was initiated more than one year ago and there are nearly four (4) months remaining before the discovery closure date (August 28, 2006).

**C. Mikohn's Motion to Compel Hasbro to Answer Interrogatories (Document No. 119).** DENIED. Under Fed. R. Civ. P. 37(a)(2)(B), a Motion to Compel "must include a certification that the movant has in good faith conferred or attempted to confer with the...party failing to make the discovery in an effort to secure the information or material without court action."

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF MIKOHN'S APPEAL FROM THE MAGISTRATE JUDGE'S DENIAL OF MIKOHN'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

**EXPEDITED HEARING REQUESTED**

Defendant Mikohn Gaming Corp. ("Mikohn") moved to amend the pretrial scheduling order to: (1) postpone Mikohn's expert disclosures in connection with plaintiffs Hasbro, Inc.'s and Hasbro International, Inc.'s (together "Hasbro") claims by one month; (2) extend the discovery period by five weeks; and (3) postpone the deadline for dispositive motions and pretrial memoranda by five weeks. Mikohn moved for the extensions because the existence of complex and unusual factual and legal issues coupled with the pending motion to dismiss makes it is unlikely it will be able to meet the current deadlines set forth in the existing pretrial order.

**THE CURRENT AND PROPOSED DEADLINES COMPARED**

A comparison of the existing and proposed scheduling order dates Mikohn proposed in its motion to amend is provided below.

| Event | Current Deadline | Proposed Deadline | Delay |
|---|---|---|---|
| Progressive Gaming's expert disclosures – in defense of Hasbro's claims | 6/1/06 | 7/1/06 | 1 month |
| Discovery closure | 8/28/06 | 10/02/06 | 5 weeks |
| Dispositive motions | 9/11/06 | 10/16/06 | 5 weeks |
| Pretrial memoranda | thirty (30) days after a decision on any dispositive motion, or, if no dispositive motions are filed, by 9/28/06 | thirty (30) days after a decision on any dispositive motion, or, if no dispositive motions are filed, by 11/3/06 | 5 weeks |

Magistrate Judge Almond denied the motion for:

> lack of good cause shown at this time. This case was initiated more than one year ago and there are nearly four (4) months remaining before the discovery closure date (August 28, 2006).

It seems clear that the Magistrate Judge's main focus was the scheduling deadlines some months in advance, and not Mikohn's expert disclosure date.

## THE CAUSE FOR AMENDING THE SCHEDULING ORDER

The earliest approaching deadline is Mikohn's expert disclosures in defense of Hasbro's claims. Hasbro filed inadequate disclosures on May 1, 2006, and Mikohn has filed a motion to compel disclosures as required by Rule 26. Hasbro submitted an amended expert report on May 10, 2006, but the amended report – two and one-fifth pages purporting to state the substance, reasoning and factual basis for five opinions – still lacks the completeness and detail Rule 26 requires. Clearly, Mikohn is at a great disadvantage in trying to formulate and document full expert disclosures in response to Hasbro's vague and sketchy disclosures.

Moreover, Mikohn's Rule 12(b)(6) motion to dismiss Hasbro's claims, primarily because Hasbro's interpretation of the royalty provisions violates Nevada gaming law, has been pending since August, 2005. The outcome of the motion, however it is decided, is likely to require a significant adjustment in the cases the parties are preparing. Even Hasbro's expert promises to provide an opinion – which he does not presently provide – depending on the outcome of the motion to dismiss. In addition, Hasbro amended its fraud claim, and Mikohn is pressing for further discovery responses from Hasbro relating to these new fraud allegations. Further, Mikohn asserted counterclaims against Hasbro for trademark and unfair competition violations arising from Hasbro's sale of a computerized handheld device, marketed to children ages 8 and up, that allows its user to electronically play various poker games, including "Caribbean Stud Poker." Mikohn is the owner of the CARIBBEAN STUD® and CARIBBEAN STUD POKER (with design)® names (together "CARIBBEAN STUD") and did not authorize Hasbro to use the CARIBBEAN STUD name in connection with its computer game. Hasbro has not produced income and cost information for the hand held game, and this material is essential to the counterclaim.

The motion to amend the scheduling order was filed because Mikohn assessed what it needs to prepare its case, and assessed the time available to prepare under the existing deadlines. The enlarged deadlines Mikohn seeks are not unreasonable. The fact that the motion was made respecting the later dates in the scheduling order is an indication of the thought and planning Mikohn has devoted to closing out discovery and pretrial compliance. The deadline for Mikohn's expert disclosures is most immediate, and Mikohn submits it demonstrated good cause for an amendment of that date at least.

For these reasons, Mikohn respectfully requests that the May 12, 2006 order be overruled at least as to Mikohn's expert disclosures, and that Mikohn have until July 1, 2006 to satisfy that portion of the pretrial scheduling order.

Brooks R. Magratten, No. 3585
Gordon P. Cleary, No. 1948
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: May 16, 2006

## CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Mikohn's Appeal from the Magistrate Judge's Denial of Mikohn's Motion To Amend the Pretrial Scheduling Order by mailing first class mail, postage prepaid, on the 16th day of May, 2006.