UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs, | |
| v. | Civil Action No.: 05-106 S |
| MIKOHN GAMING CORPORATION, Defendant. | |

**HASBRO'S OBJECTION TO MIKOHN'S APPEAL FROM THE MAGISTRATE JUDGE'S DENIAL OF MIKOHN'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

Plaintiffs, Hasbro Inc. and Hasbro International, Inc. ('Hasbro") object to Mikohn's Appeal from the Magistrate Judge's Denial of Mikohn's Motion to Amend the Pretrial Scheduling Order. In its appeal, Mikohn claims that a cause for its desire for an amendment of the scheduling order is Hasbro's "inadequate disclosures" with regard to its expert report.

As Hasbro has outlined in its opposition to Mikohn's Motion to Compel Additional Expert Information, Hasbro complied with the Court's deadline of May 1, 2006 in filing its expert disclosure and expert report. Thereafter, Mikohn contacted Hasbro by letter indicating it believed certain aspects of the disclosure were deficient. Hasbro contacted Mikohn by phone and asked for specific information. Contrary to Mikohn's position, Hasbro indicated it would contact the expert and make the revisions as requested. Instead of waiting for the information it requested, Mikohn filed its motion to compel. Nevertheless, as Mikohn admits in its present appeal, Hasbro filed an Amended Expert Disclosure on May 10, 2006.

Mikohn appears to be particularly concerned that Hasbro's expert report is two and one-fifth pages long. Nowhere in the Federal Rules is there a page length requirement for an expert report. Moreover, Hasbro's expert is not opining on a complex issue. Hasbro's expert accountant is simply validating Hasbro's position and the internal auditing calculations produced as part of Hasbro's 2004 Audit Report and demand letter. It is that simple. There are no novel theories espoused here. Hasbro has conceded that it is quite possible an expert report and/or testimony may not even be needed in this case. However, out of an abundance of caution Hasbro retained an expert who provided the report.

Now, Mikohn claims that it needs further time to do some sort of detailed analysis of that report to determine how its expert will respond. Mikohn has known since February of 2005 exactly what Hasbro's position is with respect to the underpayments pursuant to the licensing agreements between Hasbro and Mikohn. Hasbro's present expert provides an opinion no different than the final audit report and demand letter that Hasbro presented to Mikohn over fifteen (15) months ago. This is an insufficient basis for extending the scheduling order.

As a second reason in support of their appeal of the Magistrate's decision, Mikohn claims that it needs more time to delve into its counterclaim against Hasbro for infringement of its Caribbean Stud Poker Mark. What Mikohn fails to disclose to the Court is that it moved to amend its complaint to add this counterclaim on October 28, 2005. Hasbro did not oppose this motion. Between that date and the present it has had plenty of time to prosecute this counterclaim. Moreover, Hasbro has not mounted much of a defense to Mikohn's contention. Hasbro conceded that it utilized this mark without Mikohn's permission. Hasbro explained that its Development and Marketing personnel failed to contact Hasbro's legal department to determine if the Caribbean Stud Poker mark was protected. Hasbro has also provided documents

indicating that the total volume of sales for the product in question was approximately $316,000. Hasbro is prepared to resolve this matter for a reasonable licensing fee based on the sales of those games. Once again, this is neither a complex legal matter not does it require detailed analysis.

WHEREFORE, Mikohn's appeal should be denied. Because the discovery deadline is not until August 28, 2006, there is more than sufficient time for Mikohn to complete the discovery it needs.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: May 22, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 22 day of May 2006, I caused a true copy of the within document to be sent by hand delivery to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Todd D. White

*382149_1*