UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al. | : | |
| | : | |
| v. | : | C.A. No. 05-106S |
| | : | |
| MIKOHN GAMING CORP. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination are Plaintiffs' Motions to Compel Discovery (Document Nos. 116 and 125) and Defendant's Motion to Compel Expert Disclosure (Document No. 127). See 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on May 25, 2006. These discovery Motions are resolved below.

**A. Plaintiffs' Motions to Compel**

Plaintiffs' Motion is directed at Defendant's response to their Seventh Supplemental Request for Production of Documents (consisting of five individual requests) and Supplemental Interrogatory No. 1. These discovery requests relate to discovery of information regarding allegedly similar licensing agreements between Defendant and other licensors of branded slot machines including Ripley's. Plaintiffs contend that such discovery is relevant to Defendant's ambiguity defense and to determine if Defendant's interpretation of the licensing agreement in dispute is consistent with the position it has taken with other licensors. Further, Plaintiffs contend that Defendant's objections fly in the face of the discovery it sought and obtained regarding Plaintiffs' licensing agreements with WMS, a competing slot machine manufacturer. Defendant objects and contends that the discovery sought would be inadmissible under the principle of res inter alios acta (a thing done between others).

While Defendant may be correct as to the ultimate inadmissibility of such evidence, this Court must apply the Fed. R. Civ. P. 26(b)(1) discovery standard to this dispute and not the rules regarding admissibility of evidence at trial. Under Fed. R. Civ. P. 26(b)(1), a party may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party" and such "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs have made a sufficient showing to meet the Rule 26(b)(1) relevance standard. Thus, Defendant's objections are overruled, and Plaintiffs' Motions to Compel (Document Nos. 116 and 125) are GRANTED. Defendant shall provide its responses to Plaintiffs within thirty (30) days of the date of this ORDER. LR Cv 37(b).

**B. Defendant's Motion to Compel**

On or about May 1, 2006, Plaintiffs produced an expert disclosure and report pursuant to Fed. R. Civ. P. 26(a)(2) to Defendant. The expert, Michael Tousignant, CPA, opines on the interpretation of the "per game, per day" payment methodology at dispute in this case. Defendant's counsel contacted Plaintiffs' counsel shortly after receiving the expert report and contended that it was deficient in several respects. A revised report was produced by Plaintiffs on or about May 10, 2006, and Defendant still claims it is deficient which is the subject of its Motion to Compel. The revised report incorporated revisions to paragraphs 2 and 3; while paragraphs 1, 4 and 5 remained substantially unchanged.

Fed. R. Civ. P. 26(a)(2) is entitled "disclosure of expert testimony" and requires the production of a written expert report. The report is "intended to serve as a complete and reliable preview of the expert's trial testimony." Anderson v. Hale, No. CIV-02-0113F, 2002 WL 32026151 (W.D. Ok. Nov. 4, 2002). In addition to disclosing the expert's qualifications, the report must

contain a "complete statement" of the expert's opinions, the bases and reasons for those opinions, and the data or other information considered by the expert in forming the opinions. Fed. R. Civ. P. 26(a)(2)(B). The "expert report should be written in a manner that reflects the testimony the expert witness is expected to give at trial." Sharpe v. United States, 230 F.R.D. 452, 458 (E.D. Va. 2005).

Defendant contends that Plaintiffs' expert disclosure is clearly deficient in several respects. Plaintiffs counter that the report, as revised, is sufficiently detailed. After reviewing the revised report and listening to the arguments of counsel, this Court concludes that the revised report does not include the level of detail required by Fed. R. Civ. P. 26(a)(2)(B). The report is somewhat conclusory as to several points. For instance, in paragraph 3 of his report, the expert opines that "[b]ased on [his] experience and review of the Hasbro internal audit work papers, along with a review of a sampling of monthly reports, would indicate the drop rate per game, per day had it been available would have resulted in a higher payout to Hasbro under the contract." However, his report fails to indicate what specific experience he has to support this opinion, the specific audit work papers reviewed, the specific monthly reports included in his sample and the sampling methodology, if any, or the amount or other reference of magnitude of this claimed higher payout under the licensing agreement.

At the hearing, this Court expressed concern to Defendant's counsel about this issue becoming a revolving door of litigation regarding the specificity of the expert report. In response, Defendant's counsel reasonably acknowledged that he was likely to get only one bite at the apple in this regard. Further, given the tenor of this litigation to date, it is highly likely that this expert will be deposed, and Judge Smith recently gave Defendant the relief it sought regarding the timing of expert discovery.

Accordingly, for the reasons stated above, Defendant's Motion to Compel a more detailed expert report is GRANTED. Plaintiffs shall obtain and produce a more detailed expert report to Defendant which reasonably and in good faith attempts to address the deficiencies raised by Defendant's Motion. Such revised expert report shall be produced to Defendant within fourteen (14) days of the date of this ORDER.

**Conclusion**

As discussed above, Plaintiffs' Motions to Compel (Document Nos. 116 and 125) are GRANTED, and Defendant's Motion to Compel (Document No. 127) is GRANTED.

LINCOLN D. ALMOND
United States Magistrate Judge
June 1, 2006