**United States District Court**
**District of Nevada**

| | | |
|---|---|---|
| **Hasbro Inc** | PLAINTIFF(S) | CASE NO: **05-0106/S** |
| vs. | | |
| **Mikohn Gaming Corporation** | DEFENDANT(S) | **AFFIDAVIT OF SERVICE** |

STATE OF NEVADA
COUNTY OF CLARK

I Jim Baker certify that on, June 9, 2006, at 12:03 PM, I received the within Subpoena for service. Furthermore, I hereby certify and return that today, June 12, 2006, at 9:20 AM, I summoned the within named witness Shuffle Master Inc. to appear and give testimony (*or produce*) as within directed, by delivering in hand to Leslie Miramon, Paralegal a true and attested copy of the within Subpoena. Said service was effected at: 1106 Palms Airport Drive, Las Vegas, NV 89119.

Jim Baker, Process Server
License No: 999A

SUBSCRIBED AND SWORN TO before me
today Monday, June 12, 2006.

NOTARY PUBLIC

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
PAMELA DUDLEY
Appt. No. 04-90439-1
My Appt Expires July 22, 2008

**Legal Express**
911 S. 1st St.
Las Vegas, NV, 89101
(702) 877-0200 , (702) 384-8170 Fax
mailto:legex@aol.com
License No(s): 999/999A

*Prepared for:*
Vetter & White
20 Washington Place
Providence, RI 02903
*Legex Slip # **46333-b/Brooks***

*Service Fees: $36.35*

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Nevada

Hasbro, Inc. & Hasbro International, Inc.
V.
Mikohn Gaming Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-0106/S (D. Rhode Island)

TO: Keeper of Records
Shuffle Master, Inc.
1106 Palms Airport Drive, Las Vegas, NV

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE | DATE AND TIME |
|---|---|
| Progressive Gaming Corp., 920 Pilot Road<br>Las Vegas, NV 89119 ATTN: Eric Abbott | 7/5/2006 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6/7/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brooks R. Magratten, #3585, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903 tel: (401) 421-3060, fax: (401) 272-6803, bmagratten@vetterandwhite.com

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

SCHEDULE A

1. All communications between Shufflemaster (including affiliates) and Hasbro (including affiliates) concerning the U.S. mark LET IT RIDE, including without limitation any indication of knowledge by Hasbro of this mark, any cease-and-desist letters, or any other advisories or demands concerning Shufflemaster's rights in this mark.

2. All documents referring or relating to license agreements, permissions, confidentiality agreements, settlement agreements or any other agreements (and all negotiations leading thereto) involving, referring to or relating to Hasbro (or its affiliates) and to the mark LET IT RIDE, or to any mark or intellectual property owned or controlled by Shufflemaster.

3. All documents referring or relating to or showing any actual or possible confusion, mistake or deception as to the source or origin of any product or service of Hasbro (or any Hasbro affiliate) with any Shufflemaster product or service related to Shufflemaster's mark LET IT RIDE.

4. All licensing agreements, including any agreements with Hasbro, Tiger, Technosource or US Playing Card Company, where Shuffle Master licensed a trademark for one of Shuffle Master's table games for use on a handheld electronic device which simulates a table game in a manner where the player is not wagering real money.

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Subpoena by mailing first class mail, postage prepaid, on the 7th day of June, 2006.

[signature]