UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and<br>HASBRO INTERNATIONAL, INC.,<br>Plaintiffs,<br><br>v.<br><br>MIKOHN GAMING CORPORATION,<br>Defendant. | : | Civil Action No.: 05-106 S |

**NOTICE OF TAKING DEPOSITOIN**
**(Pursuant to Fed. Ct. R.C.P. 30(b)(6))**
**(Duces Tecum)**

TO: Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Associated Reporters of Nevada
2300 West Sahara Avenue
Suite 770, Box 17
Las Vegas, NV 89102

DEPONENT: 30(b)(6) Designee of Mikohn Gaming Corporation

DATE: August 22-23, 2006

TIME: 9:00 a.m.

PLEASE TAKE NOTICE that pursuant to provision 30(b)(6) of the Rhode Island Fed. Ct. R.C.P., Plaintiffs will take testimony on oral examination of the person or persons with most knowledge relative to the topics listed on **Schedule A**, attached hereto, before a Notary Public of the State of Nevada or other duly qualified person and thereafter from day to day as the taking of the deposition may be adjourned, at the offices of Associated Reporters of Nevada, 2300 W. Sahara Avenue, Suite 770, Box 17, Las Vegas, NV 89102, at which time and place you are

notified to appear and take such part in the examination as you may be advised and as shall be fit and proper.

For the Defendants
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Jeffrey K. Techentin (# 6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of July 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Associated Reporters of Nevada
2300 W. Sahara Avenue
Suite 700, Box 17
Las Vegas, NV 89102

Todd D. White

*371011_1.doc*

# SCHEDULE A

## Licensing Agreements with Hasbro

1. The negotiation and final inclusion of the royalty rate within the Worldwide Merchandising License Agreement Summary ("License Agreement") between Hasbro and Mikohn with regard to the brands Yahtzee and Battleship.

2. The reason a royalty rate specifically based on "per game per day" determination was utilized in the License Agreement between Mikohn and Hasbro for the brands Yahtzee and Battleship.

3. Mikohn's first notification (either in writing or as part of an oral transmission) to anyone at Hasbro concerning the possibility that Hasbro may be unable to participate in the lease and/or net win of any Hasbro branded slot machine in any jurisdiction.

4. The reason(s) why Mikohn utilized the methodology it employed when calculating the licensing obligations owed to Hasbro prior to March of 2002.

5. Any internal discussions, communications, or analysis about Mikohn's method of calculating the royalty payments made to Hasbro prior to March of 2002.

6. The means by which Mikohn determined when the "After Licensee's Costs are Recovered" provision of the Yahtzee or Battleship license agreements applied to royalty payments, including how such a determination was made.

7. The procedure undertaken to test the Yahtzee and Battleship slot machines to determine economic feasibility, prior to making any payments to Hasbro.

8. The specifics of when and why Mikohn sought to obtain licenses for branded slot machines, including but not limited to licensing Hasbro games for use in slot machines Mikohn manufactured.

## Interaction with the Nevada Gaming Control Board and/or the Nevada Gaming Commission

9. Mikohn's understanding prior to March 20, 2002 of the Nevada Gaming Control Board's interpretation of whether a Licensee could participate in the net win of any slot machine in the State of Nevada, on a percentage basis or on the basis of specified graduated step payments.

10. Mikohn's understanding of how the Nevada Gaming Control Board's position "represents a departure from past policy of the Board." (As this was articulated in Charles McCrea's facsimile letter to Pat Schmidt of March 20, 2002 concerning the Hasbro royalty payments for the game Clue.)

11. The steps and/or procedures Mikohn had to undertake in order to obtain approval from the Nevada Gaming Commission for the Yahtzee and Battleship slot machines.

12. Communication between Mikohn and the Nevada Gaming Commission, Nevada Gaming Control Board and/or any other regulatory agency for the approval of the Yahtzee and Battleship slot machines.

**Slot Machine Agreements with Casinos**

13. The payment terms contained within lease agreements between Mikohn and non-Nevada casinos.

14. How Mikohn tracks and/or evaluates the performance of the slot machines it leases.

15. How casinos track and/or evaluate the performance of slot machines it leases.

16. Any and all flat rate lease agreements between Mikohn and any casino which Mikohn leased or sold a Hasbro branded slot machine.

17. The royalty agreement terms in any license agreement between Mikohn and any licensor allowing Mikohn to sell or lease a branded slot machine.