# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED
JUL 0 3 2006
VETTER & WHITE

HASBRO, INC., et al.,
Plaintiffs

v. C.A. No. 05-0106/S

MIKOHN GAMING CORP.,
Defendant

**PLAINTIFFS' RESPONSES TO**
**DEFENDANT'S FIFTH REQUEST FOR PRODUCTION**

General Objection

Plaintiffs object to the "Definitions and Instructions" set forth by the Defendant. Plaintiffs will respond to Defendant's Requests as required by the applicable Federal Rules of Civil Procedure and Plaintiffs will utilize the common and accepted usage of all terms within each specified request. However, Plaintiffs responses are not limited or defined by the definitions set forth by the Defendant.

REQUEST NO. 1:

A true, accurate and genuine copy of the 1999 amendment to the license agreement between Hasbro and WMS Gaming Inc. and all documents that can establish the date of the amendment.

RESPONSE NO. 1:

Objection. Plaintiffs object to this request because Defendant subpoenaed all Agreements and drafts of Agreements from WMS. Defendant also requested and received the same from Plaintiffs. Without waiving this objection, Plaintiffs are unable to locate the requested amendment or documents which establish the date of said "amendment."

the methodology in question in this litigation Other than what has been produced Plaintiffs are unaware of the existence of any other relevant documents.

REQUEST NO. 4:

All documents that Hasbro reviewed "in an effort to ascertain the identity of the licensee in question" as alleged in Hasbro's Response to Request No. 30 of Mikohn's First Request or Admissions.

RESPONSE NO. 4:

Objection. Plaintiffs objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant seeks documents that cannot be and were not maintained or categorized in the format requested. It is impossible to respond to a request seeking documents "reviewed" by variety of people, at different times, from different sources. Because, as Plaintiffs have conceded, they were unable to ascertain the identity of the licensee in question, Defendants are requesting that Plaintiffs produce documents which establish a negative.

REQUEST NO. 5:

All documents that support Hasbro's denial of Request No. 38 of Mikohn's First Request for Admissions.

RESPONSE NO. 5:

None.

REQUEST NO. 6:

All documents pertaining to the job responsibilities and descriptions of the "accounting personnel and/or auditors from Hasbro who may have been aware of this method of calculation" as alleged in Hasbro's Response to Request No. 21 of Mikohn's First Request to Admit.

RESPONSE NO. 6:

Defendants have no such documents other than documents provided as part of the weekly time sheet entries for internal auditors.

REQUEST NO. 7:

Personnel files for all "accounting personnel and/or auditors from Hasbro who may have been aware of this method of calculation" as alleged in Hasbro's Response to Request No. 21 of Mikohn's First Request to Admit.

RESPONSE NO. 7:

Objection. Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The personnel files from the Plaintiffs' accounting personnel and/or internal auditors contain no relevant information concerning this case of contract language interpretation.

REQUEST NO. 8:

All documents reflecting Gross Profits, Gross Revenues and Net Profits that Hasbro earned from the sales of the Handheld Computer Game.

RESPONSE. NO. 8:

Besides the documents already provided and reviewed by Paul Alexander at his deposition, and the sales summary information for the product in question, Plaintiffs have no other documentation.

REQUEST NO. 9:

All documents upon which Hasbro relies in alleging that the Handheld Computer Game "was not a financial success" as alleged on page 3 of "Hasbro's Objection to Mikohn's Motion to Compel Hasbro to Answer Interrogatories" dated May 10, 2006.

RESPONSE NO. 9:

Please refer to the documents referenced responsive to Request No. 8.