# EXHIBIT F

RECEIVED
JUL 0 3 2006
VETTER & WHITE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC. and
HASBRO INTERNATIONAL, INC.,
Plaintiffs,

v.

MIKOHN GAMING CORPORATION,
Defendant.

Civil Action No.: 05-106 S

**PLAINTIFFS' RESPONSES TO**
**DEFENDANT'S THIRD REQUEST FOR ADMISSIONS**

Objection

Plaintiffs object to the Instructions provided by the Defendants. Plaintiffs will respond to these requests as required by the applicable Rules of Civil Procedure. Plaintiffs will also utilize the common and accepted interpretation of all phrases and terms included in this Request.

REQUEST NO. 1:

Prior to amending its licensing agreement with WMS Gaming, Inc. in 1999, Hasbro was informed that royalties previously paid to Hasbro under that licensing agreement were calculated in violation of the Nevada law.

RESPONSE NO. 1:

Denied.

REQUEST NO. 2:

Royalty statements referenced as EXHIBIT H of Mikohn's First Request for Admissions contain all information necessary to perform mathematical calculations that would allow Hasbro to determine how Mikohn calculated and paid royalties.

RESPONSE NO. 2:

Plaintiffs admit that Exhibit H contains figures from which Mikohn's method of calculation may be derived but deny that it contains "all information necessary" because it does not expressly set forth Mikohn's method of calculation.

REQUEST NO. 3:

Accounting personnel at Hasbro were aware of how Mikohn was calculating and paying royalties to Hasbro before the 2002 amendments.

RESPONSE NO. 3:

Denied.

REQUEST NO. 4:

Accounting personnel at Hasbro who were aware of how Mikohn was calculating and paying royalties to Hasbro before the 2002 amendments were employees of Hasbro.

RESPONSE NO. 4:

Admitted that accounting personnel at Hasbro were employees of Hasbro; denied as to the remainder of this Request.

REQUEST NO. 5:

Auditors of Hasbro were aware of how Mikohn was calculating and paying royalties to Hasbro before the 2002 amendments.

RESPONSE NO. 5:

Denied.

REQUEST NO. 6:

Auditors at Hasbro who were aware of how Mikohn was calculating and paying royalties to Hasbro before the 2002 amendments were employees of Hasbro.

RESPONSE NO. 6:

Admitted that Auditors at Hasbro were employees of Hasbro; denied as to the remainder of this Request.

REQUEST NO. 7:

The document attached hereto as EXHIBIT A is a true, accurate and genuine copy of a letter from WMS, Gaming Inc. to Hasbro dated June 23, 1999.

RESPONSE NO. 7:

Admitted.

REQUEST NO. 8:

The document attached hereto as EXHIBIT A is signed by an agent of Hasbro acting within the scope of his authority.

RESPONSE NO. 8:

Admitted.

REQUEST NO. 9:

Hasbro's use of the "Caribbean Stud Poker" phrase in connection with its Handheld Computer Game constitutes a violation of Mikohn's trademark rights.

RESPONSE NO. 9:

Objection. Hasbro objects to this Request to the extent that it seeks a legal conclusion concerning an actual trademark violation. Without waiving this objection, Hasbro concedes that the possibility of this being a trademark violation has resulted in Hasbro conceding to liability with respect to the issue in Mikohn's counterclaim.