UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DEEM ADMITTED CERTAIN REQUESTS TO ADMIT AND TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Mikohn Gaming Corporation ("Mikohn") has moved to have deemed admitted fifteen (15) specific requests to admit, as well as moved to compel Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") to produce documents pursuant to Request Numbers 6 and 7 of Mikohn's Fifth Request for the Production of Documents. Hasbro opposes Mikohn's Motion.

In support of this position, Hasbro refers this Court to the attached Memorandum of Law.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

/s/ Todd D. White

Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: August 24, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August 2006, I electronically filed the attached Plaintiffs' Opposition to Defendant's Motion to Deem Admitted Certain Requests to Admit and to Compel Production of Documents with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

_/s/ Todd D. White_________________

*388588_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO DEFENDANT'S MOTION TO DEEM ADMITTED CERTAIN REQUESTS TO ADMIT AND TO COMPEL PRODUCTION OF DOCUMENTS**

Hasbro Inc. and Hasbro International, Inc. ("Hasbro") hereby opposes Mikohn's Motion to Deem Admitted and Motion to Compel.

## I. OPPOSITION TO MIKOHN'S MOTION TO DEEM ADMITTED

Defendant appears aggrieved by the fact that Hasbro cannot admit to a series of broad, sweeping and nonspecific requests for admission. Instead of asking a focused request for admission about a precisely defined document, Mikohn prefers to seek a blanket admission concerning as many as one hundred (100) plus pages of documents in a single request.

Moreover, instead of utilizing its Requests for Admission to authenticate certain documents, as is customary, Mikohn is seeking to establish its "waiver" defense. However, the means by which Mikohn is seeking to proceed is through generalizations which can neither be admitted nor denied because of the way it drafted the requests. Request for Admission Number 1 (listed on page 6 of Mikohn's Brief and page 1 of Mikohn's attached Exhibit A) is a good example of this broad stroke technique.

In Request Number 1, Mikohn refers to ninety-four (94) pages of documents within a

single request.[1] Mikohn does not link this Request to any named employee of Hasbro. Rather, Mikohn addresses this request to Hasbro in general. Mikohn then seeks to ascertain if these documents:

a. Contain statements by one or more Hasbro employees.

Having reviewed the documents, Hasbro admits that there are statements within that group of ninety-four pages made by at least "one or more Hasbro employee."

Next, Mikohn seeks:

b. An admission that statements by one or more of the previously referenced Hasbro employees were "made while such person or persons worked for Hasbro." Again, this can be admitted because within the ninety-four pages of documents listed there was at least one or more statements made by someone while that person was working for Hasbro.

However, it is in the third part of this inquiry that Mikohn loses its way. In the third subpart ("c") to Request Number 1, Mikohn tries to wed the first two subparts together to form a conclusion which is greater than the combination of its first two subparts. Hasbro has admitted that in the ninety-four pages of documents referenced by Mikohn there is at least one statement made by a Hasbro employee at the time that employee was working for Hasbro. However, without identifying any such statement or any such employee, Mikohn expects Hasbro to make the leap to admitting that all the statements in each of the listed pages of documents made by as yet unidentified person or persons were made within the "scope of the employment" of those unidentified person or persons: This cannot be done.

---

[1] The ninety-four pages comprise a draft Audit Royalty Report which includes at least nine defined sections. Several pages (HA 06705, 06725-06728, 06732) contain hand-written revisions. Some pages have written "draft" at the top. People in Hasbro's audit, marketing and legal department appear to have been involved in the draft.)

Because the ninety-four pages of documents contain statements made by a variety of people, to admit to this request requires defining: 1. the specific statement; 2. the individual person making the statement; and, 3. the scope of the employment of that person when the statement was made. All these steps are necessary to determine if that statement was made within that scope. This is not a game of semantics; this is the logical progression required by Mikohn of Hasbro.

Mikohn has taken close to twenty hours of deposition testimony of three different members of the Hasbro audit department and one member of Hasbro's accounting department. Mikohn had the opportunity to ask each and every one of them if they drafted any of the documents in question, and if it was done in the scope of their respective employment. However, Mikohn chooses to use Requests for Admission as its vehicle to come by this information. Hasbro can and does admit to subparts "a" and "b" in Request Number 1, as well as almost all similarly drafted Requests, but it cannot respond to subpart "c" as written.

Other requests refer to well over one hundred (100) pages of documents. Because Mikohn never asked who wrote each of these documents (and or more specifically who wrote any specific section within the referenced documents) and did not establish this fact during the fourteen (14) depositions that it took, it cannot provide one of requisite factual predicates necessary for Hasbro to respond to subpart "c".

Mikohn misses the point in the drafting of the subject Requests, and then again in its Brief in support of its Motion. Hasbro does not say it will not respond because, as Mikohn inaccurately concludes, "Hasbro would have to confer with its employees." Hasbro cannot respond because Mikohn failed to draft precise Requests which linked specific parts of documents to specific employees with specific job functions at specific times. Hasbro does not

know who drafted what part of any referenced set of pages, nor what specific statement Mikohn is seeking information.

Hasbro's response is as it should be. It cannot admit such an undefined inquiry – nor can it deny it. Hasbro simply was not provided the form of requests to which an accurate response can be made.

## II. OPPOSITION TO MIKOHN'S MOTION TO COMPEL PRODUCTION

Because the issue in dispute in opposing Mikohn's Motion to Compel Production is more limited than the former issue, the specific Requests for Production and Hasbro's Responses are as follows:

REQUEST NO. 6:

> All documents pertaining to the job responsibilities and descriptions of the "accounting personnel and/or auditors from Hasbro who may have been aware of this method of calculation" as alleged in Hasbro's Response to Request No. 21 of Mikohn's First Request to Admit.

RESPONSE NO. 6:

> Defendants have no such documents other than documents provided as part of the weekly time sheet entries for internal auditors.

REQUEST NO. 7:

> Personnel files for all "accounting personnel and/or auditors from Hasbro who may have been aware of this method of calculation" as alleged in Hasbro's Response to Request No. 21 of Mikohn's First Request to Admit.

RESPONSE NO. 7:

> Objection. Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The personnel files from the Plaintiffs' accounting personnel and/or internal auditors contain no relevant information concerning this case of contract language interpretation.

Hasbro opposes Mikohn's instant motion on the grounds that the Requests are vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. The case before this Court - although made complex by the Defendant - is actually very simple: What do the words "per game per day" require as the basis of a royalty payment agreement? This is a case of contractual language interpretation – nothing more. However, in trying to defend its position, the Defendant has taken fourteen (14) depositions, propounded seven (7) sets of Requests for Production of Documents; and propounded four (4) sets of Requests for Admission. Among the depositions taken by the Defendant was Hasbro's royalty accountant Kristie LeBreche, as well as three of Hasbro's internal auditors, Paul Kehoe, Steve Finelli and Paul Alexander. At those depositions, Mikohn had full and unbridled opportunity to ask all the questions about which it is now seeking information. In fact, Mr. Alexander provided two days of testimony in his individual capacity and a third day (more than twelve hours) as a 30(b)(6) designee.

Mikohn is now apparently unsatisfied with the deposition testimony (which they do not cite at any point in their memorandum) and seeks the actual "personnel files" and "documents pertaining to job responsibilities" of as yet unidentified individuals.

Mikohn is on a fishing expedition with a net a mile wide. Producing private information that is contained in an employee's personnel file simply because Mikohn wants this Court to believe that it might contain some reference to a waiver argument that it is now standing behind in defense of its non-payment is ludicrous. This is not a wrongful termination case or a case alleging sexual harassment of a fellow employee. This is a breach of contract case between two publicly traded companies. The personnel files of individuals at Hasbro contain financial and compensation information, benefits information, often medical information, in addition to

performance reviews. Not only has Mikohn not specified the individuals for whom it is seeking this information, it has expressly left that open so that its fishing net can assume the broadest possible coverage with the smallest holes.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, Mikohn's request must be "reasonably calculated to lead to the discovery of admissible evidence." Limitations on discovery are expressly reserved under Rule 26(b)(2)(ii) and (iii) if the court determines that:

> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake and ***the importance of the proposed discovery in resolving the issues***.

(Emphasis added.)

Although the amount in controversy is significant, the importance of the proposed discovery in resolving a question of contractual language interpretation is difficult to fathom. Mikohn's motion and supporting memorandum appears to predicate this request on the fact that it has been unable to obtain an admission from someone in auditing or accounting that Hasbro knowingly waived its right to seek redress for underpaid royalties. Now because Mikohn was unable to obtain such an admission, Mikohn seeks the personnel files and documents pertaining to job responsibilities of unspecified employees.

Neither a royalty accountant nor an internal auditor has the authority to speak for Hasbro on issues concerning contract interpretation or the proper method of payment under a licensing agreement. Moreover, those category of individuals certainly would not have any information in their personnel file which would shed any reasonable light on this matter.

Mikohn had an opportunity to ask (and did ask) each of the aforementioned individuals specifically what their job responsibilities were. Mikohn took significant time at each deposition

to delve into this topic as well as the topic of authority in speaking for Hasbro. Mikohn also knows that Hasbro did not become aware that Mikohn was paying Hasbro in a manner that was inconsistent with the contractual language of the relevant agreements in Hasbro's 2002 audit. Mikohn can do with this information what it may. However, Mikohn's assertion in its memorandum that "Hasbro's auditors reviewed these payments and concluded they were proper" is patently untrue and Mikohn knows it. Paul Alexander testified at great length over two days about this circumstance and the questions he had in 2004 about Mikohn's method of calculating payments due. Hasbro has said from the outset that as an entity it did not recognize the inconsistency in its first audit. However, that is patently untrue with respect to its second audit. Moreover, it is nevertheless inconsequential because under the "Terms of Payment" subpart (d) called "Royalty Payments" the subject License Agreement specifically provides:

> The receipt or acceptance by Licensor of any statements furnished pursuant to this agreement, or of any royalties paid hereunder (or the cashing of royalty checks paid hereunder) shall not preclude the Licensor from questioning the correctness thereof at any time within three (3) years after the expiration and/or termination of this License Agreement . . . .

(See attached Exhibit A.) The Agreement did not terminate until 2005. Thus, it is a moot point.

Ultimately, even if the focal point of Mikohn's inquiry could be achieved through its document requests, the requests themselves are grossly overbroad. To attempt to find "personnel files of Hasbro employees who knew how Mikohn paid royalties to Hasbro" is an undefined task. Similarly, to try to produce "all documents describing job responsibilities" of said undefined individuals is equally vague and impossible. Nothing in the aforementioned requests appear to be "reasonable" or "calculated", at least insofar as the stated objective that Mikohn puts in its memorandum.

WHEREFORE, the Hasbro respectfully requests this Court deny Mikohn's Motion to Deem Admitted and Motion to Compel.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

__/s/ Todd D. White__________________

Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: August 24, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August 2006, I electronically filed the attached Memorandum of Plaintiffs in Opposition to Defendant's Motion to Deem Admitted Certain Requests to Admit and to Compel Production of Documents with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

_/s/ Todd D. White_________________

*389738_1.doc*