UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | **ORAL ARGUMENT REQUESTED** |

**MIKOHN'S RESPONSE TO HASBRO'S OPPOSITION TO MOTION TO DEEM ADMITTED CERTAIN REQUESTS TO ADMIT AND TO COMPEL PRODUCTION OF DOCUMENTS**

The Requests to Admit

Hasbro has changed its opposition to Mikohn's requests to admit. First it said it could not admit or deny because it would have to review the statements with the employees who made them. Now it says it doesn't know who made the statements. Local Rule Cv 36(c) does not permit such a change in position.

Moreover, Hasbro's characterizations of the purpose and substance of Mikohn's request to admit are thoroughly inaccurate.

First, the requests ask Hasbro to admit the three elements of admissibility of Hasbro documents as party admissions under F.R.E. 801(d)(2)(D). Mikohn's requests track the elements of admissibility: (1) there must be a statement by a party's employee; (2) during the existence of the employment relationship; and (3) that concerns a matter within the scope of the employment. See, e.g., Larch v. Mansfield Mun. Elec. Dept., 272 F.3d 63, 72 (1st Cir. 2001)(Rule 801(d)(2)(D) excludes from hearsay rule statement by party's "servant concerning a matter within the scope of ... employment").

Second, the documents subject to Mikohn's motion are not, as Hasbro claims, accumulations of paper in which "... there was at least one or more statements made by someone

... working for Hasbro." The documents identified in the request are all documents created by Hasbro, maintained by Hasbro and produced by Hasbro in this litigation. Each document is a Hasbro document in its entirety. Each and every page is a statement by a Hasbro employee made while working for Hasbro.

Unless rogue Hasbro employees surreptitiously slipped sentences or paragraphs into documents having nothing to do with their jobs, there is no credible basis for Hasbro to contend that any document falls outside the scope of employment of the person who created it.

Take Request No. 1, the only request for which Hasbro gives particulars. It covers ninety-four pages by Hasbro's count. (Requests 3, 5, 6, 8, 9, 12, 15, and 16 each identify twelve pages or less. Hasbro doesn't explain why it cannot puzzle those out.)

Request No. 1 covers discrete documents clearly within the scope of the jobs of the people making the statements in those documents.

Documents HA 6659 to 6712 in Request No. 1 are Hasbro's February 1, 2005 Internal Audit Department's Final Report on the Mikohn 2004 audit. The report is signed by three Hasbro employees, including Hasbro's Vice President of Internal Audits who supervised the preparation of the report.

Documents HA 6713 to 6723 in Request No. 1 are Hasbro's February 18, 2005 letter to Mikohn reporting the results of the 2004 audit. The letter is prepared for signature by the very same Vice President of Internal Audits.

Documents HA 6724 and 6725 in Request No. 1 are a Hasbro memorandum and Hasbro e-mails, all found in Hasbro's records and created by identified Hasbro employees.

Documents HA 6726 to 6735 in Request No. 1 are a February 15, 2005 draft letter to Mikohn, for signature by the same Vice President of Internal Audits. The letter shows a

handwritten statement, "Note Legal Dept. to issue Final Report." The author of that note, Stephen Finelli, identified it as his at his deposition. (Finelli Dep. at 77).

Every word in each of the documents in Request No. 1 was put there by self-identified Hasbro employees, while working for Hasbro. The subjects and substance of all of these documents are within the scope of their jobs. The only way Hasbro can not admit that the documents concern matters within the scope of employment is to do what Hasbro has done – refuse to make the reasonable inquiry required by Rule 36. This means, at the least, talking to "of employees, agents and others 'who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate responses.'" Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003) (citation omitted). In fact, the inquiry needed here is minimal. The documents covered by the requests to admit have figured prominently in this litigation. Their authors, most identified in the documents themselves, are well known to Hasbro.

The remainder of the requests to admit are no different than Request No. 1. As to those, Hasbro has also failed its duty to make reasonable inquiry and admit what cannot fairly be denied. Hasbro's attempts to shift its burden to Mikohn, by arguing Mikohn could obtain the information by independent discovery and investigation "are irrelevant considerations." Diederich v. Department of the Army, 132 F.R.D. 614, 617 (S.D.N.Y. 1990).

The Document Requests

Hasbro's objection to Mikohn's document requests is more of the same. The requests for production seek documents that will establish the scope of employment – the duties of the job – for certain accountants employed by Hasbro. Hasbro says in its response to Request No. 6 that it has no documents that pertain to the job responsibilities and job descriptions of the accountants. If that is the case, then Request No. 7 asks for the personnel files for the

accountants, on the likelihood that such files may contain performance evaluations, or goals and objectives of their positions. The scope of employment can be inferred from such personnel file documents. It is no more complicated than that. If information is considered confidential, Hasbro can protect such information under the protective order in effect in this case.

For all these reasons, Mikohn respectfully submits that its motion to deem requests admitted and to compel production should be granted.

/s/Gordon P. Cleary
Brooks R. Magratten, Esq., No.3585
Gordon P. Cleary, Esq., No.1948
Michael J. Daly, Esq., No.6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: September 1, 2006

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I electronically filed this Response on September 1, 2006. The Response is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Gordon P. Cleary