UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. | : | |
| v. | : | C.A. No. 05-106S |
| MIKOHN GAMING CORPORATION | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendant Mikohn Gaming Corporation's ("Mikohn") Motion to Deem Admitted Certain Requests To Admit and To Compel Production of Documents (Document No. 146). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on September 21, 2006. After listening to the arguments of counsel and reviewing the memoranda and materials submitted by the parties, the Motion is DENIED in part and GRANTED in part.

1. Request 20 of Mikohn's First Requests to Admit

Mikohn presented three separate issues to the Court for resolution. First, Mikohn seeks an Order deeming admitted Request 20 of its First Requests to Admit. Request 20 states, "[t]hroughout the period that Mikohn was paying royalties to Hasbro before the 2002 amendments, Mikohn always used the method of calculation [previously described]." Hasbro neither admitted nor denied this request, but instead objected that the request "would require a review of every royalty report in question." Mikohn argues that Hasbro's response is insufficient under Rule 36 of the Federal Rules of Civil Procedure.

Rule 36 states, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and the information known or readily attainable by the party is insufficient to enable the party to

admit or deny." At the hearing on the matter, Hasbro noted that the royalty reports and the calculations within them were generated by Mikohn. Hasbro maintains that it is being asked to confirm the calculations and methods used by Mikohn, and that such a request is improper. Considering that Mikohn generated the reports and conducted the calculations, Hasbro's objection is reasonable. After balancing the arguments made by the parties, Mikohn's Motion to Deem Admitted is DENIED.

2. Subpart (c) of Requests 1-9 and 12-16 of Mikohn's Fourth Requests to Admit

The second disputed issue is subpart (c) of Requests 1-9 and 12-16 of Mikohn's Fourth Requests to Admit. Those Requests concern Hasbro's audit of Mikohn, and the parties' royalty agreements. Specifically, each of the requests contains subpart (a), (b) and (c), and requests that Hasbro admit that the audits, "(a) contain statements by one or more Hasbro employees; (b) made while such person or persons worked for Hasbro; and (c) the statements concern a matter or matters within the scope of the employment of such person or persons." Hasbro responded to these requests by admitting subparts (a) and (b) but objecting to subpart (c). Hasbro refused to admit or deny that section "because Hasbro would have to confer with its employees."

As noted, under Rule 36, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and the information known or readily attainable by the party is insufficient to enable the party to admit or deny." (emphasis added). A "reasonable inquiry" under Rule 36 includes "an investigation and inquiry of employees, agents, and others who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. The inquiry may require venturing beyond the parties to the litigation and include, under

certain limited circumstances, non-parties, but not strangers. The operative words are 'reasonable' and 'due diligence.'" Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 44 (D. Conn. 2004) (internal quotations and citations omitted). Hasbro's response fails to comply with Rule 36. Hasbro has a duty under Rule 36 to consult with its employees. At the hearing on this matter, counsel for Hasbro argued that the request would require Hasbro to determine each individual who worked on each portion of the audit, what their contribution was, and compare their contribution to their job description. Although Hasbro's argument has some appeal on its face, it still does not excuse Hasbro's failure to take the first step, consult with its employees and conduct a reasonable inquiry as to this Request. For these reasons, Hasbro's response is stricken, and Hasbro is ORDERED to confer with its employees, and submit a new response to this Request within thirty (30) days of the date of this Order. If Hasbro fails to conduct a reasonable inquiry and submit a written response to Mikohn within thirty days, Mikohn's Motion will be GRANTED.

3. Personnel files

The final issue in dispute is whether Hasbro should be required to produce "personnel files and other documents" for certain employees who "may have been aware" of how Mikohn paid royalties to Hasbro. Specifically, Mikohn has moved for an order compelling Hasbro to produce documents responsive to Request No. 6 and Request No. 7 of Mikohn's Fifth Request for Production, which request documents including personnel files, "for all accounting personnel and/or auditors from Hasbro who may have been aware of this method of calculation." Hasbro objected that the Request was overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Mikohn argues that its Request is narrow and tailored to obtain relevant information. After listening to arguments, the Court agrees with Hasbro. The Request is overbroad

on its face since it seeks complete personnel files for several unidentified individuals which likely contain personal and sensitive information having no potential relevance to the issues presented in this case. Mikohn's Motion to Compel as to Request No. 6 and Request No. 7 of its Fifth Request for Production is therefore DENIED.

**Conclusion**

The Motion to Compel (Document No. 146) is GRANTED in part and DENIED in part as specified above.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 4, 2006