UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 05-0106/S |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant. | ) | |

# PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

## 104. Direct and Circumstantial Evidence

Since your role is to decide the facts of the case you should be aware that facts may be proved by two types of evidence. One type is direct evidence and the other is indirect evidence. When we speak of indirect evidence we are speaking of what is often called circumstantial evidence or circumstantial proof.

Direct evidence is testimony by a witness about what the witness personally saw or heard or did. Circumstantial proof, that is, indirect proof, means proof of certain facts from which one can find or determine another fact.

[Snowfall at night example or other example is appropriately given here.]

You may consider both direct and circumstantial evidence in deciding this case. If you believe that certain or particular circumstances or facts have been proved at trial then you may accept as true any fact which you believe is logically and reasonably deduced from those facts or circumstances. The law permits the jury to give as much weight and consideration to facts proved through circumstantial evidence as those proved by direct evidence. Where direct evidence in support of the truth of a particular fact is at odds with the circumstantial evidence, you are free to give as much weight or as little to the circumstantial proof if you believe that the evidence and your assessment of the credibility of the witnesses warrant it. Evidence need not be discounted simply because it is circumstantial or indirect.

### SUPPORTIVE AUTHORITY

See, Oury v. Greany, 107 R.I. 427, 267 A.2d 700 (R.I. 1970); Waldman v. Shipyard Marina Inc., 102 R.I. 306, 230 A.2d 841 (1967).

## 105. Credibility of Witnesses

### 105.1 General Charge on Factors to Consider

Let me speak for a moment about the witnesses' testimony and how you should go about evaluating the credibility or truthfulness of that testimony.

You should understand that jurors are not required to accept what witnesses say even though the witnesses' testimony may be under oath. It is up to the jury to determine whether it will accept any or all of a witness' testimony. You, as jurors, are the judges of the witnesses' credibility and the weight you will give to the testimony of each. You are not required to believe something to be a fact simply because a witness has stated it to be a fact, if, in the light of all the evidence, you believe such witness is mistaken or has testified falsely to the alleged fact.

There is no magical formula by which one may evaluate a witness' testimony. You are entitled to rely upon all the experience and background that you bring with you to this courtroom. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests that you should apply here. Let me offer some of them for your consideration.

You may consider the appearance of the witnesses as they testify. By that I mean the witnesses' overall demeanor, their manner of testifying, their apparent candor and fairness and their apparent intelligence or lack of intelligence. You may consider a witness' age and apparent maturity, his or her experience and the opportunity that he or she had to observe or to know about the events that he or she testified to.

You may consider a witness' interest or lack of interest in the outcome of this case or any reason or motive that the witness might have to testify one way or the other. You may consider any bias or prejudice that the witness might appear to hold and that would affect the outcome of his or her testimony.

You may also consider the probability or improbability of the witness' testimony when viewed in light of all the other facts in the case and which you have accepted as true. And, if you believe that any statement of any witness proposes something that is inherently improbable when the statement is considered in the light of all the evidence, you may disregard such statement even in the absence of any evidence contradictory of the same.

You may also consider the extent to which the witness' testimony is contradicted by the testimony of other witnesses or other evidence.

Keep in mind that where the testimony of one witness on a specific item of evidence is contradicted directly by the testimony of another witness and there is no other witness testifying on such item, you are not required to therefore consider the evidence evenly balanced or the item not proved. In such a situation, you may determine which of

the two witnesses you believe on the basis of all the surrounding facts and circumstances proved at trial, and, you may believe one witness rather than the other if you believe the facts and circumstances warrant it. Similarly, you may reject the testimony of a witness even though his or her testimony stands uncontradicted if you believe the evidence in the case and your assessment of the credibility of the witness warrants that.

By using these tests and by considering all the other facts and circumstances proved at trial, you will determine which of the witnesses are more worthy of belief and how much weight, if any, you will give to each witness' testimony.

## 105.2 Impeachment of Witness

A witness may be impeached, that is, his or her credibility may be brought into question by showing that on some prior occasion he or she made a statement about a material issue that contradicts the testimony he or she gives at trial. If you find, from all the evidence, that a witness did at some prior time make a statement that contradicts his or her trial testimony, then you may consider that contradiction when determining the credibility of the witness, or the weight that you will give to his or her testimony. You should also consider, though, any explanation the witness gives for the contradiction, whether the contradiction was a significant one and in what context the witness gave the earlier statement.

[An instruction explaining pretrial discovery proceedings including taking witness statements, propounding interrogatories and taking depositions is appropriately given here.]

**SUPPORTIVE AUTHORITY**

See Foster v. Dalton, 71 F.3d 52 (1st Cir. 1995); Gadoury v. United States, 187 B.R. 816 (D.R.I. 1995); Vargas Manufacturing Co. v. Friedman, 661 A.2d 48 (R.I. 1995); Kyle v. Pawtucket Redevelopment Agency, 106 R.I. 670, 262 A.2d 656 (1970); Madeira v. Pawtucket Housing Authority, 105 R.I. 511, 253 A.2d 237 (1969).

## 105.3 Expert Witnesses – Generally

Ordinarily, the law does not permit a witness to testify about his or her opinions or conclusions. An exception to this rule exists for those witnesses we call "expert witnesses." An expert witness is a person who, through education or experience, has developed expertise in an art or science, profession or calling and, as a result, is permitted to give his or her opinion about matters in which they are experts. They may also state the basis for their opinions. If expert testimony is admitted into this case, you will be required to assess the credibility of that testimony and determine how much weight you will give to it.

Simply because a witness has been identified to you as an expert does not mean that you are required to accept what he or she says as true. You must consider each expert opinion admitted into evidence in this case and give it such weight as you think it deserves. You may entirely disregard the opinion of an expert or any part of the opinion of an expert. In doing so you may consider all of the other factors that I reviewed with you when I instructed you on the credibility of witnesses generally.

In addition you should consider the factual basis for the expert's opinion. If the facts upon which the opinion is based are not in accordance with the facts as you find them to be then you should consider that in determining how much, if any, of the expert's testimony you will accept as true. And, if you should decide that the opinion of an expert witness is not based upon sufficient education or experience or if you should conclude that the expert's reasons given in support of his or her opinion are not sound or complete, or if you feel it is outweighed by other evidence, you may disregard the opinion entirely.

**SUPPORTIVE AUTHORITY**

Lariviere v. Dayton Safety Ladder Co., 525 A.2d 892 (R.I. 1987); Kyle v. Pawtucket Redevelopment Agency, 106 R.I. 670, 262 A.2d 636 (R.I. 1970); See, In re Kelly, 131 B.R. 532 (Bkrtcy. D.R.I. 1991); See, Richardson v. Fuchs, 523 A.2d 445 (R.I. 1987).

**201. Duty of the Court/Jurors**

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law applicable to this case. My job is to know the law and to explain it to you. Your duty is to decide the facts of the case based on the evidence, and then apply the law to those facts.

## **202. Juror's Duty to Apply the Law**

As jurors, it is your duty to follow the law as I instruct you, and to apply the rules of law to the facts as you find them from the evidence. You are not to be concerned with the wisdom of any rule of law, regardless of any opinion you may have as to what the law ought to be. It is a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. Justice through trial by jury depends upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors, and to arrive at a verdict by applying the same rules of law given to you in the instructions of the court. Your job is to accept the law as I explain it to you regardless of what you think the law is or ought to be.

## 203. Consider Instructions As a Whole

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. And, unless I otherwise instruct, you should consider each instruction to apply to both plaintiff and defendant.

**206. Speculation and Conjecture**

It will often happen in a case that the evidence does not answer all of the questions that the jury might have about it. Sometimes the evidence will invite the jury to speculate about things that are not in the evidence. For example, sometimes witnesses are not asked all of the questions that the jury might wonder about or sometimes the judge's rulings prevent the witness from answering a question that the jury would like answered. It is very important that you not speculate about the evidence or even what you might perceive to be a lack of evidence. In deciding the facts of this case you may rely only upon the evidence and not your own conjecture about, say, what a witness might have said or what a particular document might have shown.

## 301. Burden of Proof – General

### 301.1 Burden on Plaintiff

In this case, like most, the law places the burden of proof on the plaintiff. All this means is that the law imposes upon the plaintiff the obligation or responsibility of proving its claim. The law requires that one who advances a proposition has the burden of sustaining its validity. Because the plaintiff is advancing the proposition that the defendant should be held responsible for some harm it caused to the plaintiff, it is the plaintiff who has the responsibility of producing evidence which leads you to believe that what the plaintiff claims is more likely true than not. The defendant, on the other hand, has no obligation to produce evidence concerning the plaintiff's claim. The defendant does not have to disprove what the plaintiff claims is true. The burden is on the plaintiff to prove each of the elements of its claim to you.

**SUPPORTIVE AUTHORITY**

DiLibero v. Swenson, 593 A.2d 42 (R.I. 1991); Paramount Office Supply Co. Inc. v. D.A. MacIsaac, Inc., 524 A.2d 1099 (R.I. 1987); Barbieri v. E.M. Young Co., 82 R.I. 382, 110 A.2d 263 (1954).

## 301.2 Burden on Plaintiff – Damages

The burden is on the plaintiff to prove by a fair preponderance of the evidence that it has suffered damages as a proximate result of defendant's breach of contract. The burden is also on the plaintiff to prove by a preponderance of the evidence the extent or amount to which it has suffered one of the following elements of damages. A plaintiff must prove by a fair preponderance of the evidence the particular element of damage that it suffered and the extent of such damage.

**SUPPORTIVE AUTHORITY**

Tom Shaw, Inc. v. Derecktor, 639 F.Supp. 1064 (D.R.I. 1986); Jackson v. Choquette & Co., 78 R.I. 164, 80 A.2d 172 (1951); Bruno v. Caianiello, 121 R.I. 913, 404 A.2d 62 (1979); Worsley v. Corcelli, 119 R.I. 260, 377 A.2d 215 (1977).

**301.3 Burden on Counter/Crossclaimant**

In this case we have not only the plaintiffs' claim against the defendant, but we also have the defendant's claim against the plaintiffs. That claim is for an alleged trademark infringement concerning "Caribbean Stud Poker." For purposes of determining that claim, the burden of proof is on the defendant. Since the law places the burden of proving the validity of a claim upon the one making the claim, then it is logical that the burden of proof must be on anyone making a claim whether it is the original claim in the case or whether it is a counterclaim. The burden is on the defendant to prove each of the elements of its claim.

Since we call the one making a claim a "plaintiff," any person making a counterclaim becomes the plaintiff in counterclaim even though it remains the defendant in the original claim in the case. So, whenever I refer to the plaintiff as having the burden of proof, I am referring to the person that is asserting a claim - whether it is the original claim or the counterclaim.

[Adapt as necessary for crossclaims.]

## 302. Standard of Proof – General

### 302.1 Preponderance of the Evidence

In addition to imposing the burden of proof on a plaintiff, the law also requires that the proof and support of any given claim reach a certain level or standard. In this case the level of proof required is proof by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. Where the evidence adduced either for or against a given proposition outweighs opposing evidence, that evidence is said to preponderate. So, proof by the preponderance of the evidence means proof by the greater weight of the evidence. In other words, a claim must be proved by evidence that weighs more persuasively in the minds of jurors. In proving its claim, a plaintiff must prove each and every element of that claim by a preponderance of the evidence.

## **303. Cautionary Instructions Respecting Burden of Proof**

### **303.1 Consider All the Evidence**

I must caution you, though, that in determining whether the plaintiff has met the burden of proof imposed upon it by law, you should consider all of the evidence and not just the evidence which the plaintiff has produced. The jury's obligation is to decide the facts of the case based on its consideration of all of the evidence regardless of which party presented any given item of evidence during the trial.

## 303.2  Weight of Evidence

If, as a result of your deliberations, you find, that the evidence on the issue of liability weighs more on the side of the plaintiff then the plaintiff has sustained the burden of proving the case by a preponderance of the evidence and your verdict must be for the plaintiff. However, if you find that the evidence on the issue of liability weighs more on the side of the defendant then your verdict must be for the defendant.  If you find that the evidence is so equally matched or equally balanced that you cannot say whether it weighs in favor of the plaintiff or the defendant, then the plaintiff has failed to meet the burden and standards of proof imposed upon it by law and your verdict must be for the defendant.

**3001. Contract defined**

A contract is a legally enforceable promise or agreement made between two or more individuals. It is a promise or agreement that creates an obligation to do or not to do a certain thing. It is a consensual endeavor, that is, it is based upon mutual, informed and voluntary consent between the contracting parties. And, in order to form a valid contract, each party to the contract must have the intent to promise that which it has promised. Each party must also intend to be bound by that promise or agreement.

Every contract has certain elements. These elements must be present in order for the contract to be valid, that is, legally binding on the parties to it. The elements of a contract are:

a) an offer;

b) an acceptance of that offer;

c) consideration, that is, some form of value given in exchange for the promise;

d) a mutual or reciprocal agreement; and

e) a mutual or reciprocal obligation.

[In this case, the plaintiff claims that plaintiff and the defendant entered into a contract. The plaintiff claims that the defendant has breached that contract, that is, has failed to perform that which it promised to do. The plaintiff also claims that it has suffered some damage or harm as a result of the defendant's breach.

**SUPPORTIVE AUTHORITY**

Smith v. Boyd, 553 A.2d 131 (R.I. 1989); Lamoureux v. Burrillville Racing Association, 91 R.I. 94, 161 A.2d 213 (1960).

### 3002.4 Mutuality of Agreement

Before a contract can be said to have been created, the agreement between the parties must be a mutual one. By that I mean that the parties must share a reciprocal desire to be legally bound by the terms of the contract. They also must have, of course, a meeting of the minds on the material terms of the contract and they must each agree to all of those terms. When we use the term "meeting of the minds" we simply mean that the parties to the contract each have a full understanding of what is required by the contract and of what is required of them under that contract. When we refer to the material terms of the contract we are meaning the important or substantial terms, that is, those terms which are more than mere inconsequential details.

**SUPPORTIVE AUTHORITY**

Bourque v. F.D.I.C., 42 F.3d 704 (1st Cir. 1994), citing, Restatement (Second) of Contracts, §17; Soar v. National Football League Players Association, 438 F.Supp. 337 (D.R.I. 1975); aff'd, 550 F.2d 1287 (1st Cir. 1977); J. Koury Steel Erectors, Inc. of Mass. v. San-Vel Concrete Corp., 120 R.I. 360, 387 A.2d 694 (1978).

## 3002.5 Mutuality of Obligation

In order for a contract to be formed, there must exist what the law calls "mutuality of obligation." By this we mean that each of the parties to the contract becomes obligated to the other as a result of their relationship as parties to a contract. More simply put, a contract may not be one-sided. Each of the parties must take on some obligation to the other on account of their mutual agreement.

Depending on the precise nature of the contract the contract may be a unilateral one or a bilateral one. A unilateral contract is formed when one party makes a promise to do something in exchange for some action to be taken by the other. A bilateral contract is formed when the parties exchange mutual promises to do something. Either way, the parties' obligations to each other must be real and must be reciprocal. The parties' obligations to each must not be merely an illusion.

### SUPPORTIVE AUTHORITY

McGrath v. Rhode Island Retirement Board, 88 F.3d 12 (1st. Cir. 1996); B&D Appraisal v. Gaudette Machinery Movers, Inc., 733 F.Supp. 505 (D.R.I. 1990); Centerville Builders, Inc. v. Wynne, 683 A.2d 1340 (R.I. 1996).

### COMMENT

A further charge on illusory offers and unilateral contracts may be appropriately included at this juncture if that is required by the particular case. Otherwise, it may be prudent not to burden the jury with these details.

**3002.6 Obligation of Dealing in Good Faith**

The plaintiff has claimed that the defendant did not deal with it in good faith. Bad faith means that the defendant's promises were made with no intention to make good on them, or were otherwise worthless. In other words, the defendant's promise to the plaintiff was deceptive. In every contract made in Rhode Island, both parties are obliged to act in good faith and to deal fairly with the other side. If you find that the plaintiff relied upon the defendant's promises and performed his side of the contractual bargain in good faith, you may hold the defendant to the terms of the contract as understood by the plaintiff even if those terms were not offered by the defendant.

**SUPPORTIVE AUTHORITY**

Mangla v. Brown University, 135 F.3d 80 (1st Cir. 1998); Centerville Builders, Inc. v. Wynne, 683 A.2d 1340 (R.I. 1996).

**10101. Consequential Damages – Generally**

The plaintiff is entitled to recover the value of the bargain that was originally contemplated by the parties when they entered into the contract. You may award that amount of damages that will put the plaintiff in the same position it would have been had the breach not occurred. The underlying rationale on a breach of contract action is to place the innocent party in the position it would have been in if the contract had been fully performed.

**SUPPORTIVE AUTHORITY**

National Chain Co. v. Campbell, 487 A.2d 132 (R.I. 1985); Alterio v. Biltmore Construction Corp. 119 R.I. 307, 377 A.2d 237 (1977); George v. George F. Berkander Inc., 92 R.I. 426, 169 A.2d 370 (1961).

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

________________________________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated:  August 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2007, I electronically filed the attached Plaintiffs' Proposed Jury Instructions with the Court using the ECF system.  The following counsel of record are registered with the Court and will be served electronically through the ECF system:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI  02903

________________________________

*405958_1.doc*