UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**DEFENDANT MIKOHN GAMING CORPORATION'S**
**OBJECTION TO HASBRO'S PROPOSED JURY INSTRUCTIONS**

Defendant Mikohn Gaming Corporation ("Mikohn")[1] hereby objects to plaintiff Hasbro, Inc./Hasbro International's ("Hasbro") proposed jury instructions on "Contract Defined", "Mutuality of Agreement", "Mutuality of Obligation" and "Obligation of Dealing in Good Faith." See Hasbro's Proposed Jury Instructions at 17-20. The reasons for Mikohn's objection are discussed in the attached Memorandum in Support of Defendant Mikohn Gaming Corporation's Objection to Hasbro's Proposed Jury Instructions.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Date: August 24, 2007

[1] Mikohn Gaming Corporation has since changed its name to Progressive Gaming International, Inc., but for purpose of this objection, shall be referred to as "Mikohn."

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify that I caused the above Defendant Mikohn Gaming Corporation's Objection to Hasbro's Proposed Jury Instructions to be served electronically on the above named counsel of record this 24th day of August, 2007.

/s/ Brooks R. Magratten, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., Plaintiffs | ) | C.A. No. 05-0106/S |
| v. | ) | |
| MIKOHN GAMING CORP., Defendant | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MIKOHN GAMING CORPORATION'S OBJECTION TO HASBRO'S PROPOSED JURY INSTRUCTIONS**

## INTRODUCTION

On August 10, 2007, plaintiff Hasbro, Inc./Hasbro International, Inc. ("Hasbro") filed its proposed jury instructions in this case. They include instructions entitled "Contract Defined," "Mutuality of Agreement", "Mutuality of Obligation", and "Obligation of Dealing in Good Faith." Hasbro's Proposed Jury Instructions at 17-20. For the reasons below, defendant Mikohn Gaming Corporation ("Mikohn")[2] objects to those instructions.

## FACTS

The dispute between Mikohn and Hasbro hinges on the interpretation of a royalty provision in two licensing agreements between Mikohn and Hasbro, which this Court ruled ambiguous. Summary Judgment Decision at 16. The royalty provisions provide that Mikohn was to pay Hasbro a royalty for the use of Hasbro's "Yahtzee" and "Battleship" brands on slot machines. Hasbro claims that royalties should have been

[2] Mikohn Gaming Corporation has since changed its name to Progressive Gaming International, Inc., but for purpose of this objection, shall be referred to as "Mikohn."

calculated separately on each machine on each day. Mikohn maintains that royalties were calculated properly throughout the term of the agreements as a function of gross revenue from all machines on all days in a period averaged to obtain a single rate that was then applied to each game-day in that period.

Hasbro initially alleged fraud, unjust enrichment and breach of contract. This Court has since dismissed the unjust enrichment and fraud claims. Id. at 22. All that remains of Hasbro's complaint is its claim for breach of contract. Neither Hasbro nor Mikohn dispute the existence of a contract. It is the meaning of the operative royalty provisions that is at issue.

Still, Hasbro has proposed a series of jury instructions that appear to call into question whether a contract exists. Except for one notable omission, Hasbro's jury instructions were drawn from the Rhode Island Model Jury Instructions.

Hasbro proposed an instruction entitled "Contract Defined" that states:

> A contract is a legally enforceable promise or agreement made between two or more individuals. It is a promise or agreement that creates an obligation to do or not to do a certain thing. It is a consensual endeavor, that is, it is based upon mutual, informed and voluntary consent between the contracting parties. And, in order to form a valid contract, each party to the contract must have the intent to promise that which he/she has promised. Each party must also intend to be bound by that promise or agreement.
>
> Every contract has certain elements. These elements must be present in order for the contract to be valid, that is, legally binding on the parties to it. The elements of a contract are:
>
> a) an offer;
> b) an acceptance of that offer;
> c) consideration, that is, some form of value given in exchange for the promise;
> d) a mutual or reciprocal agreement; and
> e) a mutual or reciprocal obligation.

> [In this case, the plaintiff claims that he/she and the defendant entered into a contract. The plaintiff claims that the defendant has breached that contract, that is, has failed to perform that which he/she promised to do. The plaintiff also claims that he/she has suffered some damage or harm as a result of the defendant's breach.

Hasbro's Proposed Jury Instructions at 17.

Hasbro proposed a further instruction entitled "Mutuality of Agreement" that states:

> **Before a contract can be said to have been created**, the agreement between the parties must be a mutual one. By that I mean that the parties must share a reciprocal desire to be legally bound by the terms of the contract. They also must have, of course, a meeting of the minds on the material terms of the contract and they must each agree to all of those terms. When we use the term "meeting of the minds" we simply mean that the parties to the contract each have a full understanding of what is required by the contract and of what is required of them under that contract. When we refer to the material terms of the contract we are meaning the important or substantial terms, that is, those terms which are more than mere inconsequential details.

Hasbro's Proposed Jury Instructions at 18 (emphasis added).

Hasbro's proposed instruction entitled "Mutuality of Obligation" states:

> **In order for a contract to be formed**, there must exist what the law calls "mutuality of obligation." By this we mean that each of the parties to the contract becomes obligated to the other as a result of their relationship as parties to a contract. More simply put, a contract may not be one-sided. Each of the parties must take on some obligation to the other on account of their mutual agreement.
>
> Depending on the precise nature of the contract the contract may be a unilateral one or a bilateral one. A unilateral contract is formed when one party makes a promise to do something in exchange for some action to be taken by the other. A bilateral contract is formed when the parties exchange mutual promises to do something. Either way, the parties' obligations to each other must be real and must be reciprocal. The parties' obligations to each must not be merely an illusion.

Hasbro's Proposed Jury Instructions at 19 (emphasis added). As discussed further below, the instructions on "Contract Defined", "Mutuality of Agreement" and "Mutuality of Obligation" address situations where there is a question as to whether a contract was formed. Because there is no dispute in this case that the parties did enter a binding agreement, those instructions are improper.

Hasbro has also proposed an instruction on "Obligation of Dealing in Good Faith" which states:

> The plaintiff has claimed that the defendant did not deal with it in good faith. Bad faith means that the defendant's promises were made with no intention to make good on them, or were otherwise worthless. In other words, the defendant's promise to the plaintiff was deceptive. In every contract made in Rhode Island, both parties are obliged to act in good faith and to deal fairly with the other side. If you find that the plaintiff relied upon the defendant's promises and performed his side of the contractual bargain in good faith, you may hold the defendant to the terms of the contract as understood by the plaintiff even of those terms were not offered by the defendant.

Hasbro's Proposed Jury Instructions at 20.

This proposed instruction purports to give Hasbro a cause of action that it cannot legally pursue. Moreover, Hasbro's proposed instruction on "Obligation of Dealing in Good Faith" is incomplete, incorrect and misleading under Rhode Island law.

**DISCUSSION**

A party is entitled to have the jury instructed on controlling issues. Joia v. Jo-Ja Service Corp., 817 F.2d 908, 912 (1st Cir. 1987). A proper jury charge will adequately and correctly explain the law, without confusing or misleading the jury. Sullivan v. National Football League, 34 F.3d 1091, 1106-07 (1st Cir. 1994); Shane v. Shane, 891

F.2d 976, 987 (1st Cir. 1989). The court may properly refuse to give any instruction that is "without evidentiary support, misleading, legally inaccurate and incomplete, or … substantially covered by other instructions given to the jury…." Lodge v. Shell Oil Co., 747 F.2d 16, 19 (1st Cir. 1984); accord Sullivan, 34 F.3d at 1106-07.

None of the instructions above are proper in this case because this case centers entirely on the interpretation of the agreements. Neither the existence of a contract nor Mikohn's "good faith" are controlling issues in this case.

## I. HASBRO'S PROPOSED JURY INSTRUCTIONS ON "CONTRACT DEFINED", "MUTUALITY OF AGREEMENT" AND "MUTUALITY OF OBLIGATION" ADDRESS THE EXISTENCE OF A CONTRACT, WHICH IS NOT AN ISSUE IN THIS CASE

Hasbro's instruction on "Contract Defined" is identical to the Rhode Island Model Jury Instruction entitled "Contract Defined" except that Hasbro has cropped the last five sentences. The Rhode Island Model Jury Instruction continues:

> **The defendant denies that he/she and the plaintiff entered into a valid contract.** It is for you, the jury, to determine **whether all of the necessary elements of a contract have been proved**. Before the defendant can be held liable for breach of contract, **it must first be proved that a contract exists**.
>
> In this case the **defendant contends that certain necessary elements of a contract were not present** when the parties are alleged to have entered into their agreement. **The element(s) which defendant contends were missing are**…]

R.I. Model Jury Instruction § 3001 (R.I. Bench/Bar Committee 2003)(emphasis added).

When read in its entirety, it is clear that the Rhode Island Model Jury Instruction on "Contract Defined" was intended for situations in which the defendant was claiming that no valid contract had been formed. Without the language omitted by Hasbro, the definition of a contract and the listing of its elements is purely academic and in no way

instructs the jury on a relevant issue. It makes sense to explain the necessary elements for forming a contract when the existence of those elements is a controlling issue in the case. It makes little sense to do so, however, when all of the parties agree that a contract was formed.

The instructions on "Mutuality of Agreement" and "Mutuality of Obligation" flow from the general instruction on "Contract Defined" in the Rhode Island Model Jury Instruction, and are listed as subsections under the heading "3002. Elements of a Contract." See R.I. Model Civil Jury Instructions at 144 (R.I. Bench/Bar Committee 2003). It is clear from the Rhode Island Model Jury Instructions that the specific instructions on "Mutuality of Agreement" and "Mutuality of Obligation" were intended to follow the ellipses in the last paragraph of the general instruction on "Contract Defined," which reads:

> In this case the defendant contends that certain necessary elements of a contract were not present when the parties are alleged to have entered into their agreement. **<u>The element(s) which defendant contends were missing are…</u>**

R.I. Model Jury Instruction § 3001 (R.I. Bench/Bar Committee 2003) (emphasis added). In this case no one is contending that the necessary elements of a contract – including mutuality of agreement and obligation – were not present when the parties entered their agreement.

The model instruction on "Mutuality of Agreement" begins by stating "**<u>Before a contract can be said to have been created</u>**, the agreement between the parties must be a mutual one." Hasbro's proposed Jury Instructions at 18; R.I. Model Jury Instruction §3002.4 (emphasis added). Likewise, the model instruction on "Mutuality of Obligation" begins by stating "**<u>In order for a contract to be formed</u>**, there must exist what the law

calls 'mutuality of obligation.'" Hasbro's Proposed Jury Instructions at 19; R.I. Model Jury Instruction §3002.5 (emphasis added). These instructions explicitly deal with whether a contract has been formed, and are plainly irrelevant in this lawsuit.

## II. HASBRO'S PROPOSED JURY INSTRUCTION ON "OBLIGATION OF DEALING IN GOOD FAITH" IS IMPROPER

Hasbro's proposed jury instruction regarding the implied covenant good faith should be stricken. First, the apparent premise of Hasbro's bad faith allegation is that Mikohn supposedly intentionally miscalculated royalties. This alleged miscalculation is the basis of Hasbro's breach of contract claim. Whether royalties were calculated properly does not depend on either party's good or bad faith. Accordingly, any allegation of a breach of the covenant of good faith is superfluous and legally insignificant. Second, Hasbro's proposed instruction is substantively incorrect.

### A. <u>The Covenant of Good Faith and Fair Dealing</u>

Rhode Island does not recognize an independent cause of action for a breach of the covenant of good faith and fair dealing. <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u> 182 F.R.D. 386, 402 (D. R.I. 1998)("[T]he breach of this covenant implied in every contract gives rise only to a contract claim and not an independent tort cause of action"). Accordingly, in a contract case, a party's good or bad faith has very limited relevance. Under Rhode Island law, "[i]t is both elementary as well as fundamental law that where parties contract and make performance conditional upon the happening of an occurrence of a particular matter, the contract imposes upon the party required to bring about the happening of that occurrence an implied promise to use good faith, diligence and best efforts to bring about that happening." <u>1800 Smith Street Associates, LP v. Gencarelli,</u> 888 A.2d 46, 56 (R.I. 2005). (<u>quoting</u> <u>Bradford Dyeing Association, Inc. v. J. Stog Tech,</u>

GmbH, 765 A.2d 1226, 1237 (R.I. 2001)). A party cannot avoid performing under a contract by pointing to "an obstacle to performance which he has created or which lies within his power to remove." Id. Breach of the implied promise of good faith, diligence and best efforts serves as a waiver of the condition, thereby requiring the party breaching the implied promise to perform fully despite the non-occurrence of the condition. Id.

If there is no breach of contract, there can be no breach of the duty of good faith and fair dealing. Hord Corp. v. Polymer Research Corp. of America, 275 F. Supp. 2d 229, 237-38 (D.R.I. 2003) (recognizing that a "party's actions … do not violate the covenant of good faith and fair dealing when they were contemplated by the parties at the time of contract formation" and holding that "[s]ince plaintiff acted within the confines of the parties' contractual objectives, and thus by definition in good faith, plaintiff did not violate the implied covenant of good faith and fair dealing."). Moreover,

> [b]ecause the covenant does not exist apart from the underlying contract, there is no "separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."… Therefore, … a claim for breach of the covenant will be dismissed as "redundant where the conduct allegedly violating the implied covenant is also the predicate for breach ... of an express provision of the underlying contract."

PSW, Inc. v. VISA U.S.A., Inc. 2006 W.L. 519670, *14 -15 (D.R.I. 2006) (internal citation omitted) (applying New York law).

**B. A Bad Faith Instruction Would Serve No Purpose in Resolving This Dispute and Would Be Confusing and Misleading to the Jury**

The mere presence of a bad faith instruction could only serve to mislead or confuse the jury and unfairly prejudice Mikohn. Hasbro's only remaining claim is for breach of contract. The fundamental question for the jury is whether Hasbro's or

Mikohn's interpretation of the royalty provision is correct. Mikohn does not seek to avoid liability by claiming it is excused from performing because of the occurrence or non-occurrence of a condition. In cases centering on disagreements over contract interpretation, a party's good faith is of no moment. Moses v. Halstead, 477 F.Supp.2d 1119, 1126 (D. Kan. 2007) ('"good or bad faith may be irrelevant to whether an insurer has breached'"); Athridge v. Aetna Cas. and Sur. Co., 2001 WL 214212, *3 (D. D.C. 2001) ("motive is irrelevant to a breach of contract action").

When, as here, the dispute centers on contract interpretation and there can be no independent tort for bad faith, motivation is irrelevant unless a party seeks to avoid performing because of the occurrence or non-occurrence of a condition. See 1800 Smith Street Associates, 888 A,2d at 56. The court in Fawaz v. Business Loan Exp., LLC, recognized this basic principle when it held:

> Michigan does *not* recognize an independent tort action for an alleged breach of a contract's implied covenant of good faith and fair dealing…. [I]n breach of contract claims, it is irrelevant whether the party acted in bad faith or dealt unfairly; the issue is whether the party breached the contract.

2006 WL 1779411, *6 (E.D. Mich. 2006).

Mikohn does not seek to avoid liability by claiming it is excused from performing because of the occurrence or non-occurrence of a condition. Under Rhode Island law, however, good faith obligations pertain only to efforts to bring about the occurrence or non-occurrence of a condition. 1800 Smith Street Associates, 888 A,2d at 56. Therefore, Mikohn's good or bad faith is not a controlling issue in the case.

If the jury agrees with Hasbro's interpretation, then Hasbro may receive damages. Conversely, if the jury agrees with Mikohn's interpretation, then there has been no breach

of contract. And "by definition," if there has been no breach of contract, then there has been no breach of the covenant of good faith and fair dealing. Hord Corp., 275 F.Supp.2d at 237-38. To inundate the jury with irrelevant concepts of good and bad faith surely would distract them from their ultimate goal, which is to determine what the parties contemplated at the time the agreements were executed.

Moreover, a bad faith instruction could only serve to unfairly prejudice Mikohn. Hasbro's tack throughout this litigation has been to attempt to portray Mikohn as an unscrupulous business partner. Hasbro lost that bid when it could not produce any evidence to support its fraud claim. See Summary Judgment Decision at 21 (granting summary judgment on Hasbro's fraud claim). Indeed, Hasbro's fraud claim failed because its evidence fell "short of establishing an issue of fact as to whether Mikohn made a false representation." Id. at 20. Similarly, Hasbro's proposed instruction on "bad faith" requires "**that the plaintiff relied upon the defendant's promises**." Hasbro's Proposed Jury Instructions at 20. Hasbro could not establish "a false representation" to support its fraud claim. Nor can it establish a bad faith "promise" for the purpose of establishing a breach of the covenant of good faith.

It is apparent that Hasbro's requested "bad faith" instruction is nothing more than a thinly veiled ploy to resurrect its fraud claim. Hasbro has plainly offered its bad faith instruction to acquire a platform to attempt to sway the jury to accept its interpretation by tarnishing Mikohn's image. A bad faith instruction in this case (where the dispute is over contract interpretation rather than the occurrence of a condition) would provide the jury with an opportunity to return a verdict based on a like or dislike of a party, rather than the

facts. Accordingly, this Court should not issue any instruction concerning the covenant of good faith and fair dealing.

### C. Hasbro's Proposed Bad Faith Instruction Does Not Correctly Explain the Law of Bad Faith in Rhode Island

Even if this Court were inclined to issue a bad faith instruction, Hasbro's suggested instruction does not accurately reflect Rhode Island law. Hasbro asks this Court to instruct the jury that:

> If you find that the plaintiff relied upon the defendant's promises and performed his side of the contractual bargain in good faith, **you may hold the defendant to the terms of the contract as understood by the plaintiff even of those terms were not offered by the defendant**.

Hasbro's Proposed Jury Instructions at 20 (emphasis added). This statement is not supported by Rhode Island law.[3] Rhode Island law is clear – a breach of the covenant of

[3] Hasbro apparently lifted its proposed instruction from the 2003 Model Civil Jury Instructions for Rhode Island ("Model Instructions") prepared by a five-member subcommittee of the Rhode Island Bar Association's Bench/Bar Committee. The Model Instructions are not controlling, however. Indeed, the Statement of Purpose contained in the Model Instructions specifies that:

> These instructions have neither been adopted by nor received any formal approval of the Supreme or Superior Courts of Rhode Island. Thus, they represent only the subcommittee's research and analysis of what is current Rhode Island law. Accordingly, a trial justice's failure to use these instructions or their exact language will not be error in and of itself.

Given the Model Instructions' explicit disclaimer, Hasbro cannot cite them as being substantively authoritative. Indeed, multiple courts have recognized that model jury instructions are not binding. See, e.g., Lebowski v. City of Southfield, 2006 WL 1452098, *6 n.6 (E.D.Mich. 2006) ("[C]ertain Michigan model jury instructions [purportedly reflect] a different legal standard[.] Defendants correctly points out that these instructions are not intended as binding authority, but merely purport to summarize the relevant case law-including, of course, the decisions cited by Defendants and relied

good faith and fair dealing gives rise to contract damages. While the Rhode Island Courts may effectively deem a condition waived if the defendant fails to perform in good faith, no Rhode Island case has rewritten the terms of the contract to alter the essence of the bargain.

Rhode Island law has declined to extend damages for breach of the duty of good faith beyond expectation damages. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. at 403 ("[P]unitive damages are not available for defendant's alleged breach of contract or for defendant's alleged breach of the covenant of good faith and fair dealing because those violations do not give rise to independent torts."). The cases Hasbro cites do not come remotely close to suggesting that a breach of the covenant of good faith may allow the non-breaching party to recover based on an interpretation that in fact was "not offered by the defendant." See Mangla v. Brown University, 135 F.3d 80, 84 (1st Cir. 1998)(finding that university had not acted in bad faith when it denied student's admission to computer science program because Computer Science Department refused to recommend the student – a condition for admission – due to poor work habits); Centerville Builders, Inc. v. Wynne, 683 A.2d 1340 (R.I. 1996)(finding that no implied duty of good faith and fair dealing could attach because no contract had formed).

Hasbro can point to no Rhode Island law that would permit a complete rewriting of the essential contract terms – which is what its proposed jury instruction suggests in this context. Accordingly, Hasbro's bad faith instruction misstates the law. The issue is and always will be the interpretation of the royalty provision. Bad faith has no bearing on the interpretation of the agreements and Hasbro should not be permitted to use a

---

upon by the Court in this case."); People v. Runnion, 36 Cal.Rptr.2d 203, 206 (Cal. App. 1994)).

clumsy and inaccurate statement of Rhode Island law to divert the jury's attention from the interpretation of the agreements.

**CONCLUSION**

Hasbro's proposed jury instructions on "Contract Defined", "Mutuality of Agreement", and "Mutuality of Obligation" are all geared to the issue of whether a contract was formed. Here, there is no dispute that a contract was formed; the meaning of that contract is what is at issue. Permitting Hasbro to introduce these irrelevant instructions can only serve to mislead the jury and confuse the issues.

Hasbro's proposed jury instruction on "Obligation of Dealing in Good Faith" does not have any logical bearing on the outcome of this case because Mikohn's alleged motives have no bearing on the only relevant issue in this case: the meaning of the royalty provisions. Thus, the bad faith instruction can only confuse the issue of interpretation. Moreover, the instruction that Hasbro has proposed is legally unsound, particularly with respect to the circumstances of this case.

WHEREFORE, defendant Mikohn asks that this Court reject Hasbro's proposed jury instructions on "Contract Defined," "Mutuality of Agreement", "Mutuality of Obligation" and "Obligation of Dealing in Good Faith."

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: August 24, 2007

CERTIFICATE OF SERVICE

TO:

Todd White, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

I hereby certify that I caused the above Memorandum In Support of Defendant Mikohn Gaming Corporation's Objection to Hasbro's Proposed Jury Instructions to be served electronically on the above named counsel of record this 24th day of August, 2007.

/s/ Brooks R. Magratten