UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 05-0106/S |
| MIKOHN GAMING CORP., Defendant. | ) | |

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF THE ATTORNEY GENERAL'S OPINION LETTER AND ACCOMPANYING DOCUMENTATION**

NOW COME Plaintiffs Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and hereby move in limine to preclude introduction or admission into evidence a Nevada Attorney General's "Opinion Letter" and any supporting data attached thereto.

Defendant has indicated its desire to pursue its "illegality defense" (asserting that the Agreements between Hasbro and Mikohn were in contravention of Nevada law and thus void *ab initio*) despite the fact that the parties entering into an agreement are presumed to have entered into a legal arrangement/agreement. ("[T]he law will not presume an agreement void as illegal or against public policy when it is capable of a construction which would make it consistent with the laws and valid." Mendelsohn v. A & D Catering, 119 Misc.2d 581, 585 (N.Y. Sup. Ct. May 24, 1983; A contract must be construed in a manner consistent with the presumption that the parties to the contract intended an agreement that was legal rather than illegal. Pratt v. American Bell Telephone Co., 5 N.E. 307, 309 (Mass. 1886)).

In this case, the exact language of the two Agreements in question was reviewed by Joe Lombardo of the Nevada Corporate Securities Division, on behalf of the NGCB,

and approved. (See, "Plaintiffs' Memorandum of Law in Support of Plaintiffs' Objection to Defendant's Motion for Summary Judgment", at p. 7.) Now the Defendant wants to pretend that approval never took place.

If allowed to pursue this defense (despite the Court's respective Orders to the contrary subsequent to the Defendant's Motion to Dismiss and Motion for Summary Judgment), Plaintiffs are concerned the Defendant will attempt to introduce into evidence a letter from Mike Wilson, a former Nevada Assistant Attorney General, to Scott Scherer, as well as some mathematical computations performed by Mr. Streshley. As this Court will recall, Mr. Wilson provided an opinion on the merits of the payment methodology utilized in the Agreements at issue. Such a letter and any enclosures are clearly hearsay and should be precluded on that ground alone.

Moreover, this letter is not and cannot be an official pronouncement by the Attorney General. Rather, as this Court has pointed out, it is an opinion letter written in the form of an attorney-client communication at the request of a single member of the Nevada Gaming Control Board. Scott Scherer, the member in question, worked in a prosecutorial and investigative capacity under the Nevada Gaming Commission. The Nevada Gaming Control Board neither makes law, issues licenses nor makes a determination of legality. Therefore, an unofficial assessment by an Assistant Attorney General which has no binding authority as to the efficacy of any of these Agreements, as may or may not relate to Nevada statute, will only serve to confuse a jury about the issues it will be charged to determine. This applies equally to any information utilized in support of that letter such as Mr. Streshely's mathematical calculations.

On the two occasions in which this very issue has been briefed, argued and fully presented to the Court (including the specifically referenced documents, expert reports, expert depositions, statutory provisions and affidavits), the Court has made a determination, as a matter of law, that the Agreements were not *per se* illegal. Therefore, this particular defense having been resolved, these patently hearsay documents are irrelevant.

Mikohn has indicated the possibility to the Court that it may present evidence in the form of the negotiations that took place between the parties. Mikohn has asserted that such evidence may ostensibly bear on whether or not the fixed tiered provision too closely mimicked a percentage of winning – purportedly to establish "illegality". However, even if the Court allows such evidence, the Agreements that were entered into – the actual language and words – have already been determined not to be illegal under the Nevada statute. Therefore, any such negotiations should be inadmissible for the purpose of attempting to establish the illegality defense.

WHEREFORE, Hasbro requests the preclusion of the Attorney General's "Opinion Letter" and any documentation that was accompanying or referenced in that letter on the basis that it is not relevant to the inquiry before this Court, it is hearsay and it only will serve to confuse the trier-of-fact.

For the Plaintiffs
Defendants-in-Counterclaim,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

*/s/ Todd D. White*

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2007, I electronically filed the attached document with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*/s/ Todd D. White*

*427430_1.doc*