UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 05-0106/S |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO PRECLUDE AND/OR REQUEST A DAUBERT HEARING**

NOW COME Plaintiffs Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and hereby move to preclude the testimony of Defendants' experts, Michael Rosten and Ralph Piercy and/or request a Daubert Hearing.

In support of this Motion, Plaintiffs attach the following Memorandum of Law.

For the Plaintiffs
Defendants-in-Counterclaim,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

*/s/ Todd D. White*

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

CERTIFICATE OF SERVICE

I hereby certify that on this 4TH day of September 2007, I electronically filed the attached document with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*/s/ Todd D. White*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 05-0106/S |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION TO PRECLUDE AND/OR REQUEST A DAUBERT HEARING**

Defendant, Mikohn Gaming Corporation ("Mikohn") has indicated that both Mr. Michael Rosten and Mr. Ralph Piercy will testify as accounting experts in this trial. Mr. Rosten will purportedly testify about what licensing royalty amount Hasbro owes Mikohn for the use of Mikohn's Caribbean Stud Poker Trademark in Hasbro's Tiger Handheld Casino Poker Game. Mr. Piercy will purportedly testify about the royalty calculations and payment methodology utilized by Mikohn in paying royalties under the original Yahtzee and Battleship License Agreements.

It is the Plaintiffs' contention that both experts lack the requisite experience in the particularized endeavor for which they will be presented. Mr. Rosten lacks sufficient background in determining reasonable industry-standard licensing royalty rates in order to provide reliable testimony to assist the jury in their fact-finding mission. With respect to Mr. Piercy, if Defendant asserts that Plaintiffs' expert Michael Tousignant lacks the requisite qualifications and experience to offer his opinion on the royalty calculations and payment methodology utilized by Mikohn in paying royalties under the original Yahtzee

and Battleship License Agreements, then Mr. Piercy stands no more qualified to do the same.

## STANDARD

Pursuant to Rule 104 of the Federal Rules of Evidence, Hasbro seeks a determination of this Court concerning the qualifications of Mr. Rosten and Mr. Piercy to serve as expert witnesses in this matter. "A party makes a proper Motion for a Daubert hearing only when the parties sufficiently alert the trial justice of the … issue at stake by presenting an affidavit or an offer of proof to substantiate the claim that the opposing parties propose expert testimony [is] … invalid. Roe v. Gelineau, 794 A.2d 476, 483 (RI 2002); DiPetrillo v. Dow Chemical Co., 729 A.2d 677, 683 (RI 1999). The gate keeping duties of a judge apply "not only to testimony based on scientific knowledge but also to testimony based on technical and other specialized knowledge." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141, 119 S.Ct. 1167, 1171 (1999). "An individual need not hold a particular license, title or certificate in a specialized field to testify as an expert; he or she need only possess knowledge, skill, experience, training or education that can deliver a helpful opinion to the fact finder." DiPetrillo, 729 A.2d 686, citing Owens v. PayLess Cashways, Inc., 670 A.2d 1240, 1244 (RI 1996).

## MICHAEL ROSTEN

Hasbro moves to preclude the testimony of Michael Rosten. Based on Mr. Rosten's expert report and his deposition testimony, he is going to provide purported expert testimony on the amount of money Hasbro owes Mikohn for trademark infringement utilizing Mikohn's "Caribbean Stud Poker" trademark in Hasbro's handheld casino poker game. Pursuant to § 1117 of Title 15 of the United States Code, Mikohn is

entitled to Hasbro's profits on the product in question; any damages sustained by Mikohn; and the costs of the action. If the Court finds the amount of recovery based on profits is either inadequate or excessive the Court may enter judgment for such sum as the court shall find to be just, according to the circumstance of the case. Id. The Court in exceptional cases may award reasonable attorney's fees to the prevailing party. Id. Mr. Rosten asserted damages based on lost profits and/or a reasonable royalty rate within the given industry. However, at his deposition, Mr. Rosten testified that he had never been retained to testify about lost profit in the toy industry. (See Exhibit 1, Deposition at p. 24, l. 15). In fact, he has never performed any accounting in the toy industry. (See Exhibit 1, Deposition at p. 25, l. 1). Mr. Rosten admitted he doesn't know what reasonable license rates are in the toy industry (see Exhibit 1, Deposition at p. 25, l. 11) nor is he aware of the general rates for the use of intellectual property in the toy industry. (See Exhibit 1, Deposition at p. 26, l. 1).

Mr. Rosten did not possess certain rudimentary knowledge fundamental to performing any infringement calculation. After issuing his report (and at the time of his deposition), Mr. Rosten was not aware of the number of different poker games Hasbro's product incorporated. (See Exhibit 1, Deposition at p. 29, l. 8). Mr. Rosten didn't know if the product in question had two, three or more poker games which could be played with it. (See Exhibit 1, Deposition at p. 30, l. 11). Such basic information is indispensable in determining a reasonable royalty rate.

Mr. Rosten also testified that Hasbro's company wide profit (he did not specify whether it was the profit of Hasbro International, Inc., Hasbro, Inc. or both companies combined) in a given year is an important factor to be considered when determining the

reasonable IP royalty rate to be placed on a toy like the handheld casino poker game. (See Exhibit 1, Deposition at p. 56, l. 20). Mr. Rosten went so far as to opine that although Plaintiffs' gross sales of the handheld casino game totaled $385,793.00, Plaintiff should be required to pay Mikohn $310,888.00 (or 80% of "gross" sales) for its trademark infringement. (See Exhibit 1, Deposition at p. 61, l. 12). Mr. Rosten's methodology is inconsistent with any conceivable calculus of royalty payments - not only within the toy industry - but in any other industry, too.

Because Mr. Rosten has no experience in the toy industry and because his method of calculation is a wholly unacceptable method of calculating royalty payments in any known industry, his testimony cannot properly inform the jury. In fact, such testimony can only improperly confuse the jury. Without a basis for credible calculations, Mr. Rosten's testimony should not be allowed.

**RALPH PIERCY**

Although Mr. Piercy has a bachelor's degree in Business Administration from the University of Nevada, Las Vegas, he is not a Certified Public Accountant. Mr. Piercy purportedly has done accounting in various iterations in the gaming industry. When deposed, Mr. Piercy conceded that he has never assessed a case involving a licensor's (such as Hasbro) interpretation of per game per day. (See Exhibit 2, Deposition at p. 14.) If Mikohn takes the position that Michael Tousignant is not qualified to present testimony about the meaning of the calculation methodology in the subject Agreements, then the same standard must be applied to Mr. Piercy.

Specifically, Mr. Piercy testified in his deposition that the term per game per day is a metric used in the gaming industry. (See Exhibit 2, Deposition at p. 13, l. 20.) Then

Mr. Piercy testified that the term "game" in these Agreements meant the entire brand "Yahtzee" or the entire brand "Battleship." (See Exhibit 2, Deposition at pp. 24-26, l. 32.) However, Mr. Piercy's testimony is directly in contravention to the language in the Agreements, themselves, which specify that Yahtzee or Battleship is identified by the term "name" not game. Additionally, Mr. Piercy's opinion is also contradicted by memoranda drafted by Charles McCrea, prior to the execution of the Agreements, in which he indicates that "game" specifically means slot machine. Further, at deposition, both Mr. McCrea and Don Stevens, the former CFO of Mikohn, testified that "game" in this agreement meant slot machine. Therefore, Mr. Piercy's purported testimony about trade usage in industry standard is in direct contravention to that of the principals of Mikohn. With that as a predicate, Hasbro would move to preclude the testimony of Mr. Piercy on the issue of contract interpretation in these Agreements.

WHEREFORE, Plaintiffs respectfully request that the preclusion of both the aforementioned experts and/or a Daubert hearing on each prior to being offered up as witnesses by Defendant's counsel.

For the Plaintiffs
Defendants-in-Counterclaim,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

*/s/ Todd D. White*

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2007, I electronically filed the attached document with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system:

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Michael Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*/s/ Todd D. White*

*427433_1.doc*