UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 05-0106/S |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF HASBRO'S BAD FAITH EVIDENCE OR IN THE ALTERNATIVE TO BIFURCATE THE ISSUE OF BAD FAITH FROM THE CONTRACT CLAIM**

On September 4, 2007 Defendant Mikohn Gaming Corp. ("Mikohn") filed seven motions in limine, seeking, *inter alia*, to prevent Hasbro from introducing virtually any evidence that would be prejudicial to Mikohn. Among these motions was a Motion in Limine to Preclude the testimony of Larry Ruhe, Tom Haas, Dennis Van Hook and John Garner ("Motion to Preclude"). On September 7, 2007 Hasbro filed objections to each of these motions, including the Motion to Preclude. On September 10, 2007 this Court ruled on each of the motions, and in particular, denied the Motion to Preclude. On September 12, 2007, less than three business days from opening statements in the trial of this matter, Mikohn filed a 19-page Motion for Reconsideration of Hasbro's Bad Faith Evidence or in the Alternative to Bifurcate the Issue of Bad Faith from the Contract Claim ("Motion for Reconsideration"). Shakespeare said it best in *Hamlet* "The lady doth protest too much, methinks." *Hamlet*, III, ii, 242. The vigilant effort on the part of Mikohn to prevent the jury from hearing the testimony of its own employees about their conduct with respect to the contract at issue is both transparent and without merit. This

Court was correct when it denied Mikohn's Motion to Preclude, and it should also deny this Motion to Reconsider.[1]

**I. <u>Evidence of Bad Faith Is Relevant Because The Covenant of Good Faith and Fair Dealing Is Meant to Protect the Intentions of the Parties</u>**

Regardless of the outcome of the question what type of calculation of royalty payments is required by the terms of the contract, if the intent of the parties at the time of the contract was that the theory now espoused by Hasbro should be applied, and Mikohn, knowing the intent, used another calculation method, then Mikohn acted in bad faith, and therefore breached the contract. Therefore, even if the language of the contract were to be determined to clearly and unambiguously call for the calculation method used by Mikohn, evidence that Mikohn knew that the intent of the parties differed from the manner in which it performed would prove bad faith, protect the intentions of the parties, and render Mikohn liable for breach of contract.

Mikohn relies principally on *Hord Corp. v. Polymer Research Corp. of America*, 275 F. Supp. 2d 229 (D.R.I. 2003), to support its argument that evidence of bad faith is irrelevant in this case. However, Mikohn fails to take into account the factual distinctions in *Hord*, and, nevertheless, misapplies the law of that case.

In *Hord*, the court was faced with a situation in which a contract term it found to be clearly contemplated by the parties – a sole right in one of the parties to terminate the contract – was performed in bad faith. *Hord*, 275 F. Supp. 2d at 236. Thus, in that case, the duty of good faith and fair dealing applied such that the performance of one of the parties required a degree of discretion, and that party, therefore was required to exercise that discretion in good faith. *Id.* Mikohn interprets this to mean that questions of good

[1] In addition to the arguments made herein, Hasbro incorporates by reference all of the arguments previously made in its Opposition to Mikohn's Motion to Preclude.

and bad faith can only be undertaken after a determination of the meaning of contract terms, and therefore is irrelevant in this case. Such an interpretation is simply incorrect.

"Rhode Island has adopted the covenant [of good faith and fair dealing] in order to ensure that contractual objectives are achieved." *Hord*, 275 F. Supp. 2d at 237. Thus the covenant exists in order to preserve the intentions of the parties. To agree with Mikohn that questions of good and bad faith are irrelevant to discerning the meaning of disputed contract terms would mean that a party to a contract who arrives at an agreement on the intentions of the parties, could then act in a manner it knows to be incongruous with that agreement, and then later exclude evidence of the initial agreement on the grounds that it is irrelevant. Such a result would only serve to frustrate the primary goal of contract interpretation – to honor the intentions of the parties. *See Vickers Antone v. Vickers*, 610 A.2d 120, 124 (R.I. 1992) ("He applied the correct rules of contract interpretation when he construed the evidence presented to determine the meaning of the language in paragraph 4, as a trial justice's primary task is to ascertain the intent of the parties.").

In the instant matter, Hasbro seeks to present evidence that tends to show what the "contractual objectives" were with regard to the calculation of royalty payments. *See Hord*, 275 F. Supp. 2d at 237. This Court has already determined that this evidence should be admitted on the issue of Mikohn's bad faith. Mikohn has now attempted – but failed – to show that questions of good and bad faith are not pertinent in contract interpretation. However, "[t]he purpose of the covenant of good faith and fair dealing is to protect the parties' objectives and reasons for entering into a contract." *Hord*, 275 F. Supp. 2d at 238. Furthermore, to exclude evidence of bad faith in questions of contract

interpretation would be to allow a party, unhappy with the bargain struck, to act contrary to the agreed upon intentions, and then exclude evidence of those original intentions. Therefore, Mikohn has not presented any argument sufficient for this Court to reconsider its original order allowing the testimony of the former Mikohn employees on the issue of bad faith. As such, this Court should deny Mikohn's Motion to Reconsider.

## II. **Proof that Mikohn Acted in Bad Faith Gives Rise to a Claim to Recover Attorneys' Fees Under Gen. Laws 1956 § 9-1-45, thus Evidence of Bad Faith is Relevant and Should be Admitted**

The issue of a violation of the covenant of good faith and fair dealing also has relevance with respect to the remedies available to Hasbro – in particular whether the Hasbro is entitled to an award of attorneys' fees pursuant to G.L. 1956 § 9-1-45. That statute provides for the award of attorneys' fees when "the court . . . [f]inds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." § 9-1-45.

In *Kells v. Town of Lincoln*, 874 A.2d 204, 214-15 (R.I. 2005), the Rhode Island Supreme Court upheld an award of attorneys' fees when the town violated the covenant of good faith and fair dealing by knowingly terminating a police chief without cause despite the fact that the employment contract provided for termination only upon a finding of just cause. The award of attorneys' fees was justified because the town administrator knew that her actions were contrary to the contract. *Id.*

Proof that the Mikohn knew that the intention of the parties with regard to the royalty schedule at the time of the drafting of the contract was contrary to the manner in which Mikohn paid royalties sets up a situation similar to *Kells*, insofar as one party to the contract is acting in a way it knows to be contrary to the agreement between the

parties. *See Kells*, 874 A.2d at 214-15. Therefore, because Mikohn's violation of the covenant of good faith and fair dealing could give rise to an award of attorneys' fees under § 9-1-45, evidence tending to show that Mikohn acted in bad faith is relevant with regard to Hasbro's remedies, and should be admitted.

### III. **Bifurcation of the Trial Is Inappropriate And Unnecessary When Dealing With the Contract Claim of a Violation of the Covenant of Good Faith and Fair Dealing**

Mikohn raises its argument for bifurcation for the first time in its Motion to Reconsider. Because Mikohn failed to raise bifurcation in its Motion to Preclude, it has waived this argument. However, assuming *arguendo,* that Mikohn has not made such waiver, this argument fails as a matter of law.

Mikohn misapplies that law and overstates that meaning of the cases it cites when it argues that bifurcation is necessary if the bad faith issue is to be heard. All of the cases cited by Mikohn are questions of insurer bad faith. *See Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1000 (R.I. 2002) ("the plaintiff . . . filed a . . . complaint . . . alleging . . . insurer bad faith . . ."); *Bartlett v. John Hancock Mut. Life Ins. Co.*, 538 A.2d 997, 997 (R.I. 1988) ("The plaintiff alleged that the defendant both breached its duty under a contract of life insurance and acted in bad faith . . ."); *Corrente v. Fitchburg Mut. Fire Ins. Co.*, 557 A.2d 859, 861 (R.I. 1989) ("The second count sought punitive damages based upon the company's bad faith in its refusal to honor its contract of insurance."). A claim of insurer bad faith sounds in tort under Rhode Island law. *Metropolitan Property and Cas. Ins. Co. v Barry*, 892 A.2d 915, 925 (R.I. 2006) ("Insurers must deal with their insureds in good faith and by fair dealing and must have a lawful basis to deny the claim or be subject to tort liability for bad faith.") (emphasis added). Thus, to cite these cases

as requiring bifurcation in a case that deals with the covenant of good faith and fair dealing – a contractual covenant – is inapposite.

Furthermore, Mikohn's contention that bifurcation is required is refuted by the very language it quotes in its memorandum. The language quoted reads as follows: "in an appropriate case, a bifurcated trial may be a useful alternative." *Skaling*, 799 A.2d at 1010. Similarly, Mikohn quotes *Mello v. DaLomba*, 798 A.2d 405, 408 (R.I. 2002), as saying "this Court approves of bifurcation when to do otherwise may invite confusion or unfair prejudice." Neither of these pronouncements even suggests that a court lacks the discretion to determine whether a trial should be bifurcated. Rather, a court has discretion to bifurcate a trial if the danger of confusion or unfair prejudice is present. *Id*. In this case, the issues of contract interpretation and bad faith are clear and distinct, and no such danger is exists. Therefore, because the authority cited by Mikohn is inapposite, and because there is no danger of confusion or unfair prejudice, this Court should not bifurcate the trial for separate determination of the contract interpretation question and the bad faith question.

## **CONCLUSION**

For the reasons set forth above, as well as those articulated more particularly in Hasbro's Opposition to Defendant's Motion to Preclude, this Court should deny Mikohn's Motion to Reconsider.

For the Plaintiffs
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

/s/ Jeffrey K. Techentin_____
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Date: September 14, 2007

CERTIFICATE OF SERVICE

**TO:**

Brooks R. Magratten, Esq.
Gordon Cleary, Esq.
Thomas Connolly, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

J. Gregory Whitehair
Gibson, Dunn & Crutcher, LLP
1801 California Street
Suite 4200
Denver, Colorado 80202

I hereby certify that I filed the within Plaintiffs' Response in Opposition to Defendant's Motion for Reconsideration of Hasbro's Bad Faith Evidence or in the Alternative to Bifurcate the Issue of Bad Faith from the Contract Claim through the ECF system on the 14th day of September, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin_____

*428894_1.doc*