UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., et al., | ) | |
| Plaintiffs | ) | C.A. No. 05-0106/S |
| | ) | |
| v. | ) | |
| | ) | |
| MIKOHN GAMING CORP., | ) | |
| Defendant | ) | |

SUPPLEMENTAL MEMORANDUM

1. The Stevens Transcript

Mikohn submitted to the Court an original Stevens transcript with Mikohn objections in red, and a color copy of the original. The Stevens transcript discussed during the chambers conference – which showed a red objection on page 33 cropped so as to be unreadable – was the color copy. The color copy may well have also cropped objections in the margins of pages 37 and 50. The original Stevens transcript should show fully the objections on pages 33, 37 and 50.

2. The McCrea Transcripts

The first McCrea deposition, on December 1, 2005, was taken at a time when Mr. McCrea was involved in litigation against Mikohn. He was subpoenaed for that deposition. In the second McCrea deposition, taken on August 23, 2006, he appeared as a 30(b)(6) witness.

3. The Former Mikohn Employees

Dennis Van Hook's employment terminated February 1, 2005, when he was a cost accountant. Thomas Haas' last position at Mikohn was Director of Finance. His employment terminated March 5, 2004. Larry Ruhe worked in accounting and

gaming operations at Mikohn. His employment terminated June 4, 2004. John Garner worked in finance at Mikohn. His employment terminated January 31, 2004, at which time he was Chief Financial Officer.

4. Vicarious Admissions

Parties wishing to introduce statements as vicarious admissions must "establish, by a preponderance of the evidence, (1) that an agency relationship existed; (2) that the statements were made during the course of the relationship; and (3) that the statements relate to matters within the scope of the agency." Gomez v. Rivera Rodriguez, 344 F.3d 103, 116 (1st Cir. 2003) (emphasis added).

The scope of the agency cannot be proven "solely by the unsupported out-of-court statements of the claimed agent ... [which] are not alone sufficient to establish the declarant's authority." Id., quoting F.R.E. 801(d)(2). Statements made "solely to advance [the declarant's] own interests" are not statements concerning a matter within the scope of the agency. Barner v. Pilkington North America, Inc., 399 F.3d 745, 750 (6th Cir. 2005).

/s/ Gordon P. Cleary
Brooks R. Magratten, Esq., #3585
Gordon P. Cleary, Esq., #1948
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
gcleary@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: September 14, 2007

CERTIFICATE OF SERVICE

To:

Todd D. White, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

I hereby certify that I electronically filed this Supplemental Memorandum on September 14, 2007. The Supplemental Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary